**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| _____ ) | |
| ) | |
| In Re: ) | Civ. No. 1:18-cv-00183-LMB-MSN |
| ) | |
| Youri Beitdashtoo ) | |
| ) | Case No. 11-16702-BFK |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| ) | |
| Youri Beitdashtoo ) | |
| Appellant, ) | |
| v. ) | |
| ) | |
| Nationwide Registry & Security, Ltd., ) | |
| Appellee. ) | |
| _____ ) | |

APPENDIX TO
<u>BRIEF OF APPELLANT</u>

Daniel M. Press, VSB #37123
dpress@chung-press.com
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
(703) 734-0590 [facsimile]
Counsel for Debtor/Appellant

# TABLE OF CONTENTS

Transmittal …………………………………………………………… 1

Docket Entries ………………………………………………………… 2

Petition ……………………………………………………………….. 18

Notice of Conversion ………………………………………………… 44

Order Upon Conversion ……………………………………………… 49

Motion for Relief from Stay ………………………………………….. 50

Order Granting Motion for Relief …………………………………… 58

Discharge ……………………………………………………………... 60

Order Discharging Trustee and Closing Case …………………………… 65

Motion To Reopen And For Sanctions For Contempt Against
Nationwide Registry & Security Ltd. For Violation Of The
Discharge Injunction Pursuant To 11 U.S.C. §§ 105 And 524 …………. 66

its Order Granting Debtor's Motion To Reopen Case, Granting
In Part And Denying In Part Debtor's Motion For Sanctions
And Setting Hearing …………………………………………………… 150

Notice of Appeal ……………………………………………………... 163

Designation of Record ………………………………………………. 178

Proof of Claim ……………………………………………………….. 180

Proof of Claim ……………………………………………………….. 189

The transcript was filed separately and is not included in the Appendix
because it is still subject to the temporary bar on public access.

**United States Bankruptcy Court**
**Eastern District of Virginia**
Alexandria Division

In re:    Youri Beitdashtoo

Case No. 11-16702-BFK

Adv. Proceeding No.

Civil Action No. 1:18-cv-00183-LMB-MSN

Debtor(s)

**TRANSMITTAL OF RECORD ON APPEAL TO DISTRICT COURT**

Pursuant to 28 U.S.C. §158, Notice of Appeal was filed on February 7, 2018 and transmitted on February 16, 2018 .

1. (✓) Order/Judgment, Docket Record, Designation(s) [if any], and Items Designated
2. (✓) Copy of restricted transcript(s), if designated, included as separate electronic file(s)
3. (  ) Copies of exhibits, if designated, included as a separate file(s): ___ electronic and/or ___ conventional, on paper
4. (  ) Copies of exhibits designated by Appellant/Appellee, filed conventionally, have not been submitted pursuant to FRBP 8009 and LBR 8009-1
5. (  ) Other Documents

6. (  ) No Designation of Record on Appeal filed (See Certification Below)

WILLIAM C. REDDEN, Clerk of Court

Date: April 05, 2018

By /s/ Sherri Stewart , Deputy Clerk

...............................................................................................................................................................

**CERTIFICATION TO APPELLATE COURT**

It is hereby certified that the designation of record required by Federal Rule of Bankruptcy Procedure 8009 and Local Bankruptcy Rule 8009-1 has not been filed within 14 days after the filing of the notice of appeal.

WILLIAM C. REDDEN, Clerk of Court

By: , Deputy Clerk

...............................................................................................................................................................

**RECEIPT OF EXHIBITS BY DISTRICT COURT [if applicable]**

The undersigned deputy clerk of the U. S. District Court, Eastern District of Virginia, hereby acknowledges receipt of one or more exhibits from the U.S. Bankruptcy Court, which are submitted conventionally, on paper, to be made a part of the Record on Appeal in Civil Action No. .

Date:

By: , Deputy Clerk

[transeapp ver. 12/14]

1

**Assets, Appeal**

# U.S. Bankruptcy Court
## Eastern District of Virginia (Alexandria)
### Bankruptcy Petition #: 11−16702−BFK

|  |  |
|---|---|
| | *Date filed:* 09/13/2011 |
| *Assigned to:* Brian F. Kenney | *Date converted:* 03/22/2012 |
| Chapter 7 | *Date reopened:* 01/25/2018 |
| Previous chapter 13 | *Debtor discharged:* 08/15/2012 |
| Voluntary | *341 meeting:* 04/30/2012 |
| Asset | *Deadline for objecting to discharge:* 06/29/2012 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| ***Debtor*** | represented by **Nathan A. Fisher** |
| **Youri Beitdashtoo** | 3977 Chain Bridge Road, #2 |
| 4054 41 Street, N. | Fairfax, VA 22030 |
| Mc Lean, VA 22101 | (703) 691−1642 |
| FAIRFAX−VA | Fax : (703) 691−0192 |
| SSN / ITIN: xxx−xx−1899 | Email: Fbarsad@cs.com |
| | |
| | **Daniel M. Press** |
| | Chung & Press, P.C. |
| | 6718 Whittier Ave., Suite 200 |
| | McLean, VA 22101 |
| | (703) 734−3800 |
| | Fax : (703) 734−0590 |
| | Email: dpress@chung−press.com |
| | |
| ***Trustee*** | |
| **Thomas P. Gorman** | |
| 300 N. Washington St. Ste. 400 | |
| Alexandria, VA 22314 | |
| (703) 836−2226 | |
| *TERMINATED: 03/29/2012* | |
| | |
| ***Trustee*** | represented by **Donald F. King** |
| **Donald F. King** | Odin, Feldman & Pittleman |
| 1775 Wiehle Avenue, Suite 400 | 1775 Wiehle Avenue, Suite 400 |
| Reston, VA 20190 | Reston, VA 20190 |
| (703) 218−2100 | (703)218−2100 |
| | Fax : (703) 218−2160 |
| | Email: donking@ofplaw.com |
| | |
| | **Donald F. King** |
| | 9302 Lee Highway, Suite 1100 |
| | Fairfax, VA 22030 |
| | (703) 218−2100 |
| | Fax : (703) 218−2160 |
| | Email: Kingtrustee@ofplaw.com |
| | *TERMINATED: 10/22/2014* |
| | |
| | **James W. Reynolds** |
| | Odin, Feldman & Pittleman |
| | 1775 Wiehle Avenue, Suite 400 |

Reston, VA 20190
(703) 218−2134
Fax : (703) 218−2160
Email: jim.reynolds@ofplaw.com
*TERMINATED: 08/22/2014*

**U.S. Trustee**
**United States Trustee R4_CH7**, VA

| Filing Date | # | Docket Text |
|---|---|---|
| 09/13/2011 | 1 | Voluntary Petition under Chapter 13 Filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 09/13/2011 | 2 | Certificate of Credit Counseling filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 09/13/2011 | 3 | U.S. Treasury receipt of Voluntary Petition under Chapter 13(11−16702) [misc,1188] ( 274.00) filing fee. Receipt number 12818741, amount $ 274.00. (U.S. Treasury) |
| 09/14/2011 | 4 | Meeting of Creditors: 10/18/2011, 01:30 PM, Office of the U.S. Trustee, 115 South Union Street, Suite 206, Alexandria, Virginia. Proofs of Claim due by 01/17/2012. Government Proofs of Claim due by 03/12/2012. Confirmation hearing: 11/09/2011, 09:30 AM, Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. Interim Trustee: Thomas P. Gorman. |
| 09/14/2011 | 5 | LBR 1007−1 Schedule(s) and/or Statement and 3015−2 Chapter 13 Plan and Related Motions Deficiency; Plan Due 9/27/2011. Incomplete Filings due by 9/27/2011. (Stewart, Sherri) |
| 09/16/2011 | 6 | Motion for Relief from Stay Re: 4054−41st, McLean, VA filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 10/5/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Vaughn, Robert) |
| 09/16/2011 | 7 | Notice of Hearing *on Motion for Relief from Stay* (Re: related document(s)6 Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Youri Beitdashtoo. Hearing scheduled 10/5/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Vaughn, Robert) |
| 09/16/2011 | 8 | Notice of Meeting of Creditors (Re: related document(s) 4 Auto Assign Meeting of Creditors Chapter 13) (Admin.) (Entered: 09/17/2011) |
| 09/16/2011 | 9 | Notice of Electronic Filing Procedure (Admin.) (Entered: 09/17/2011) |
| 09/16/2011 | 10 | Notice of LBR 1007−1 and LBR 3015−2 Deficiency (Re: related document(s) 5 LBR 1007−1, and/or 1007−3, and/or 3015 Case Filing/Plan Deficiency) (Admin.) (Entered: 09/17/2011) |
| 09/16/2011 | 11 | Notice of Requirement to Complete Course in Personal Financial Management and to File Certification. (Admin.) (Entered: 09/17/2011) |
| 09/20/2011 | 12 | |

3

| | | | |
|---|---|---|---|
| | | | Request for Notice/Service filed by BMW Financial Services NA, LLC.(Aiken, Michael) |
| 09/22/2011 | | <u>13</u> | Trustee's Answer *to Motion for Relief from Stay* (Re: related document(s)<u>6</u> Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by Thomas P. Gorman. (Gorman) |
| 09/23/2011 | | <u>14</u> | Notice to Cure Filing Fee Deficiency (Re: related document(s)<u>6</u> Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) Filing Fee Due in the amount of $150.00 due by 9/26/2011. (Stewart, Sherri) |
| 09/26/2011 | | <u>15</u> | Motion to Extend Time to File Lists, Schedules and/or Statements filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 09/26/2011 | | 16 | U.S. Treasury receipt of Motion for Relief from Stay(11−16702−RGM) [motion,185] ( 150.00) filing fee. Receipt number 12869481, amount $ 150.00. (U.S. Treasury) |
| 09/27/2011 | | <u>17</u> | Plaintiff's Objection *to Motion to Extend Time* (Re: related document(s)<u>15</u> motion Motion to Extend Time to File Lists, Schedules and/or Statements filed by Youri Beitdashtoo) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 09/29/2011 | | <u>18</u> | Response to *Motion for Relief from Stay* (Re: related document(s)<u>6</u> motion Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 10/03/2011 | | <u>19</u> | Chapter 13 Plan and Related Motions filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 10/03/2011 | | <u>20</u> | Schedule(s) and/or Statement(s), Lists filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 10/03/2011 | | <u>21</u> | Order Granting Motion to Extend Time to File Lists Schedules and/or Statements LBR 1007−1 (Related Doc # <u>15</u>) Incomplete Filings due by 10/11/2011. (Stewart, Sherri) |
| 10/05/2011 | | 22 | Hearing continued for Status Hearing; Motion to Extend Time to File Schedules, Statements and Plan Granted Appearance(s): Robert Vaughn.Nationwide and Nathan Fisher/Dbt (Re: related document(s)<u>6</u> Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) Status Hearing scheduled 11/9/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Williams, Regina) |
| 10/05/2011 | | <u>23</u> | BNC certificate of mailing of order (Re: related document(s)<u>21</u> Order on Motion to Extend Time to File Lists Schedules and/or Statements LBR 1007−1) (Admin.) (Entered: 10/06/2011) |
| 10/06/2011 | | <u>24</u> | Subpoena *Heather Bennett* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/06/2011 | | <u>25</u> | Subpoena *Hemetaf, Inc.* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |

4

| | | | |
|---|---|---|---|
| 10/06/2011 | | [26](#) | Objection *to Chapter 13 Plan* (Re: related document(s)[19](#) Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/07/2011 | | [27](#) | Notice of Appearance *and Request for Service* filed by Billy B. Ruhling II of Troutman Sanders LLP on behalf of Wells Fargo Bank, N.A.. (Ruhling, Billy) |
| 10/12/2011 | | [28](#) | Subpoena *to PNC Bank* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/12/2011 | | [29](#) | Subpoena *to Wachovia/Wells Fargo Bank* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/12/2011 | | [30](#) | Subpoena *to Citibank* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/12/2011 | | [31](#) | Subpoena *to Capital One Bank* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/18/2011 | | [32](#) | Affidavit of Service *upon Heather Bennett* (Re: related document(s)[24](#) Subpoena filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/20/2011 | | [33](#) | Affidavit of Service *on Hemetaf, Inc.* (Re: related document(s)[25](#) Subpoena filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 10/25/2011 | | [34](#) | Amended Response to *Nationwide Registry & Security Ltd* (Re: related document(s)[6](#) motion Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by Thomas P. Gorman. (Gorman) |
| 10/28/2011 | | [35](#) | Trustee's Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection (Re: related document(s)[19](#) Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) Filed by Thomas P. Gorman Hearing scheduled 11/9/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Gorman) |
| 11/08/2011 | | [36](#) | Trustee's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management filed by Thomas P. Gorman. (Gorman) |
| 11/09/2011 | | 37 | Hearing held; Appearance(s): Thomas Gorman/Tr; Billy Ruhling/Wells Fargo and Nathan Fisher/Dbt (Re: related document(s)[6](#) Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) Trial set for 11/29/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Williams, Regina) (Entered: 11/13/2011) |

5

| | | | |
|---|---|---|---|
| 11/09/2011 | | 38 | Hearing continued; Appearance(s): Thomas Gorman/Tr and Nathan Fisher/Dbt (Re: related document(s)35 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman) Hearing scheduled 11/30/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Williams, Regina) (Entered: 11/13/2011) |
| 11/29/2011 | | 39 | Hearing continued for Status;(Re: related document(s)6 Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) Status Hearing scheduled 12/14/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Williams, Regina) |
| 11/30/2011 | | 40 | Order Reassigning Case of Judge Robert G. Mayer, case now assigned to Judge Brian F. Kenney (Lewis, Barbara) |
| 11/30/2011 | | 43 | Hearing held CT: Confirmation Denied; Appearance(s): Thomas Gorman/Tr; Robert Vaugh and Nathan Fisher/Dbt (Re: related document(s)35 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman) (Williams, Regina) (Entered: 12/01/2011) |
| 12/01/2011 | | 41 | Motion for 2004 Examination filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 12/01/2011 | | 42 | Notice of Motion (Re: related document(s)41 Motion for 2004 Examination filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 12/02/2011 | | 44 | BNC certificate of mailing of order (Re: related document(s)40 Order of Recusal of Judge) (Admin.) (Entered: 12/03/2011) |
| 12/07/2011 | | 45 | Hearing held; EVIDENTIARY HEARING Appearance(s): Robert Vaughn/Nationwide;Nathan Fisher/Dbt (Re: related document(s)6 Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) Evidentiary Hearing set for 1/9/2012 at 02:00 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Lawson, Tawanna) |
| 12/09/2011 | | 46 | Notice of Appearance *and Request for Notices* filed by Carl A. Eason of Wolcott Rivers Gates on behalf of Ally Financial Inc. F/K/A GMAC Inc.. (Eason, Carl) |
| 12/09/2011 | | 47 | Order Denying Confirmation of Plan (Re: related document(s)19 Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) Document Pursuant to LBR 3015−2 Due 12/30/2011. (Stewart, Sherri) |
| 12/11/2011 | | 48 | BNC certificate of mailing of order (Re: related document(s)47 Order Denying Confirmation of Plan) (Admin.) (Entered: 12/12/2011) |
| 12/14/2011 | | 49 | Supplemental Motion for 2004 Examination filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |

| | | | |
|---|---|---|---|
| 12/15/2011 | | 50 | Motion for Relief from Stay Re: 2008 Hummer filed by Carl A. Eason of Wolcott Rivers Gates on behalf of Ally Financial Inc. F/K/A GMAC Inc.. Hearing scheduled 1/4/2012 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Attachments: # 1 Exhibit(s)) (Eason, Carl) |
| 12/15/2011 | | 51 | U.S. Treasury receipt of Motion for Relief from Stay(11−16702−BFK) [motion,185] ( 176.00) filing fee. Receipt number 13349775, amount $ 176.00. (U.S. Treasury) |
| 12/19/2011 | | 52 | Trustee's Answer *to Motion for Relief from Stay* (Re: related document(s)50 Motion for Relief from Stay filed by Ally Financial Inc. F/K/A GMAC Inc.) filed by Thomas P. Gorman. (Gorman) |
| 12/22/2011 | | 53 | Notice of Mortgage Payment Change (Claim # 3) with Certificate of Service filed by SunTrust Bank.(Graves, Kenya) |
| 12/28/2011 | | 54 | Order Granting Motion to Compel (Related Doc # 41), Motion for 2004 Examination (Related Doc # 49) (Voehl, Elizabeth) |
| 12/30/2011 | | 55 | Response to *Motion for Relief from Stay* (Re: related document(s)50 Motion for Relief from Stay filed by Ally Financial Inc. F/K/A GMAC Inc.) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 12/30/2011 | | 56 | Amended/Modified Chapter 13 Plan and Related Motions (Re: related document(s)19 Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. Confirmation Hearing to be held on 2/15/2012 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. Objections to Plan due by 2/8/2012. (Fisher, Nathan) |
| 12/30/2011 | | 57 | BNC certificate of mailing of order (Re: related document(s)54 Order on Motion for 2004 Examination) (Admin.) (Entered: 12/31/2011) |
| 01/04/2012 | | 58 | Hearing continued; Appearance(s): James Collins/Ally Financial (Re: related document(s)50 Motion for Relief from Stay filed by Ally Financial Inc. F/K/A GMAC Inc.) Hearing scheduled 2/8/2012 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Lawson, Tawanna) |
| 01/09/2012 | | 59 | Hearing held;Motion Conditionally Denied Appearance(s): Nathan Fisher/Dbt;Robert Vaughn/Nationwide (Re: related document(s)6 Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) (Lawson, Tawanna) |
| 01/11/2012 | | 60 | Order Granting Motion for 2004 Exam of Debtor. (Re: related document(s)41 Motion for 2004 Examination filed by Nationwide Registry & Security Ltd.) (Stewart, Sherri) |
| 01/13/2012 | | 61 | BNC certificate of mailing of order (Re: related document(s)60 Stipulation and Order) (Admin.) (Entered: 01/14/2012) |
| 01/16/2012 | | 62 | Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: Chase Bank USA, N.A. (Claim No. 6) To Portfolio Recovery Associates, LLC filed by PRA Receivables Management, LLC.(Garcia, Dolores) |

| | | | |
|---|---|---|---|
| 01/19/2012 | | <u>63</u> | Notice of Transfer of Claim (Re: related document(s)<u>62</u> Transfer of Claim filed by PRA Receivables Management, LLC) (Admin.) (Entered: 01/20/2012) |
| 01/20/2012 | | <u>64</u> | Notice of Mortgage Payment Change (Claim # 3) with Certificate of Service filed by SunTrust Bank.(Davis, Stacey) |
| 01/27/2012 | | <u>65</u> | Subpoena *to 1800 I Street Assoc.* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 01/27/2012 | | <u>66</u> | Subpoena *to BMW of Sterling* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 02/02/2012 | | <u>67</u> | Trustee's Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection *in violation of 11 U.S.C. 1325 (a)(6)* (Re: related document(s)<u>56</u> Amended/Modified Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) Hearing scheduled 2/15/2012 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. Filed by Thomas P. Gorman (Gorman) |
| 02/03/2012 | | <u>68</u> | Affidavit of Service *upon BMW of Sterling* (Re: related document(s)<u>66</u> Subpoena filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 02/03/2012 | | <u>69</u> | Affidavit of Service *upon 1800 I Street Assoc.* (Re: related document(s)<u>65</u> Subpoena filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 02/08/2012 | | 70 | Hearing Cancelled − Removed/Settled(related document(s): <u>50</u> Hearing continued) (Al2) |
| 02/08/2012 | | <u>71</u> | Objection to Confirmation of Chapter 13 Plan *date 12/30/2011* (Re: related document(s)<u>56</u> Amended/Modified Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 2/15/2012 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Vaughn, Robert) |
| 02/08/2012 | | <u>72</u> | Amended/Modified Chapter 13 Plan and Related Motions (Re: related document(s)<u>56</u> Amended/Modified Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. Confirmation Hearing to be held on 3/14/2012 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. Objections to Plan due by 3/7/2012. (Fisher, Nathan) |
| 02/12/2012 | | <u>73</u> | Amended/Modified Chapter 13 Plan and Related Motions (Re: related document(s)<u>72</u> Amended/Modified Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. Confirmation Hearing to be held on 3/14/2012 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. Objections to Plan due by 3/7/2012. (Fisher, Nathan) |

| | | | |
|---|---|---|---|
| 02/15/2012 | | 76 | Hearing Cancelled: Removed/Amended Plan Filed (related document(s): 71 Objection to Confirmation of Chapter 13 Plan) (williamsr) (Entered: 02/17/2012) |
| 02/15/2012 | | 77 | Hearing Cancelled: Removed/Amended Plan Filed (related document(s): 67 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection) (williamsr) (Entered: 02/17/2012) |
| 02/16/2012 | | 74 | Order Granting Motion for Relief from Stay filed by Ally Financial Inc. (Related Doc # 50) (Stewart, Sherri) |
| 02/17/2012 | | 75 | Notice of Mortgage Payment Change (Claim # 3) with Certificate of Service filed by SunTrust Bank.(Bishop, Kevin) |
| 02/18/2012 | | 78 | BNC certificate of mailing of order (Re: related document(s)74 Order on Motion for Relief from Stay) (Admin.) (Entered: 02/19/2012) |
| 03/07/2012 | | 79 | Objection to Confirmation of Chapter 13 Plan (Re: related document(s)72 Amended/Modified Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo, 73 Amended/Modified Chapter 13 Plan and Related Motions filed by Youri Beitdashtoo) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 3/14/2012 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Vaughn, Robert) |
| 03/14/2012 | | 80 | Hearing Held;Plan Denied;Court to prepare order;(related document(s): 79 Objection to Confirmation of Chapter 13 Plan) Appearances : Nathan A. Fisher, Thomas P. Gorman, Billy B. Ruhling, Robert L. Vaughn; Hearing to be held on 04/11/2012 at 01:30 PM (chandlerkj) (Entered: 03/15/2012) |
| 03/22/2012 | | 81 | Notice of Mortgage Payment Change (Claim # 3) with Certificate of Service filed by SunTrust Bank.(Bishop, Kevin) |
| 03/24/2012 | | 82 | Notice of Voluntary Conversion from Chapter 13 to Chapter 7 filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Attachments: # 1 Service List)(Fisher, Nathan) |
| 03/24/2012 | | 83 | U.S. Treasury receipt of Notice of Voluntary Conversion from Chapter 13 to Chapter 7(11−16702−BFK) [notice,33] ( 25.00) filing fee. Receipt number 14159322, amount $ 25.00. (U.S. Treasury) |
| 03/27/2012 | | 84 | Order Upon Conversion of Chapter 13 to Chapter 7. (Re: related document(s)82 Notice of Voluntary Conversion from Chapter 13 to Chapter 7 filed by Youri Beitdashtoo) Statement of Current Monthly Income Official Form B22 due: 4/10/2012. (Stewart, Sherri) |
| 03/29/2012 | | 85 | Request for Notice of Meeting of Creditors. Trustee Donald F. King added to the case. 341 meeting to be held on 4/30/2012 at 01:00 PM at Office of the U.S. Trustee, 115 South Union Street, Suite 206, Alexandria, Virginia.Objections to Discharge/Dischargeability due by 6/29/2012. (Stewart, Sherri) |
| 03/29/2012 | | 86 | BNC certificate of mailing of order (Re: related document(s)84 Order Upon Conversion of Chapter 13 to Chapter 7) (Admin.) (Entered: 03/30/2012) |

| | | | |
|---|---|---|---|
| 03/31/2012 | | 87 | Notice of Meeting of Creditors (Re: related document(s) 85 Request for Notice of Meeting of Creditors) (Admin.) (Entered: 04/01/2012) |
| 03/31/2012 | | 88 | Order to Debtor(s) (Admin.) (Entered: 04/01/2012) |
| 03/31/2012 | | 89 | Notice of Electronic Filing Procedure (Admin.) (Entered: 04/01/2012) |
| 04/11/2012 | | 90 | Hearing Cancelled Removed/ Case Converted to Chapter 7(related document(s): 79 Objection to Confirmation of Chapter 13 Plan) (Al2) (Entered: 04/12/2012) |
| 04/13/2012 | | 91 | Motion to Dismiss Case filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 04/13/2012 | | 92 | Notice of Hearing (Re: related document(s)91 Motion to Dismiss Case filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 5/15/2012 at 10:00 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Vaughn, Robert) |
| 04/14/2012 | | 93 | Statement of Current Monthly Income and Means Test Calculation filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 04/14/2012 | | 94 | Statement *of Intention* filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 04/17/2012 | | 95 | Chapter 13 Trustee Final Report and Account. (Gorman) |
| 04/21/2012 | | 96 | Statement *of No New Debts Since Commencement of Case* filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 04/25/2012 | | 97 | Objection to *Trustee's Opposition to Motion to Dismiss Chapter 7 Proceeding with Prejudice* (Re: related document(s)91 Motion to Dismiss Case filed by Nationwide Registry & Security Ltd.) filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Reynolds, James) |
| 04/26/2012 | | 98 | Motion to Compel *Chapter 7 Trustee to Turn Over Funds* filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 04/26/2012 | | 99 | Notice of Hearing (Re: related document(s)98 Motion to Compel filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 5/15/2012 at 10:00 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Vaughn, Robert) |
| 04/27/2012 | | 100 | Amended Notice of Hearing (Re: related document(s)91 Motion to Dismiss Case filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 5/15/2012 at 10:00 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Vaughn, Robert) |

| | | | |
|---|---|---|---|
| 04/30/2012 | | 101 | Trustee Request for Asset Notice. The Clerk will please send a notice to all creditors and parties in interest stating that there may be assets available for distribution and requiring that Proof of Claims be filed in this case. If I have filed a Report of No Distribution, please withdraw it. Filed by Donald F. King on behalf of Donald F. King (King, Donald) |
| 05/01/2012 | | 102 | Request for Notice of Need to File Proof of Claim (Re: related document(s) 101 Trustee Request for Asset Notice filed by Donald F. King) Proof of Claims due by 8/1/2012.Government Proof of Claim due by 9/24/2012. (Stewart, Sherri) |
| 05/01/2012 | | <u>103</u> | Trustee's Application to Employ Odin, Feldman & Pittleman, P.C. as Counsel for Trustee *with Declaration of James W. Reynolds, Esquire and the proposed Order Authorizing Employment of Attorneys* filed by Donald F. King on behalf of Donald F. King. (King, Donald) |
| 05/02/2012 | | <u>104</u> | Objection to (Re: related document(s)<u>103</u> Application to Employ filed by Donald F. King) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 05/03/2012 | | <u>105</u> | Order Granting Application to Employ James W. Reynolds. (Related Doc # <u>103</u>) (Stewart, Sherri) |
| 05/03/2012 | | <u>106</u> | Notice of Need to File Proof of Claim (Re: related document(s) 102 Request for Notice of Need to File Proof of Claim) (Admin.) (Entered: 05/04/2012) |
| 05/05/2012 | | <u>107</u> | BNC certificate of mailing of order (Re: related document(s)<u>105</u> Order on Application to Employ) (Admin.) (Entered: 05/06/2012) |
| 05/08/2012 | | <u>108</u> | Amended Schedule(s) and/or Statement(s) Filed: Summary of Schedules, Schedule B, Schedule C, filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Attachments: # <u>1</u> AmendedBC)(Fisher, Nathan) |
| 05/08/2012 | | <u>109</u> | Response to *Motion to Dismiss* (Re: related document(s)<u>91</u> Motion to Dismiss Case filed by Nationwide Registry & Security Ltd.) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 05/08/2012 | | <u>110</u> | Response to *Motion to Compel Chapter 7 Trustee to Turn Over Funds* (Re: related document(s)<u>98</u> Motion to Compel filed by Nationwide Registry & Security Ltd.) filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Reynolds, James) |
| 05/08/2012 | | <u>111</u> | Motion for Relief from Stay Re: 4054 − 41st Street, North, Mclean, VA filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 6/13/2012 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Vaughn, Robert) |
| 05/08/2012 | | 112 | U.S. Treasury receipt of Motion for Relief from Stay(11−16702−BFK) [motion,185] ( 176.00) filing fee. Receipt number 14501502, amount $ 176.00. (U.S. Treasury) |
| 05/08/2012 | | <u>113</u> | Notice of Hearing (Re: related document(s)<u>111</u> Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 6/13/2012 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, |

| | | | |
|---|---|---|---|
| | | | Courtroom II, Alexandria, VA. (Vaughn, Robert) |
| 05/10/2012 | | [114](#) | Supplemental Motion to Dismiss Case filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 05/13/2012 | | [115](#) | Response to *Motion to Compel* (Re: related document(s)98 Motion to Compel filed by Nationwide Registry & Security Ltd.) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Attachments: # 1 MitchellOpinion2010# 2 StatuteCase) (Fisher, Nathan) |
| 05/13/2012 | | [116](#) | Response to *Motion to Supplemental Motion to Dismiss* (Re: related document(s)114 Motion to Dismiss Case filed by Nationwide Registry & Security Ltd.) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Attachments: # 1 LandlordLetter# 2 Settlement2011) (Fisher, Nathan) |
| 05/14/2012 | | [117](#) | Trustee's Motion for 2004 Examination *of Youri Beitdashtoo "Debtor"* filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Attachments: # 1 Notice of Filing of Motion for Authority to Conduct Rule 2004 Examination and of Deadline for Filing Oppositions Thereto) (Reynolds, James) |
| 05/15/2012 | | 118 | Hearing held; Evidentiary Hearing set(related document(s): 98 Motion to Compel) Appearances : Nathan A. Fisher, James W. Reynolds, Robert L. Vaughn Evidentiary Hearing set for 07/19/2012 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Al2) |
| 05/15/2012 | | 119 | Hearing held; motion denied Order to be submitted. (related document(s): 91 Motion to Dismiss Case) Appearances : James W. Reynolds, Billy B. Ruhling, Robert L. Vaughn (Al2) |
| 05/17/2012 | | [120](#) | Trustee's Response to *"ANSWER"* (Re: related document(s)111 Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Reynolds, James) |
| 05/22/2012 | | [121](#) | Order Setting Evidentiary Hearing (Re: related document(s)98 Motion to Compel filed by Nationwide Registry & Security Ltd.) Hearing scheduled 7/19/2012 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Stewart, Sherri) |
| 05/22/2012 | | [122](#) | Order Denying Motion to Dismiss Case (Related Doc # 91) (Stewart, Sherri) |
| 05/22/2012 | | [123](#) | Response to *Motion for Relief from Stay* (Re: related document(s)111 Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by Nathan A. Fisher on behalf of Youri Beitdashtoo. (Fisher, Nathan) |
| 05/24/2012 | | [124](#) | BNC certificate of mailing of order (Re: related document(s)121 Order Continuing/Rescheduling/Setting Hearing) (Admin.) (Entered: 05/25/2012) |
| 05/24/2012 | | [125](#) | BNC certificate of mailing of order (Re: related document(s)122 Order on Motion to Dismiss Case) (Admin.) (Entered: 05/25/2012) |

| 05/30/2012 | | 126 | Order Granting Motion for 2004 Examination (Related Doc # 117) (Stewart, Sherri) |
|---|---|---|---|
| 06/01/2012 | | 127 | BNC certificate of mailing of order (Re: related document(s)126 Order on Motion for 2004 Examination) (Admin.) (Entered: 06/02/2012) |
| 06/04/2012 | | 128 | Amended Response to (Re: related document(s)111 Motion for Relief from Stay filed by Nationwide Registry & Security Ltd.) filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Reynolds, James) |
| 06/12/2012 | | 129 | Notice of Appearance *and Request for Service* filed by Richard E. Hagerty of Troutman Sanders LLP on behalf of Wells Fargo Bank, N.A.. (Hagerty, Richard) |
| 06/13/2012 | | 130 | Hearing held; final hearing set; (related document(s): 111 Motion for Relief from Stay) Appearances : Nathan A. Fisher, Richard E. Hagerty, James W. Reynolds, Robert L. Vaughn Hearing to be held on 07/19/2012 at 09:30 AM (Al2) |
| 07/12/2012 | | 131 | Order Granting Motion for Relief from Stay filed by Nationwide Registry & Security LTD. (Related Doc # 111) (Stewart, Sherri) |
| 07/14/2012 | | 132 | BNC certificate of mailing of order (Re: related document(s)131 Order on Motion for Relief from Stay) (Admin.) (Entered: 07/15/2012) |
| 07/19/2012 | | 133 | Hearing continued; (related document(s): 98 Motion to Compel) Hearing to be held on 08/28/2012 at 10:00 AM (Al2) |
| 07/19/2012 | | 134 | Hearing Cancelled Removed/Settled(related document(s): 98 Motion to Compel, 111 Motion for Relief from Stay) (Al2) |
| 08/11/2012 | | 135 | Motion for Approval of Agreement filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 08/11/2012 | | 136 | Notice of Motion and Notice of Hearing (Re: related document(s)135 Motion for Approval of Agreement filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Hearing scheduled 9/11/2012 at 10:00 AM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom II, Alexandria, VA. (Vaughn, Robert) |
| 08/15/2012 | | 137 | Discharge of Debtor (Stewart, Sherri) |
| 08/17/2012 | | 138 | BNC Certificate of Mailing of Discharge of Debtor(s) (Re: related document(s) 137 Discharge of Chapter 7 Debtor(s)) (Admin.) (Entered: 08/18/2012) |
| 08/21/2012 | | 139 | Objection to *Objection of Marc E. Albert, Chapter 7 Trustee for the estate of HEMETAF, Inc. to Motion to Compel Chapter 7 Trustee to Turn Over Funds to NRS* (Re: related document(s)98 Motion to Compel filed by Nationwide Registry & Security Ltd.) filed by Katherine M. Sutcliffe Becker of Stinson Morrison Hecker LLP on behalf of Marc E. Albert. (Becker, Katherine) |

| | | | |
|---|---|---|---|
| 08/24/2012 | | <u>140</u> | Response to *Objection of Marc E. Albert, Chapter 7 Trustee for Hemetaf, Inc.* (Re: related document(s)<u>98</u> Motion to Compel filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 08/28/2012 | | 141 | Hearing continued; (related document(s): <u>98</u> Motion to Compel) Hearing to be held on 09/11/2012 at 10:00 AM (Al2) |
| 09/04/2012 | | <u>142</u> | Objection to *Motion for Approval of Settlement* (Re: related document(s)<u>135</u> Motion for Approval of Agreement filed by Nationwide Registry & Security Ltd.) filed by Katherine M. Sutcliffe Becker of Stinson Morrison Hecker LLP on behalf of Marc E. Albert. (Becker, Katherine) |
| 09/11/2012 | | 143 | Hearing held; motion denied; Order to be submitted (related document(s): <u>135</u> Motion for Approval of Agreement) Appearances : Katherine M. Sutcliffe Becker, James W. Reynolds, Billy B. Ruhling, Robert L. Vaughn (lawsont) |
| 09/11/2012 | | 144 | Hearing continued; (related document(s): <u>98</u> Motion to Compel) Appearances : Katherine M. Sutcliffe Becker, Nathan A. Fisher, James W. Reynolds, Billy B. Ruhling, Robert L. Vaughn Hearing to be held on 10/16/2012 at 09:30 AM (lawsont) |
| 09/20/2012 | | <u>145</u> | Adversary case 12−01406. Complaint against Marc E Albert, Trustee, Nationwide Registry and Security Ltd. (Fee Amount of $293 is Deferred) filed by Donald F. King, Trustee. Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)) Associated Bankruptcy Case Number: 1:11−bk−16702 (Reynolds, James) |
| 09/25/2012 | | <u>146</u> | Order Denying Motion for Approval of Agreement (Related Doc # <u>135</u>) (Stewart, Sherri) |
| 09/27/2012 | | <u>147</u> | BNC certificate of mailing of order (Re: related document(s)<u>146</u> Order on Motion for Approval of Agreement) (Admin.) (Entered: 09/28/2012) |
| 10/12/2012 | | <u>148</u> | Notice of Abandonment of Property filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Reynolds, James) |
| 10/16/2012 | | 149 | Hearing held; Motion to be dismissed; Order to be submitted (related document(s): <u>98</u> Motion to Compel) Appearances : Katherine M. Sutcliffe Becker, Nathan A. Fisher, James W. Reynolds, Robert L. Vaughn (lawsont) |
| 11/06/2012 | | <u>150</u> | Order Dismissing Motion to Compel (Related Doc # <u>98</u>) (Stewart, Sherri) |
| 11/08/2012 | | <u>151</u> | BNC certificate of mailing of order (Re: related document(s)<u>150</u> Order on Motion to Compel) (Admin.) (Entered: 11/09/2012) |
| 04/25/2013 | | <u>152</u> | Motion to Approve *Settlement* filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Reynolds, James) |
| 04/25/2013 | | <u>153</u> | Notice of Hearing *on Trustee's Motion for Approval of Settlement* (Re: related document(s)<u>152</u> Motion to Approve filed by Donald F. King) filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. Hearing scheduled for 5/28/2013 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom |

| | | | III, Alexandria, VA. (Reynolds, James) |
|---|---|---|---|
| 04/25/2013 | | 154 | Certificate of Service *for Notice of Hearing on Trustee's Motion for Approval of Settlement* (Re: related document(s)153 Notice of Hearing filed by Donald F. King) filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Donald F. King. (Reynolds, James) |
| 05/28/2013 | | 155 | Hearing held; motion granted; Order to be submitted (related document(s): 152 Motion to Approve) Appearance : James W. Reynolds (lawsont) |
| 05/30/2013 | | 156 | Order Granting Motion to Approve Settlement (Related Doc # 152) (Stewart, Sherri) |
| 06/01/2013 | | 157 | BNC certificate of mailing of order (Re: related document(s)156 Order on Motion to Approve) (Admin.) (Entered: 06/02/2013) |
| 06/13/2013 | | 158 | Notice of Appeal (Re: related document(s)156 Order on Motion to Approve) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Appellant Designation due by 6/27/2013. (Vaughn, Robert) |
| 06/19/2013 | | 159 | District Court will take action on Notice of Appeal(11−16702−BFK) Receipt number District Court, amount $ 298.00. (Re: Doc#158) (Swinton) |
| 06/27/2013 | | 160 | Appellant Designation (Re: related document(s)158 Notice of Appeal filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. Appellee Designation due by 7/10/2013. (Vaughn, Robert) |
| 07/16/2013 | | 161 | Verification of Claims Register Upon Expiration of Claims Deadline (Stewart, Sherri) |
| 08/07/2013 | | 162 | Withdrawal *of Appeal in Case #11−16702]* (Re: related document(s)158 Notice of Appeal filed by Nationwide Registry & Security Ltd.) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 07/23/2014 | | 163 | Chapter 7 Trustee's Final Report Before Distribution, Application for Compensation and Application(s) for Compensation of Professionals *on behalf of Donald F. King*. The United States Trustee has reviewed the Chapter 7 Trustees Final Report. (Attachments: # 1 Trustee's Application for Compensation and Reimbursement of Expenses # 2 Application for Compensation and Reimbursement of Expenses)Filed by United States Trustee R4_CH7 (United States Trustee R4_CH7) |
| 07/29/2014 | | 164 | Notice of Trustee's Final Report with Notice of Hearing, *and Applications for Compensation and Deadline to Object (NFR)* (Re: related document(s)163 Chapter 7 Trustee's Final Report and Review by U. S. Trustee (TFR) filed by United States Trustee R4_CH7) Objection(s) due by 9/2/2014. Hearing scheduled for 9/9/2014 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. Filed by Donald F. King on behalf of Donald F. King (King, Donald) |
| 09/09/2014 | | 165 | Hearing held;Approved;Order To Be Submitted(related document(s): 163 Chapter 7 Trustee's Final Report and Review by U. S. Trustee (TFR)) |

| | | | |
|---|---|---|---|
| | | | Appearance : Donald F. King Order/Disposition due by 09/23/2014. (chandlerkj) |
| 09/12/2014 | | 166 | Order Pursuant to Trustee Final Report − Chapter 7 (Re: related document(s)163 Chapter 7 Trustee's Final Report and Review by U. S. Trustee (TFR) filed by United States Trustee R4_CH7) (Stewart, Sherri) |
| 09/14/2014 | | 167 | BNC certificate of mailing of order (Re: related document(s)166 Order Pursuant to Trustee Final Report − Chapter 7) (Admin.) (Entered: 09/15/2014) |
| 10/21/2014 | | 168 | Withdrawal of James W. Reynolds and Substitution of Donald F. King. (King, Donald) |
| 01/09/2015 | | 169 | Chapter 7 Trustee's Final Account of Distribution, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged . The United States Trustee has reviewed the Chapter 7 Trustee's Final Account of Distribution, Certification the Estate has been Fully Administered and Application of Trustee to be Discharged. The United States Trustee does not object to the relief requested. Filed by United States Trustee R4_CH7 (United States Trustee R4_CH7) |
| 01/28/2015 | | 170 | Order Granting Trustee and Closing Case (Related Doc # 169) (Stewart, Sherri) |
| 01/30/2015 | | 171 | BNC certificate of mailing of order (Re: related document(s)170 Order Discharging Trustee and Closing Case) (Admin.) (Entered: 01/31/2015) |
| 12/12/2017 | | 172 | Motion to Reopen Case (Fee Amount of $260 is Exempt or Deferred) , Motion for Sanctions for Violation of the Discharge Injunction 11 USC 524(a), 11 USC 105 , Motion for Contempt filed by Daniel M. Press of Chung & Press, P.C. on behalf of Youri Beitdashtoo. (Attachments: # 1 Exhibit(s) A: Complaint # 2 Exhibit(s) B: Motion to Reinstate # 3 Exhibit(s) C: Response to Motion to Reinstate) (Press, Daniel) |
| 12/12/2017 | | 173 | Notice of Motion and Notice of Hearing (Re: related document(s)172 Motion to Reopen Case (fee) filed by Youri Beitdashtoo, Motion for Sanctions, Motion for Contempt) filed by Daniel M. Press of Chung & Press, P.C. on behalf of Youri Beitdashtoo. Hearing scheduled for 1/2/2018 at 09:30 AM at Judge Kenney's Courtroom, 200 S Washington St, 2nd Flr, Courtroom I, Alexandria, VA. (Press, Daniel) |
| 12/22/2017 | | 174 | Objection to *Motion to Reopen and for Sanctions* (Re: related document(s)172 Motion to Reopen Case (fee) filed by Youri Beitdashtoo) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 01/02/2018 | | 175 | Hearing held; Matter Taken Under Advisement (related document(s): 172 Motion to Reopen Case (fee) filed by Youri Beitdashtoo) Appearances: Daniel M. Press, Robert L. Vaughn (lawsont) |
| 01/25/2018 | | 176 | Order Granting Motion to Reopen Case, Order Granting in Part and Denying in Part Debtors Motion for Sanctions. Scheduling hearing for 3/27/2018 at 09:30 AM at Judge Kenney's Courtroom, 200 S Washington St, 2nd Flr, Courtroom I, Alexandria, VA. (Stewart, Sherri) |
| 01/27/2018 | | 177 | BNC certificate of mailing of order (Re: related document(s)176 Order Reopening Case) (Admin.) (Entered: 01/28/2018) |

| 01/27/2018 | | <u>178</u> | BNC certificate of mailing of order (Re: related document(s)<u>176</u> Order Reopening Case) (Admin.) (Entered: 01/28/2018) |
| 02/07/2018 | | <u>179</u> | Notice of Appeal (Re: related document(s)<u>176</u> Order Reopening Case, Order Scheduling Trial) filed by Daniel M. Press of Chung & Press, P.C. on behalf of Youri Beitdashtoo. Appellant Designation due by 2/21/2018. (Press, Daniel) |
| 02/07/2018 | | 180 | U.S. Treasury receipt of Notice of Appeal(11−16702−BFK) [appeal,97] (298.00) filing fee. Receipt number 27836235, amount $ 298.00. (Re: Doc#<u>179</u>) (U.S. Treasury) |
| 02/16/2018 | | <u>181</u> | Transmittal of Notice of Appeal to District Court (Re: related document(s)<u>179</u> Notice of Appeal filed by Youri Beitdashtoo) (Stewart, Sherri) |
| 02/21/2018 | | <u>182</u> | Appellant Designation (Re: related document(s)<u>179</u> Notice of Appeal filed by Youri Beitdashtoo) filed by Daniel M. Press of Chung & Press, P.C. on behalf of Youri Beitdashtoo. Appellee Designation due by 3/7/2018. (Press, Daniel) **Modified** on 2/22/2018 to correct Appellee Designation due date. (Ryan, Michelle) |
| 03/06/2018 | | <u>183</u> | Statement *(Fee Request)* (Re: related document(s)<u>176</u> Order Reopening Case, Order Scheduling Trial) filed by Daniel M. Press of Chung & Press, P.C. on behalf of Youri Beitdashtoo. (Press, Daniel) |
| 03/07/2018 | | <u>184</u> | Notification of Civil Action Number 1:18−cv−00183−LMB−MSN. (Re: related document(s)<u>179</u> Notice of Appeal filed by Youri Beitdashtoo) (Stewart, Sherri) |
| 03/08/2018 | | <u>185</u> | Objection to *Fee Request Re: Motion for Sanctions* (Re: related document(s)<u>172</u> Motion to Reopen Case (fee) filed by Youri Beitdashtoo) filed by Robert L. Vaughn of O'Connor & Vaughn LLC on behalf of Nationwide Registry & Security Ltd.. (Vaughn, Robert) |
| 03/26/2018 | | <u>186</u> | Transcript filed Re: Hearing Held 1/2/2018, regarding Matter #172. Remote electronic access to the transcript is restricted until 06/25/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] or [Contact the Court Reporter/Transcriber 202−628−4888, Telephone number Cheryl Donovan.] [Transcript Purchased by Daniel M. Press, Chung & Press P.C..] (RE: related document(s) 175 Hearing held; Matter Taken Under Advisement (related document(s): <u>172</u> Motion to Reopen Case (fee) filed by Youri Beitdashtoo) Appearances: Daniel M. Press, Robert L. Vaughn (lawsont)). Notice of Intent to Request Redaction Deadline Due By 04/2/2018. Redaction Request Due By 04/16/2018. Redacted Transcript Submission Due By 04/26/2018. Transcript access will be restricted through 06/25/2018. (Robinson, LaShonne) |
| 03/27/2018 | | 187 | Hearing held;Order To Be Submitted (related document(s): <u>172</u> Motion to Reopen Case (fee) filed by Youri Beitdashtoo) Appearances: Daniel M. Press, Robert L. Vaughn Order/Disposition due by 04/10/2018. (chandlerkj) |
| 04/03/2018 | | <u>188</u> | Order Granting Re: Motion for Sanctions against Nationwide Registry & Security, LTD. (Related Doc # <u>172</u>) (Stewart, Sherri) |

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Eastern District of Virginia | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Beitdashtoo, Youri** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-1899** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**4054 41 Street, N.**<br>**Mc Lean, VA**<br><br>ZIP Code **22101** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Fairfax** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
■ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ■ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

18

17

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Beitdashtoo, Youri** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Nathan Fisher          September 13, 2011**<br>Signature of Attorney for Debtor(s)                (Date)<br>**Nathan Fisher 37161** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ☑ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| <br>_____<br>(Name of landlord that obtained judgment)<br><br><br>_____<br>(Address of landlord) |
| ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

**B1 (Official Form 1)(4/10)** Page 3

## Voluntary Petition

| | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Beitdashtoo, Youri** |

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Youri Beitdashtoo**

Signature of Debtor  **Youri Beitdashtoo**

X _____

Signature of Joint Debtor

_____

Telephone Number (If not represented by attorney)

**September 13, 2011**

Date

#### Signature of Attorney*

X **/s/ Nathan Fisher**

Signature of Attorney for Debtor(s)

**Nathan Fisher 37161**

Printed Name of Attorney for Debtor(s)

**Nathan Fisher**

Firm Name

**3977 Chain Bridge Rd., Suite #2**
**Fairfax, VA 22030**

_____

Address

**(703) 691-1642**

Telephone Number

**September 13, 2011**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

X _____

_____

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Eastern District of Virginia

In re __Youri Beitdashtoo__                                                       Case No. _____
                                                     Debtor(s)                          Chapter   __13__

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Youri Beitdashtoo**
                       **Youri Beitdashtoo**

Date:    **September 13, 2011**

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Eastern District of Virginia

In re    **Youri Beitdashtoo**                      Case No.

                                           Debtor(s)      Chapter      **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

       I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Youri Beitdashtoo** | X   **/s/ Youri Beitdashtoo** | **September 13, 2011** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) | X | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Ally

Ally Financial
200 Renaissance Ctr
Detroit, MI 48243

American Express
American Express Special Research
Po Box 981540
El Paso, TX 79998

Barclays Bank Delaware
Attention: Bankruptcy
Po Box 8801
Wilmington, DE 19899

BMW

Bmw Financial Services
Attn: Bankruptcy Department
5550 Britton Parkway
Hilliard, OH 43026

Capital One, N.a.
Capital One Bank (USA) N.A.
Po Box 30285
Salt Lake City, UT 84130

Chase
201 N. Walnut St//De1-1027
Wilmington, DE 19801

Citibank Sd, Na
Attn: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

Dsnb Macys
9111 Duke Blvd
Mason, OH 45040

First Data
1307 Walt Whitman Rd
Melville, NY 11747

Hsbc Bank
Attn: Bankruptcy
Po Box 5213
Carol Stream, IL 60197

Long & Foster
6862 Elm Street
Mc Lean, VA 22101

Nationwide Registry
c/o 11490 Commerce Park Dr.,
Suite 510
Reston, VA 20191

Nordstrom FSB
Recovery/ Bankruptcy Department
Po Box 6566
Englewood, CO 80155

O'Connor & Vaughn, LLC
11490 Commerce Park Dr.,
Suite 510
Reston, VA 20191

Office of the U.S. Trustee
115 South Union St., Ste. 210
Alexandria, VA 22314

Plains Commerce Bank
Po Box 1059
Aberdeen, SD 57402

Rosenberg & Associates
Attn: Mark Meyer
7910 Woodmont Ave., Ste. 750
Bethesda, MD 20814

Sears/cbna
Po Box 6189
Sioux Falls, SD 57117

Suntrust Bank
Po Box 85526
Richmond, VA 23285


The Duff Law Firm
11320 Random Hills Road
Suite 630
Fairfax, VA 22030


Thompson McMullan
100 Shockhope Slip. 3rd Floor
Richmond, VA 23219


Wachovia
Attn: Bankruptcy
4101 Wiseman Blvd
San Antonio, TX 78251

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| YOURI BEITDASHTOO      . | ) | |
| | ) | Case No. 11-16702-RGM |
| | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| NATIONWIDE REGISTRY & | ) | |
| SECURITY LTD. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YOURI BEITDASHTOO      . | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS P. GORMAN, INTERIM | ) | |
| TRUSTEE | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## MOTION FOR RELIEF FROM STAY AND
## NOTICE OF MOTION AND HEARING

Plaintiff, Nationwide Registry and Security Ltd. ("NRS"), by and through its undersigned

counsel, moves this Court for relief from the automatic stay and, in support thereof, states as

follows:

1.      This Court has jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §

1334.  This is a core proceeding under 28 U.S.C. § 157, and a contested matter pursuant to Rules

4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

Robert L. Vaughn, Jr. VSB 20633
O'Connor  & Vaughn, LLC
11490 Commerce Park Drive, Suite 510
Reston, VA 20191

2.      The Defendant/Debtor, Youri Beitdashtoo ("Debtor") filed a Chapter 13 petition in this Court on September 13, 2011.

3.      Thomas Gorman has been appointed as Chapter 13 Interim Trustee.

4.      Debtor is the Husband of Nahid Ahmadpour ("Ahmadpour").

5.      Debtor and his Wife are the title holders of certain real property known as Lot Sixty-six (66), Section Four (4), Chain Bridge Forest, also known as 4054 - 41st Street, North, McLean, Virginia 22101 (the "Property").

6.      On January 17, 2008, NRS obtained a judgment in the Circuit Court of Fairfax County against Ahmadpour, in the principal sum of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000. Said judgment was based upon a series of ten (10) drafts written by Ahmadpour on her Chevy Chase Bank account between October 8 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank for insufficient funds.

7.      As a consequence of her actions, the Debtor also was criminally charged with drawing and passing checks without sufficient funds with the intent to defraud. On or about November 9, 2006, Debtor entered a guilty plea to the aforesaid charges.

8.      During the course of its attempts to collect on the subject judgment, NRS learned that on or about September 11, 2005, Ahmadpour had voluntarily and without consideration transferred the Property which, up until that time, was in her sole name, into the names of herself and the Debtor as tenants by the entirety. Said transfer was made with the intent to hinder, delay and defraud NRS. The Deed representing said transfer is recorded among the land records of Fairfax County, Virginia, in Deed Book 17782 at Page 2081.

9.      Shortly after the transfer, Debtor used the Property as security for a loan from World Savings Bank, FSB ("World Savings") in the principal amount of $937,500. A Deed of

Trust securing said loan, dated September 12, 2005, is recorded among the land records of Fairfax County, Virginia in Deed Book 17782 at Page 2083.  Upon information and belief, Wells Fargo Bank, N.A.("Wells Fargo") is the successor in interest of World Savings and current holder of said loan.  (said Deed of Trust will be hereinafter referred to as the "First Trust"). Upon information and belief, the current payoff of the First Trust is approximately $950,000.

10.     Debtor also used the Property as security for a loan from SunTrust Bank in the principal amount of $40,000, said loan being secured by a Deed of Trust dated November 13, 2006, and recorded among the land records of Fairfax County, Virginia  in Deed Book 18982 at Page 1634 (the "Second Trust").  As of August 9, 2011, the payoff of the Second Trust was $39,879.48. (Exhibit A).

11.     NRS also learned that, during this same period of time, Ahmadpour had voluntarily and without consideration transferred her solely owned business, HEMETAF, Inc., ("HEMETAF") into the name of the Debtor, also to avoid collection.

12.     Upon learning the foregoing, NRS was forced to file another action in the Circuit Court of Fairfax County against the Debtor and  Ahmadpour seeking to set aside the transfer of the Property and of the business.

13.     On October 18, 2010, after a trial, the Circuit Court entered an Order setting aside the foregoing transfer of the business and deeming Ahmadpour as the 100% owner of HEMETAF, Inc.

14.     The action seeking to set aside the transfer of the Property was scheduled for trial on August 31, 2011.

15.     As part of its ongoing collection efforts, shortly after the October 18, 2010 decision, NRS levied upon the stock of HEMETAF, Inc. and caused it to be sold at public auction, at which auction NRS was the purchaser.  NRS then proceeded to liquidate the business.

16.     While the liquidation of the business was proceeding, and while the aforesaid action seeking to set aside the transfer of the Property was pending, the Debtor and Ahmadpour listed the Property for sale apparently in the belief that they could do so and retain the proceeds of sale despite the pending lawsuit and without payment of the judgment to NRS.

17.     When it became apparent to the Debtor and Ahmadpour that their efforts to sell the Property and retain the proceeds without paying NRS would not be successful, and so as to stop the liquidation of the business, the Debtor and Ahmadpour entered into a Settlement Agreement with NRS under which the judgment would be satisfied for the substantially reduced sum of $91,000 payable out of the sale proceeds.

18.     The obligations of the Debtor and Ahmadpour were secured by a Deed of Trust against the Property dated August 2, 2011, and recorded in the Clerk's Office of the Circuit Court of the County Of Fairfax, as Instrument No. 2011-029643.001 ("NRS Trust"). A true and accurate copy of the NRS Trust, which is the third trust against the Property, is attached hereto as Exhibit B.

19.     Shortly after entering into the Settlement Agreement, Debtor and Ahmadpour defaulted under the terms thereof, specifically the requirement that the Property be listed for the sale price recommended by the listing realtor so as to ensure the sale thereof in a timely manner. Due notice of the default and an opportunity to cure was provided to the Debtor and Ahmadpour per the terms of the NRS Deed of Trust. Upon their refusal to cure the default, foreclosure proceedings were instituted against the Property with the sale scheduled to be held on September 23, 2011. A true and accurate copy of the Notice of Trustee Sale is attached hereto as Exhibit C.

20.     The listing realtor recommends that the Property be listed for sale for the sum of $1,299,000, which sum represents the maximum value of the Property. (Exhibit D). Even without consideration of the sales expenses related to the sale, there is no equity in the property.

21.  Given that Debtor had the Property listed for sale before the filing of the instant bankruptcy action, , the Property is not necessary for Debtor's reorganization.

WHEREFORE, Plaintiff, Nationwide Registry & Security, Ltd., prays that the automatic stay be lifted so that it may continue to enforce the subject Settlement Agreement by conducting a foreclosure sale of the Property, and for such additional relief as this Court deems necessary and appropriate.

**Nationwide Registry & Security, Ltd.**
*By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By ____/s/ Robert L. Vaughn, Jr._____
      Robert L. Vaughn, Jr., VSB # 20633
      *Counsel for Plaintiff*

Certificate of Service

I hereby certify that on September 16, 2011, I mailed a true copy of this Motion for Relief from Stay to each party required to receive notice:

Youri Beitdashtoo
4054 - 41st Street, North
McLean, Virginia 22101

Nathan Fisher, Esq.
3977 Chain Bridge Road, Suite #2
Fairfax Virginia 22030

Thomas Gorman, Interim Chapter 13 Trustee
300 North Washington Street, Suite 400
Alexandria, Virginia 22314

Office of the US Trustee
115 S. Union Street, Suite 210
Alexandria, Virginia 22314

S. Mohsin Reza, Esq.
TROUTMAN SANDERS
1660 International Drive, Suite 600
McLean, Virginia 22102
*Counsel for Wells Fargo*

Robert R. Musick, Esq.
Thompson McMullan, P.C.
100 Shockhope Slip, 3rd Floor
Richmond, Virginia 23219
*Counsel for SunTrust Bank*

/s/ Robert L. Vaughn, Jr
Robert L. Vaughn, Jr.



# SunTrust

Date: August 9, 2011                                    Attention: Kenya R Nelson

Kenya R Nelson
4054 41ST St N
Mc Lean, VA 22101-5805

RE: SunTrust Account 04308978000044042

Thank you for your recent inquiry regarding the projected payoff of the above-referenced equity line of credit account (the "Account"). As you consider paying off your account, we want to make sure you don't miss out on any of the opportunities available to you from SunTrust. Whether you are looking for a lower rate option, to lower your payment, to increase your line commitment, or to make other changes, we will do everything we can to find the best option for you. Before you payoff your account, please call us at 888.461.8862 to ensure we have provided you all available borrowing options.

This statement reflects the status of the Account as of the effective payoff date shown below. The payoff amount will change with any payments, advances, and/or fees to the Account that may occur in the future or that have not yet posted. The Account will also continue to accrue interest daily at the rate shown below; therefore, you should contact us to verify the payoff amount immediately prior to submitting your payoff funds and to inquire as to whether any recent payments, advances, and/or fees to the Account are included. Please note, errors or omissions by SunTrust Bank shall not modify your obligation under your loan documents.

| Client Name: | Youri Beitdashtoo | Fax Fee: | $0.00 |
|---|---|---|---|
| Current principal balance: | $39,641.11 | Release Fee: | $31.00 |
| Interest: | $201.48 | Waiver/Variance: | $0.00 |
| Late Fees: | $5.89 | Payoff Amount: | $39,879.48 |
| Misc Fees: | $0.00 | Per Diem (after payoff effective date): | $3.80 |
| Closing costs (refer to agreement): | $0.00 | Payoff Effective Date: | 08/09/2011 |

Indicate your intent by checking only one option below and include this signed letter with your payment:

_____ Payoff/Close    Upon receipt of the full payoff amount, the Account will be closed and the lien will be released. If you choose this option, you will no longer be able to draw on the Account.

_____ Subordination    You are refinancing your first mortgage and this equity line will remain open. The choice of this option is subject to additional conditions and requirements. Please call 888.461.8862 to request and facilitate the subordination of your equity line account to your new first mortgage.

_____ Pay Down    The Account will remain open. You will continue to be able to draw on the Account up to your credit limit and the lien will not be released.

If your intent is not indicated or is unclear, the funds will be credited to your account, reducing the balance, and the account will be frozen and the lien will not be released, unless otherwise required by applicable law, until we receive clear written instructions from you.

Please send your payoff to one of the following addresses:

**Regular Mail:**                        **Express Delivery:**

SunTrust Bank                            SunTrust Bank
CLS Monetary                             CLS Monetary - TN-Nash-7967
PO Box 305008                            41 Rachel Drive
Nashville, TN 37230-5008                 Nashville, TN 37214-3684

The payoff may also be made at any SunTrust Bank location.

If you open a new equity account for $10,000.00 or more within six months of closing this account, any closing costs that were paid in the payoff of this account may be reimbursed upon request. Please ask our representative about this when you apply for the new account.

We appreciate your business and look forward to serving any financial needs you may have in the future. If you have any questions about this payoff or would like to apply for a new equity line or loan, please call us at 888.461.8862 or stop by your nearest SunTrust Bank branch. Thank you for choosing SunTrust to meet your borrowing needs.

| Sincerely, | Borrower(s): |
|---|---|
| Brian Leblanc | |
| SunTrust Bank | YOURI BEITDASHTOO |

SunTrust Bank is an Equal Housing Lender. SunTrust Bank, Member FDIC.
© 2008 SunTrust Banks, Inc. SunTrust is a federally registered service mark of SunTrust Banks, Inc.

UGK4E4130896E28 8/9/2011 1:04:32 PM [Eastern Daylight Time]

35



EXHIBIT
A
34

# DEED OF TRUST

This Deed of Trust made this ___2nd___ day of August, 2011, by and between **YOURI BEITDASHTOO and NAHID AHMADPOUR**, hereinafter collectively referred to as "Grantor", and **Robert L. Vaughn, Jr.**, Trustee, whose business address is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, a resident of Fairfax County, Virginia, herein referred to as "Trustee."

## W I T N E S S E T H :

That for and in consideration of Ten Dollars ($10.00), cash in hand paid to Grantor, and other good and valuable consideration, the receipt of which is hereby acknowledged, Grantor does hereby grant, bargain, sell and convey to the Trustee, with GENERAL WARRANTY and English Covenants of title, all that certain parcel or lot of land, together with all the buildings and improvements now or hereafter thereon, and all other rights or privileges and appurtenances belonging or in any way appertaining thereto, situate, lying and being in the County of FAIRFAX, Virginia, and more particularly described as follows (the "Property"):

All that certain tract or parcel of land with improvements thereon and appurtenances thereunto belonging, situate in Fairfax County, Virginia known as

LOT SIXTY-SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is duly dedicated, platted and recorded in Deed Book 3489 at page 564 among the land records of Fairfax County, Virginia.

Also known as 4054 - 41st Street, North, McLean, Virginia 22102.

**IN TRUST NEVERTHELESS**, to secure the payment of the sum of NINETY-ONE THOUSAND DOLLARS and 00/100ths ($91,000.00) payable to **NATIONWIDE REGISTRY & SECURITY, LTD.,** Beneficiary hereunder, whose mailing address for notice purposes is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, pursuant to a separate Settlement Agreement ("Agreement") between the parties relating to the satisfaction of a judgment obtained by the Beneficiary against Nahid Ahmadpour in the Circuit Court of Fairfax County, Virginia, in Case No. 2007-14478 (hereinafter the "judgment").

This Deed of Trust, except to the extent inconsistent with the specific and express provisions contained herein, shall in all other respects be read and construed with, and to such extent be deemed to incorporate by reference, the provisions of Section 55-59 through 55-59.4 of the Code of Virginia of 1950, as in force and effect on the date of acknowledgment hereof, and shall include in short form as provided in Section 55-60 of said Code the following provisions:

> Deferred Purchase Money
> Exemptions waived
> Subject to all upon default
> Renewals and extensions permitted
> Rights of anticipation reserved
> Insurance required
> Substitution of Trustee permitted

Page 1 of 6


EXHIBIT
B

36    35

The parties hereto do further covenant and agree as follows:

1.     Grantor hereby covenants that Grantor owns the Property in fee simple, subject to existing deeds of trusts thereon, and has the right to convey it; that Grantor will execute such further assurances of title as may be requisite; that Grantor will pay punctually and promptly all of the said indebtedness; and that no purchaser hereunder shall be required to look to the application of the purchase moneys except as otherwise provided by law.

2.     So long a any part of the indebtedness secured hereby remains unpaid, Grantor agrees (a) to pay all taxes, assessments, levies and charges upon the Property by the time they become due, and to deliver evidence of the payment of said taxes, assessments and levies to the holder of the Agreement within ten (10) days after their respective due dates, and (b) to keep the improvements on the Property constantly insured, by a reputable insurance company, acceptable to the holder of the judgment, in such amount as specified above, against loss by fire, or other hazards usually covered by an extended coverage policy, which loss payable clauses in favor of and in form acceptable to the holder of the Judgment, without contribution, and to deliver policies and all renewals thereof to the holder of the Agreement, and Grantor shall promptly furnish to the holder of the Judgment all renewal notices and all receipts of said premiums. Subject to the rights of parties secured by deeds of trust superior to this deed of trust if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insurance is held as hereinbefore provided, or shall suffer any other loss, the Grantor will immediately give notice by mail to the holder of the Judgment, who may make proof of loss if not made promptly by the Grantor and if restoration or repair of the Property damaged is economically feasible and the security of this deed of trust is not thereby impaired, the insurance proceeds shall be applied to such restoration and repair. If such restoration or repair is not economically feasible or if the security of this deed of trust would be impaired, the insurance proceeds shall be applied to the sums then remaining unpaid, secured by this deed of trust, with the excess, if any, paid to the Grantor. If Grantor fails to respond to the holder of the Judgment within thirty (30) days from the date notice is mailed by the holder of the Judgment to Grantor that the insurance carrier offers to settle a claim for insurance benefits, the holder of the Judgment is authorized to collect and apply the insurance proceeds at the holder of the Judgment's option either to restoration or repair of the Property or to the sums secured by this deed of trust.

3.     Grantor will not remove, demolish or alter the design or structural character of any building now or hereafter erected on the Property unless the holder of the judgment shall first consent thereto in writing; will maintain the property in good condition and repair; will not commit or suffer waste thereof; and will comply with all laws, ordinances, regulations, covenants, condition and restrictions affecting the Property.

4.     Grantor agrees to pay all expenses incurred in the collection of the indebtedness hereby secured, including reasonable attorneys' fees plus interest on principal amounts in default at the same rate as then being charged on the judgment hereby secured.

5.     In the event this deed of trust is inferior to any other deed of trust on the property, the Grantor covenants to pay the instrument secured thereby, and in default thereof, the holder of the judgment secured by this deed of trust may treat such default as a default under this trust and proceed

with foreclosure as herein set forth, and any sums of money paid by the judgment holder to prevent foreclosure on a prior deed of trust, shall be deemed to be fully secured by this instrument, plus interest at the rate provided for on the judgment secured hereby from this date of payment.

6.    Grantor also hereby irrevocably assigns and conveys unto the Judgment holder, and grants the judgment holder a security interest in, all leases now or hereafter existing on the Property and any guaranties thereof and all rents from the Property to secure the payment of all obligations secured hereunder. Grantor hereby authorizes the judgment holder to collect said rents with or without suit and to apply the same, less expenses of collection, to any of the obligations secured hereunder in such manner as may be determined by the judgment holder, or at the option of the judgment holder, to hold the same as security for the payment of all obligations secured hereunder: provided however, that until there be a default under the terms of the Agreement or this Deed of Trust, Grantor may continue to collect and enjoy said rents without accountability to the judgment holder.

7.    Grantor agrees that if default shall be made: (a) in payment of the secured indebtedness when due, or (b) in the terms and conditions of the Agreement, or (c) under the terms of or in the payment of, any installment of principal or interest on any senior encumbrance, or (d) in the payment of taxes or assessments, or fire and other hazard insurance, all as hereinabove provided; or upon any default in payment on demand of any money advanced by a judgment or lien holder on account of any prior cost, charge, commission or expense in and about the same time, or on account of any tax or assessment or insurance, or expense of litigation, or attorneys' fees, with interest thereon at the rate set forth in the judgment secured hereby from date of such advance (it being hereby agreed that on default in the payment of any tax or assessments or insurance premium or any payment on account thereof, or in the payment of any said costs, expense of litigation, or attorneys' fees, or any amount of principal or interest falling due on any senior encumbrance, as aforesaid, judgment holder may pay the same, and all sums so advanced, with interest as aforesaid, shall immediately attach as a lien hereunder, and be payable upon demand), or upon failure or inability faithfully and fully to keep and perform any of the conditions or covenants herein provided, then upon each and every such default so made, it is expressly covenanted and agreed by Grantor that if fifteen (15) business days after the judgment holder gives notice of such default via email to the Grantor at the following email address DIHANYD@AOL.com, and Grantor has not cured said default and provided evidence of such cure to the judgment holder, it is expressly covenanted and agreed by Grantor that judgment holder may treat the whole principal debt hereby secured as thereupon immediately due and payable, and shall, in order to recover said principal debt or sum and interest thereon until paid, have the right then or thereafter at any time to sue thereon at law or in equity or to enforce payment thereof by means of any remedies or provisions in this instrument contained; and these rights shall exist notwithstanding that, by the terms of the Judgment or Agreement hereby secured, it may not on its face be due.

8.    In the event of default occurring as described in the preceding paragraph (including non-payment of the entire indebtedness when due or accelerated), then the Trustee, on being requested to do so by Judgment holder, shall sell for cash the property, after first advertising the time, terms, and place of sale once a week for four (4) consecutive weeks in some newspaper published in or having a general circulation in, the county, city, or town wherein the Property is located, or by any other method of advertisement that the Trustee may deem appropriate. The Trustee

or party secured shall give written notice of such proposed sale by personal delivery, or by certified or registered mail to the present owner of the Property at his last known address as set forth in the Agreement, mailing a copy of the advertisement or a notice containing the same information fourteen (14) days prior to such sale shall be a sufficient compliance with the requirement of notice, failure to comply with the foregoing notice requirements shall not affect the validity of the sale under this deed of trust, and purchaser shall be under no duty to ascertain whether such a notice was validly given. The Trustee shall apply the proceeds of said sale: first to discharge the expenses of executing the trust, including commission to the Trustee of five percent (5%) of the gross proceeds of sale; secondly to discharge all taxes, levies, assessments, with costs and interest, including the due pro rata thereof for the current year; thirdly, to discharge in the order of the priority, if any, remaining debts and obligations secured by this deed of trust, and any liens of record inferior to this deed of trust, with lawful interest; and fourthly, the residue of the proceeds shall be paid to the Grantor or his assigns, provided, however, that the Trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of or upon the Grantor's equity, without actual notice thereof prior to distribution.

9.     If at the time of the sale the said Trustee shall deem it best for any reason to postpone or continue said sale for one or more days, they or he may do so, in which event, notice of such postponement or continuance shall be made in such manner as the Trustee, or the one acting may deem sufficient. It is further agreed that if said Property shall be advertised for sale as herein provided and not sold, the Trustee, or the one acting, shall be computed on the amount of the principal then unpaid.

10.     The Trustee is authorized and directed to grant a deed of release for the Property upon payment to the judgment holder of the total principal amount of the indebtedness secured hereby and all other sums due hereunder, together with accrued interest due on such amount to the date of payment.

11.     The judgment holder, with or without cause, is hereby authorized and empowered to substitute and appoint, by an instrument recorded wherever this deed of trust is recorded, a Trustee in the place of any Trustee hereunder. All power and discretion vested in the Trustees by law or by this deed of trust may be exercised by the Trustee or any substitute Trustee, and, upon any sale hereunder, a conveyance by the Trustee so acting shall be sufficient to pass title to such property.

12.     Grantor further covenants that the Trustees may rely upon the written or oral representatives of the Judgment holder that this deed of trust or the Judgment or Agreement secured hereby is in default, and all action taken pursuant to notice of default and request for foreclosure shall be binding upon Grantor, the Trustee and those claiming through or under them.

13.     Until default in the payment of the indebtedness hereby secured, or the breach of one or more of the covenants of the Agreement, or of this deed of trust, or the happening of any event which would constitute a default under the terms hereof or such Agreement, Grantor shall remain in quiet use, possession and management of the Property and in the enjoyment of the income, revenue and profits therefrom.

14.     In the event that title to the Property or any interest therein, whether legal or equitable,

becomes vested in anyone other than the Grantor, then the entire amount of the debt then become remaining unpaid, and all accrued interest thereon, shall become immediately due and payable at the option of the Judgment holder.

15.     The covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number of noun shall include the plural and the plural singular.

16.     This deed of trust is to be construed according to the laws of Virginia.

**NOTICE:     THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

WITNESS the following signatures and seals:

_____ (SEAL)
**YOURI BEITDASHTOO**

_____ (SEAL)
**NAHID AHMADPOUR**

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **YOURI BEITDASHTOO** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the ___2nd___ day of ~~July,~~ August 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me.

Given under my hand and seal this ___2nd___ day of ~~July,~~ August 2011.

_____
Notary Public, Reg. No. __7235592__

My commission expires: __05/31/13__ .

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **NAHID AHMADPOUR** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the ___2nd___ day of ~~July,~~ August 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me.

Given under my hand and seal this ___2nd___ day of ~~July,~~ August 2011.

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235592
My Commission Expires May 31, 2013

Notary Public, Reg. No. 7235592

My commission expires: 05 /31 /2013

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235592
My Commission Expires May 31, 2013

## NOTICE OF TRUSTEE SALE
### 4054 - 41st Street, North
### McLean, Virginia 22101

In execution of a Deed of Trust dated August 2, 2011, recorded in the Clerk's Office of the Circuit Court of the County Of Fairfax, as Instrument No. 2011-029643.001, securing the payment of the principal sum of $91,000 under a Settlement Agreement, default having occurred under the terms of said Settlement Agreement and, at the request of the holder of said Settlement Agreement, the undersigned Trustee will offer for sale at public auction at the main entrance of the Fairfax Circuit Court, 4110 Chain Bridge Road, Fairfax, VA 22030 on

### September 23, 2011 at 11:00 o'clock a.m.

the property described in said Deed of Trust, located at the above address and briefly described as: LOT SIXTY-SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, with improvements thereon. TERMS OF SALE: CASH; the property will sold "AS IS," WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND AND SUBJECT TO conditions, restrictions, reservations, easements, rights of way, and all other matters of record taking priority over the Deed of Trust; a deposit of $10,000.00, or 10% of the sales price, whichever is lower, cash or certified check, will be required at the time of sale with settlement within fifteen (15) days from the date of sale. In the event of default by the successful bidder, the entire deposit shall be forfeited and applied to the costs and expenses of sale and Trustee's fee. The successful bidder will be required to execute and deliver to the Trustee a memorandum of sale at the conclusion of bidding. Additional terms may be announced at the time of sale. Pursuant to the Federal Fair Debt Collection Practices Act, we advise you that this firm is acting as a debt collector attempting to collect the indebtedness referred to herein and any information we obtain will be used for that purpose. This is a communication from a debt collector. ROBERT L. VAUGHN, JR., Trustee. FOR INFORMATION CONTACT: Robert L. Vaughn, Jr. 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, 703-689-2100. Call Between 9:00 a.m. and 4:00 p.m.

42



EXHIBIT
C
41

## Laurie Salesses

| | |
|---|---|
| **From:** | "LILIAN JORGENSON" <LILIAN.JORGENSON@Longandfoster.com> |
| **To:** | <rvaughn@oconnorandvaughn.com> |
| **Cc:** | <dihanyd@aol.com> |
| **Sent:** | Friday, August 12, 2011 2:48 PM |
| **Subject:** | RE: Beitdashtoo Ahmadpour |

I recommend a list price of $1,299,000 to get the house sold. Now is our=chance, interest rates are staying low. Activity picks up after Labor D=y. Hope fully we will get it sold in the next 90 days

Lilian


Office of...
Lilian Jorgenson
Office 703-790-1990    Cell 703-407-0766    Home 703-281-3770    Ho=e Fax 703-938-7484
Click here for a free market snapshot of your neighborhood or the one you=want to live in

-----Original Message-----
From: rvaughn@oconnorandvaughn.com [mailto:rvaughn@oconnorandvaughn.com] =Sent:
Wednesday, August 10, 2011 6:51 PM
To: LILIAN JORGENSON
Cc: Laurie Salesses; Valerie Kaye
Subject: Beitdashtoo Ahmadpour

Would be helpful if you could provide me via return email confirmation th=t you would recommend a list price of $1,299K.

Thanks.
Sent from my Verizon Wireless BlackBerry


EXHIBIT
D

43                                                          9/16/2011 42

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re  YOURI BEITDASHTOO          :
       Debtor                     :
                                  :     Case No.  11-16702
                                  :     Chapter   13
_____ :

#### NOTICE OF CONVERSION OF CASE TO CHAPTER 7

COMES NOW, YOURI BEITDASHTOO,

debtors, and represent to the Court as follows:

1. Debtor filed a petition for an order for relief under Chapter 13 of the Bankruptcy Code on September 13, 2011, and a Chapter 13 order for relief was granted.

2. Debtor is qualified to file for an order for relief under Chapter 7 of the Bankruptcy Code.

3. Debtor is permitted, pursuant to 11 USC Section 1307(a), and without objection, to convert his Chapter 13 petition at will to a case under Chapter 7.

WHERFORE, debtor prays for an order of relief under Chapter 7 of the Bankruptcy Code pursuant to 11 USC Section 1307(a).

Date:  <u>March 24, 2012</u>                    /s/ Nathan Fisher
                                               Nathan Fisher
                                               Counsel for Debtor - #37161
                                               3977 Chain Bridge Rd., #2
                                               Fairfax, VA  22030
                                               (703) 691-1642

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this 24th day of March, 2012, I served the foregoing parties on the attached mailing matrix, via first-class mail, under Local Rule 4001(a)-1(E)(1), and, also:

**Thomas Gorman, Trustee**
**201 N. Union Street, Ste. 120**
**Alexandria, VA  22314**

                                        **/s/ Nathan Fisher**
                                        **Nathan Fisher**

1800 I Street Associates


Ally Financial
200 Renaissance Ctr
Detroit, MI 48243


American Express
American Express Special Research
Po Box 981540
El Paso, TX 79998


Barclays Bank Delaware
Attention: Bankruptcy
Po Box 8801
Wilmington, DE 19899


BMW Bank of North America
PO Box 78066
Phoenix, AZ 85062


Capital One, N.a.
Capital One Bank (USA) N.A.
Po Box 30285
Salt Lake City, UT 84130


Chase
201 N. Walnut St//De1-1027
Wilmington, DE 19801


Citibank Sd, Na
Attn: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195


Dsnb Macys
9111 Duke Blvd
Mason, OH 45040


First Data
1307 Walt Whitman Rd
Melville, NY 11747

Hsbc Bank
Attn: Bankruptcy
Po Box 5213
Carol Stream, IL 60197


Long & Foster
6862 Elm Street
Mc Lean, VA 22101


Nationwide Registry
c/o 11490 Commerce Park Dr.,
Suite 510
Reston, VA 20191


Nordstrom FSB
Recovery/ Bankruptcy Department
Po Box 6566
Englewood, CO 80155


Office of the U.S. Trustee
115 South Union St., Ste. 210
Alexandria, VA 22314


Plains Commerce Bank
Po Box 1059
Aberdeen, SD 57402


Rosenberg & Associates
Attn: Mark Meyer
7910 Woodmont Ave., Ste. 750
Bethesda, MD 20814


Sears/cbna
Po Box 6189
Sioux Falls, SD 57117


Suntrust Bank
Po Box 85526
Richmond, VA 23285


The Duff Law Firm
11320 Random Hills Road
Suite 630
Fairfax, VA 22030

Thompson McMullan
100 Shockhope Slip. 3rd Floor
Richmond, VA 23219

Wachovia
Attn: Bankruptcy
4101 Wiseman Blvd
San Antonio, TX 78251

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
_____ Alexandria _____ Division

In re   Youri Beitdashtoo

                                        Case No.   11-16702-BFK
                     Debtor(s)          Chapter 7

## ORDER UPON CONVERSION OF CHAPTER 13 TO CHAPTER 7

The debtor(s) in this case filed a petition under Chapter 13 of the Bankruptcy Code on _____ Sept 13, 2011 _____, and on _____ March 22, 2012 _____, filed a notice of conversion to one under Chapter 7.  Accordingly, it is **ORDERED** that:

1.  The Trustee in the superseded case shall file a final report and account as required by Federal Rule of Bankruptcy Procedure 1019(5) with the Court within **30 days** after the conversion of this case, with a copy to be mailed to the United States Trustee;

2.  The debtor(s), pursuant to Local Bankruptcy Rule 1017-1(A), shall file with the Court within **14 days** after the conversion of this case as applicable, either:

(a)     a schedule of unpaid debts incurred after commencement of original bankruptcy case, and a list of creditors in the format required by the Clerk, **or**
(b)     a certification that no unpaid debts have been incurred since the commencement of the case.

*[If the debtor fails to file the schedule and list referred to above on the date of conversion of the case, any such subsequent filing shall be treated as an amendment under Local Rule 1009-1 and the debtor shall be required to give all required notices and distribute all required copies, including copies to the trustee and the United States Trustee.]*

3.  *[If original case filed on or after October 17, 2005]* The debtor(s), pursuant to Local Bankruptcy Rule 1017-1(C), shall file with the Court within **14 days** after the conversion of this case a Chapter 7 Statement of Current Monthly Income and Means Test Calculation, Official Form B22A

4.  The debtor(s), pursuant to Federal Rule of Bankruptcy Procedure 1019(1)(B), shall file with the Court a Statement of Intention with respect to secured property, if required, within **30 days** after the conversion of this case or before the first date set for the meeting of creditors in the converted case, whichever is earlier.

5.  *[If applicable]* If the Chapter 13 plan had been confirmed, the debtor(s) shall file within **45 days** after the conversion of this case, pursuant to Federal Rule of Bankruptcy Procedure 1019(5)(C), either:

(a)     a schedule of property not listed in the final report and account acquired after filing of the original petition but before entry of conversion order and a schedule of executory contracts and unexpired leases entered into or assumed after the filing of the original petition but before entry of the conversion order, **or**
(b)     a certification that the schedules already filed accurately reflect the debtor's financial affairs as of the date the case was converted.

6.  *[If applicable]* If the debtor(s) has been making payments by payroll deduction, the employer set forth in the order for payroll assignment shall cease any payroll deductions for the benefit of the Chapter 13 Trustee.

.

                                        WILLIAM C. REDDEN
                                        Clerk of Court

Date: __ March 27, 2012 _____        By:  **/s/ Sherri Stewart** _____
                                                        Deputy Clerk

                                        NOTICE OF JUDGMENT OR ORDER
                                        ENTERED ON DOCKET
                                         March 27, 2012 _____

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| YOURI BEITDASHTOO | ) | |
| | ) | Case No. 11-16702-BFK |
| | ) | Chapter 7 (Converted Chapter 13) |
| | ) | |
| _____ | ) | |
| | ) | |
| NATIONWIDE REGISTRY & | ) | |
| SECURITY LTD. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YOURI BEITDASHTOO | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DONALD F. KING, TRUSTEE | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## MOTION FOR RELIEF FROM STAY AND
## NOTICE OF MOTION AND HEARING

Plaintiff, Nationwide Registry and Security Ltd. ("NRS"), by and through its undersigned counsel, moves this Court for relief from the automatic stay, and in support thereof, states as follows:

1.    This Court has jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157, and a contested matter pursuant to Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

*Robert L. Vaughn, Jr. VSB 20633*
*O'Connor & Vaughn, LLC*
*11490 Commerce Park Drive, Suite 510*
*Reston, VA 20191*
*703-689-2100*

2.      The Defendant/Debtor, Youri Beitdashtoo ("Debtor")  filed a Chapter 13 petition in this Court on September 13, 2011.  After it was demonstrated that Debtor's efforts to formulate a Chapter 13 plan were in bad faith, this Court gave the Debtor the option of either dismissing the Chapter 13 proceeding or converting the same to a Chapter 7; Debtor elected the latter, principally to continue to use the benefit of this Court to prevent NRS from exercising its rights under a Deed of Trust against the Debtor's residence.

3.      Donald F. King, Esq. been appointed as Chapter 13 Interim Trustee.  Over the objections of NRS, Mr. King's law firm, Odin, Feldman & Pittleman, P.C., and his partner, James Reynolds, have been appointed as counsel for the Trustee.

4.      Debtor is the Husband of Nahid Ahmadpour ("Ahmadpour").

5.      Debtor and his Wife are the title holders of certain real property known as Lot Sixty-six (66), Section Four (4), Chain Bridge Forest, also known as  4054 - 41st Street, North, McLean, Virginia 22101 (the "Property").

6.      On January 17, 2008, NRS obtained a judgment in the Circuit Court of Fairfax County against Ahmadpour, in the principal sum of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000.  Said judgment was based upon a series of ten (10) drafts written by Ahmadpour on her Chevy Chase Bank account between October 8 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank for insufficient funds.  The current balance due on said judgment, exclusive of additional attorney's fees which have accrued since the entry thereof, is in excess of $180,000.

7.      As a consequence of her actions, the Debtor also was criminally charged with drawing and passing checks without sufficient funds with the intent to defraud.  On or about November 9, 2006, Debtor entered a guilty plea to the aforesaid charges.

8. During the course of its attempts to collect on the subject judgment, NRS learned that on or about September 11, 2005, Ahmadpour had voluntarily and without consideration transferred the Property, which up until that time, was in her sole name, into the names of herself and the Debtor as tenants by the entirety. Said transfer also was made with the intent to hinder, delay and defraud creditors. The Deed representing said transfer is recorded among the land records of Fairfax County, Virginia, in Deed Book 17782 at Page 2081.

9. Shortly after the transfer, Debtor used the Property as security for a credit line loan from World Savings Bank, FSB ("World Savings") with a maximum loan amount of $937,500. A Deed of Trust securing said loan, dated September 12, 2005, is recorded among the land records of Fairfax County, Virginia in Deed Book 17782 at Page 2083. Upon information and belief, Wachovia Mortgage and/or Wells Fargo Bank, N.A.("Wells Fargo") is the successor in interest of World Savings and current holder of said loan (said Deed of Trust will be hereinafter referred to as the "First Trust"). Per the Proof of Claim filed by Wells Fargo, as of September 28, 2011, the payoff of the First Trust was $799,588.20; upon information and belief, the current payoff is at least that amount.

10. Debtor also used the Property as security for a loan from SunTrust Bank ("SunTrust") in the principal amount of $40,000, said loan being secured by a Deed of Trust dated November 13, 2006, and recorded among the land records of Fairfax County, Virginia in Deed Book 18982 at Page 1634 (the "Second Trust"). As of September 19, 2011, according to the Proof of Claim filed by SunTrust, the payoff of the Second Trust was $39,770.94.

11. NRS also learned that during this same period of time that Ahmadpour had voluntarily and without consideration transferred her solely owned business, HEMETAF, Inc., ("HEMETAF") into the name of the Debtor, also to avoid collection.

12.     Upon learning the foregoing, NRS was forced to file another action in the Circuit Court of Fairfax County against the Debtor and Ahmadpour seeking to set aside the transfer of the Property and of the business.

13.     On October 18, 2010, after a trial, the Circuit Court entered an Order setting aside the foregoing transfer of the business and deeming Ahmadpour as the 100% owner of HEMETAF, Inc.

14.     The action seeking to set aside the transfer of the Property was scheduled for trial on August 31, 2011.

15.     As part of its ongoing collection efforts, shortly after the October 18, 2010 ruling and decision, NRS levied upon the stock of HEMETAF, Inc. and caused it to be sold at public auction, at which auction NRS was the purchaser. NRS then proceeded to liquidate the business.

16.     While the liquidation of the business was proceeding, and while the aforesaid action seeking to set aside the transfer of the Property was pending, the Debtor and Ahmadpour listed the Property for sale apparently in the belief that they could do so and retain the proceeds of sale despite the pending lawsuit and without payment of the judgment to NRS.

17.     When it became apparent to the Debtor and Ahmadpour that their efforts to sell the Property and retain the proceeds without paying NRS would not be successful, and so as to stop the liquidation of the business, the Debtor and Ahmadpour entered into a Settlement Agreement for payment of the judgment. Under the terms of the Agreement, the Property would be listed for sale at the list price recommended by the listing realtor, and sold, with NRS being paid $91,000 of the sale proceeds in satisfaction of the judgment, a substantially reduced sum.

18.     The obligations of the Debtor and Ahmadpour under the Agreement were secured by a Deed of Trust against the Property dated August 2, 2011, and recorded in the Clerk's Office of the Circuit Court of the County Of Fairfax, as Instrument No. 2011-029643.001 ("NRS

Trust"). A true and accurate copy of the NRS Trust, which is the third trust against the Property, was attached as Exhibit B to the Lift Stay Motion filed in the Chapter 13 proceedings.

19.     Shortly after entering into the Agreement, Debtor and Ahmadpour defaulted under the terms thereof, specifically the requirement that the Property be listed for the sale price recommended by the listing realtor so as to ensure the sale thereof in a timely manner. Due notice of the default and an opportunity to cure was provided to the Debtor and Ahmadpour per the terms of the NRS Deed of Trust. Upon their refusal to cure the default, foreclosure proceedings were instituted against the Property with the sale scheduled to be held on September 23, 2011.

20.     Pursuant to the express terms of the Agreement, upon default, the agreement of NRS to accept less than the full amount which was due and owing on the judgment became null, void and no longer of any force and effect, and NRS retained any and all remedies it had for collection thereof under the laws of the Commonwealth and under the Agreement.

21.     Per the terms of the Order entered by the Circuit Court of Fairfax County on September 16, 2011, the Plaintiff was entitled to reinstate the case upon the active docket of the court upon the failure of the Defendants, Nahid Ahmadpour and/or Youri Beitdashtoo, to comply with the terms of the subject Settlement Agreement.

22.     Debtor has listed the Property in his Schedules as exempt, claiming it is held as tenancy by the entireties with his wife.

23.     Debtor and his wife have no joint debts; accordingly, the Property is not an asset of the estate nor subject to being administered by the Chapter 7 Trustee.

24.     Moreover, the Property is not an asset of the estate as the Debtor actually has no interest in the subject Property as the same was acquired by him as a result of his Wife's transfer of her solely owned property to the Debtor and herself as tenants by the entirety in a fraudulent

54

53

attempt to insulate the property from the reach of creditors, and as such transfer was a voluntary conveyance void under Virginia law.

25.      Debtor and his wife have repeatedly abused and misused the bankruptcy process, including but not limited to, filing false and fraudulent schedules in this Court, obtaining loans against the Property by filing false and fraudulent loan applications, submitting a false and fraudulent application to lease a luxury automobile shortly before the filing of the Chapter 13 proceedings, seeking confirmation of a Chapter 13 plan in bad faith by falsifying their earnings and expenses, expending significant amounts of money gambling and taking trips to Vegas and the Carribean during the pendency of the Chapter 13 proceedings, failing to appear for 2004 Exams, failing to appear in Court for the confirmation hearings on their Chapter 13 proceedings, and filing false and fraudulent tax returns.

26.      As an example of the continuing abuse being perpetrated by the Debtor, the Debtor continues to claim the Property has a value of $1,410,000, yet during the lift stay hearing in the Chapter 13 proceedings, the Debtor himself submitted an appraisal valuing the Property at only $1,150,000.

27.      In addition to lifting the stay so that NRS can execute on its Deed of Trust against the Property, NRS requests that the Court lift the stay so that NRS can proceed with the state court proceedings seeking to set aside the transfer of the Property by the Wife from herself, solely, to herself and Debtor as tenants by the entirety.  As no relief is sought against the Debtor himself, the state court proceedings have no impact on the current bankruptcy proceedings.  In addition, all of the issues involved in the Fairfax proceedings involve solely issues of state law so that the expertise of the Bankruptcy Court is unnecessary.

28.      Modifying and/or lifting the stay also will promote judicial economy and would not interfere with the administration of the Debtor's Chapter 13 proceedings.

55

54

WHEREFORE, Plaintiff, Nationwide Registry & Security, Ltd., prays that the automatic stay be lifted so that it may enforce its Deed of Trust against the Property, inclusive of conducting a foreclosure sale of the Property; that the stay be lifted so that it may pursue the action presently pending in the Circuit Court of Fairfax County, Virginia against the Debtor and his wife; and for such additional relief as this Court deems necessary and appropriate.

**Nationwide Registry & Security, Ltd.**
*By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By _____/s/ Robert L. Vaughn, Jr._____
        Robert L. Vaughn, Jr., VSB # 20633
        *Counsel for Plaintiff*

Certificate of Service

I hereby certify that on May 8, 2012, I mailed a true copy of this Motion for Relief from Stay to each party required to receive notice:

Youri Beitdashtoo
4054 - 41st Street, North
McLean, Virginia 22101

Nathan Fisher, Esq.
3977 Chain Bridge Road, Suite #2
Fairfax Virginia 22030

Donald F. King
9302 Lee Highway, Suite 1100
Fairfax, VA 22030

Office of the US Trustee
115 S. Union Street, Suite 210
Alexandria, Virginia 22314

Carl A. Eason
Wolcott Rivers Gates
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452-1385


Billy B. Ruhling, II
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA 22102


James W. Reynolds
Odin Feldman & Pittleman PC
9302 Lee Highway, Suite 100
Fairfax, Virginia 22031

/s/ Robert L. Vaughn, Jr

Robert L. Vaughn, Jr.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
YOURI BEITDASHTOO                         )
                                          )     Case No. 11-16702-BFK
                                          )     Chapter 7 (Converted Chapter 13)
                                          )
_____          )
                                          )
NATIONWIDE REGISTRY &                     )
SECURITY LTD.                             )
                                          )
          Plaintiff                       )
                                          )
vs.                                       )
                                          )
YOURI BEITDASHTOO                         )
                                          )
and                                       )
                                          )
DONALD F. KING, TRUSTEE                   )
                                          )
          Defendants                      )
_____          )

## ORDER GRANTING RELIEF FROM THE STAY

Upon consideration of the Motion of Nationwide Registry & Security, Ltd, ("NRS"), to lift the automatic stay; it is, therefore

**ORDERED** that the automatic stay imposed by 11 U.S.C. § 362 is modified to permit NRS to enforce its rights under that certain Deed of Trust against the property known as Lot Sixty-six (66), Section Four (4), Chain Bridge Forest, also known as 4054 - 41st Street, North, McLean, Virginia 22101 (the "Property") dated August 2, 2011, and recorded as Instrument No. 2011-029643.001 in Deed Book 21787 at Page 1887 in the Clerk's Office of the Circuit Court of the County of Fairfax,("NRS Trust"); and it is further,

*Robert L. Vaughn, Jr., VSB 20633*
*11490 Commerce Park Drive, Suite 510*
*Reston, VA 20191*
*(703) 689-2100*

58     **ORDERED** that the automatic stay imposed by 11 U.S.C. § 362 is modified to permit NRS     57

to pursue its pending action against the Debtor and his wife, Nahid Ahmadpour in the Circuit Court

of Fairfax County, Virginia, Case No. Case No. 2010-15001.

Dated: _____Jul 12 2012_____, 2012.

/s/ Brian F. Kenney
_____
BRIAN F. KENNEY
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: ____7/12/2012 sas____

**I ASK FOR THIS:**

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By     /s/ Robert L. Vaughn, Jr.
        Robert L. Vaughn, Jr., VSB # 20633
        *Counsel for NRS*

    /s/ Nathan A. Fisher       *[with permission via email of 7/7/12 to Robert L. Vaughn]*
Nathan A. Fisher, Esq.
8977 Chain Bridge Road, #2
Fairfax, Virginia 22030
*Counsel for Debtor*

**ODIN FELDMAN & PITTLEMAN, P.C.**
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22030
(703) 218-2134 Telephone
(703) 218-2160 Facsimile

By     /s/ James W. Reynolds *[via email dated 6/29/2012]*
        James W. Reynolds, VSB #33226
        *Counsel for Donald F. King, Chap. 7 Trustee*

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Eastern District of Virginia
200 South Washington Street
Alexandria, VA 22314

**Case Number**  11−16702−BFK
**Chapter**  7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Youri Beitdashtoo
4054 41 Street, N.
Mc Lean, VA 22101

Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s).,(if any):
Debtor: xxx−xx−1899

Employer Tax−Identification (EIN) No(s).(if any):
Debtor:  NA

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

Youri Beitdashtoo is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**FOR THE COURT**

Dated:  August 15, 2012                    William C. Redden, CLERK

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

60                                                                                    59

B18 (Official Form 18) (12/07) − Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Eastern District of Virginia

In re:                                                              Case No. 11-16702-BFK
Youri Beitdashtoo                                                   Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0422-9        User: stewarts        Page 1 of 3        Date Rcvd: Aug 15, 2012
                           Form ID: B18           Total Noticed: 43

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 17, 2012.
db          +Youri Beitdashtoo,   4054 41 Street, N.,   Mc Lean, VA 22101-5805
cr          +Nationwide Registry & Security Ltd.,   c/o Robert L. Vaughn, Jr.,   11490 Commerce Park Drive,
             Suite 510,   Reston, VA 20191-1574
cr          +Wells Fargo Bank, N.A.,   c/o Billy B. Ruhling, II,   Troutman Sanders LLP,
             1660 International Drive,   Suite 600,   McLean, VA 22102-4877
10857767    +Ally Financial Inc. F/K/A GMAC Inc.,   c/o Carl A. Eason, Esquire,   Convergence Center IV,
             301 Bendix Road, Suite 500,   Virginia Beach, VA 23452-1388
10885275    ++BMW FINANCIAL SERVICES,   CUSTOMER SERVICE CENTER,   PO BOX 3608,   DUBLIN OH 43016-0306
             (address filed with court:  BMW Financial Services NA, LLC,   P.O. Box 3608,   Dublin, OH 43016)
10691388    +Bmw Financial Services,   Attn: Bankruptcy Department,   5550 Britton Parkway,
             Hilliard, OH 43026-7456
10691393    +First Data,   1307 Walt Whitman Rd,   Melville, NY 11747-4819
10916891    +HSBC Bank Nevada, N.A.,   by PRA Receivables Management, LLC,   PO Box 12907,
             Norfolk VA 23541-0907
10691395    +Long & Foster,   6862 Elm Street,   Mc Lean, VA 22101-3897
10691396    +Nationwide Registry,,   c/o 11490 Commerce Park Dr.,,   Suite 510,   Reston, VA 20191-0000
10691398    +O'Connor & Vaughn, LLC,   11490 Commerce Park Dr.,,   Suite 510,   Reston, VA 20191-1574
10691400    +Plains Commerce Bank,   Po Box 1059,   Aberdeen, SD 57402-1059
10691401    +Rosenberg & Associates,   Attn: Mark Meyer,   7910 Woodmont Ave., Ste. 750,
             Bethesda, MD 20814-7071
10691403    +Suntrust Bank,   Po Box 85526,   Richmond, VA 23285-5526
10919420    +The Duff Law Firm,   c/o John B Connor PLC,   1033 North Fairfax Street, Suite 310,
             Alexandria, VA 22314-1540
10691404    +The Duff Law Firm,   11320 Random Hills Road,   Suite 630,   Fairfax, VA 22030-6001
10691405    +Thompson McMullan,   100 Shockhope Slip. 3rd Floor,   Richmond, VA 23219-4100
10691406    +Wachovia,   Attn: Bankruptcy,   4101 Wiseman Blvd,   San Antonio, TX 78251-4200
10717506     Wachovia Mortgage,   PO Box 659558,   San Antonio TX 78265-9558,   Attn: Bankruptcy

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr          +EDI: QDFKING.COM Aug 16 2012 01:58:00    Donald F. King,   9302 Lee Highway, Suite 1100,
             Fairfax, VA 22031-6054
cr          +E-mail/PDF: ebnnotices@ascensioncapitalgroup.com Aug 16 2012 03:41:30
             BMW Financial Services NA, LLC,   c/o Ascension Capital Group,   P.O. Box 201347,
             Arlington, TX 76006-1347
cr          +EDI: PRA.COM Aug 16 2012 01:58:00    PRA Receivables Management, LLC,   PO Box 41067,
             Norfolk, VA 23541-1067
10691384    +EDI: GMACFS.COM Aug 16 2012 01:58:00    Ally Financial,   200 Renaissance Ctr,
             Detroit, MI 48243-1300
10697061    +EDI: GMACFS.COM Aug 16 2012 01:58:00    Ally Financial Inc. f/k/a GMAC Inc.,   P O Box 130424,
             Roseville, MN 55113-0004
10691385    +EDI: AMEREXPR.COM Aug 16 2012 01:58:00    American Express,   American Express Special Research,
             Po Box 981540,   El Paso, TX 79998-1540
10837013    +EDI: OPHSUBSID.COM Aug 16 2012 01:58:00    BACK BOWL I LLC, SERIES B,
             C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
10691386    +EDI: TSYS2.COM Aug 16 2012 01:58:00    Barclays Bank Delaware,   Attention: Bankruptcy,
             Po Box 8801,   Wilmington, DE 19899-8801
10825990    +EDI: OPHSUBSID.COM Aug 16 2012 01:58:00    CANDICA, LLC,   C O WEINSTEIN AND RILEY, PS,
             2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
10691389    +EDI: CAPITALONE.COM Aug 16 2012 01:58:00    Capital One, N.a.,   Capital One Bank (USA) N.A.,
             Po Box 30285,   Salt Lake City, UT 84130-0285
10691390    +EDI: CHASE.COM Aug 16 2012 01:58:00    Chase,   201 N. Walnut St//De1-1027,
             Wilmington, DE 19801-2920
10771521     EDI: CHASE.COM Aug 16 2012 01:58:00    Chase Bank USA, N.A.,   PO Box 15145,
             Wilmington, DE 19850-5145
10691391    +EDI: CITICORP.COM Aug 16 2012 01:58:00    Citibank Sd, Na,   Attn: Centralized Bankruptcy,
             Po Box 20507,   Kansas City, MO 64195-0507
10708524    +EDI: TSYS2.COM Aug 16 2012 01:58:00    Department Stores National Bank/Macy's,
             Bankruptcy Processing,   PO Box 8053,   Mason, OH 45040-8053
10691392    +EDI: TSYS2.COM Aug 16 2012 01:58:00    Dsnb Macys,   9111 Duke Blvd,   Mason, OH 45040-8999
10691394    +EDI: HFC.COM Aug 16 2012 01:58:00    Hsbc Bank,   Attn: Bankruptcy,   Po Box 5213,
             Carol Stream, IL 60197-5213
10832634    +EDI: OPHSUBSID.COM Aug 16 2012 01:58:00    LINDIA, LLC,   C O WEINSTEIN AND RILEY, PS,
             2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
11269896     EDI: RESURGENT.COM Aug 16 2012 01:58:00    LVNV Funding, LLC its successors and assigns as,
             assignee of FNBM,   Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
10691397    +E-mail/Text: bnc@nordstrom.com Aug 16 2012 02:17:11    Nordstrom FSB,
             Recovery/ Bankruptcy Department,   Po Box 6566,   Englewood, CO 80155-6566
10696244    +E-mail/Text: bnc@nordstrom.com Aug 16 2012 02:17:11    Nordstrom fsb,   P.O. Box 6566,
             Englewood, CO 80155-6566
10691399    +E-mail/Text: ustpregion04.ax.ecf@usdoj.gov Aug 16 2012 02:46:39    Office of the U.S. Trustee,
             115 South Union St., Ste. 210,   Alexandria, VA 22314-3361
10882623     EDI: PRA.COM Aug 16 2012 01:58:00    Portfolio Recovery Associates, LLC,   PO Box 41067,
             Norfolk VA 23541
10691402    +EDI: SEARS.COM Aug 16 2012 01:58:00    Sears/cbna,   Po Box 6189,   Sioux Falls, SD 57117-6189

District/off: 0422-9          User: stewarts          Page 2 of 3          Date Rcvd: Aug 15, 2012
                             Form ID: B18             Total Noticed: 43

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
10701117       +EDI: STF1.COM Aug 16 2012 01:58:00     SunTrust Bank,    Attn:Support Services,   PO BOX 85092,
                Richmond, VA 23285-5092
                                                                                         TOTAL: 24


              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Ally Financial Inc. F/K/A GMAC Inc.
10691383        Ally
10691387        BMW
aty*           +Donald F. King,    9302 Lee Highway, Suite 1100,    Fairfax, VA 22031-6054
cr*            +SunTrust Bank,    Attn: Support Services,    PO Box 85092,   Richmond, VA 23285-5092
                                                                          TOTALS: 3, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 17, 2012**                    **Signature:**  *Joseph Speetjens*

District/off: 0422-9          User: stewarts          Page 3 of 3          Date Rcvd: Aug 15, 2012
                             Form ID: B18            Total Noticed: 43

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 15, 2012 at the address(es) listed below:
          Billy B. Ruhling   on behalf of Creditor  Wells Fargo Bank, N.A. bill.ruhling@troutmansanders.com,
           sharron.fay@troutmansanders.com
          Carl A. Eason   on behalf of Creditor  Ally Financial Inc. F/K/A GMAC Inc. bankruptcy@wolriv.com
          Donald F. King   Kingtrustee@ofplaw.com,  val3@ecfcbis.com;dfking@ecf.epiqsystems.com
          James W. Reynolds   on behalf of Trustee Donald King jim.reynolds@ofplaw.com
          Nathan A. Fisher   on behalf of Debtor Youri Beitdashtoo Fbarsad@cs.com,  barsad@aol.com
          Richard E. Hagerty   on behalf of Creditor  Wells Fargo Bank, N.A.
           richard.hagerty@troutmansanders.com,
           sharron.fay@troutmansanders.com;anne.clark@troutmansanders.com;chelsea.sherman@troutmansanders.co
           m
          Robert L. Vaughn   on behalf of Creditor  Nationwide Registry & Security Ltd.
           rvaughn@oconnorandvaughn.com,  vkaye@oconnorandvaughn.com
                                                                            TOTAL: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
_____ Alexandria _____ Division

In re: Youri Beitdashtoo

DEBTOR NAME(S)                                           Case No.   11-16702-BFK

                    Debtor.

_____

ORDER DISCHARGING TRUSTEE AND CLOSING CASE
_____

It appearing to the Court that _Donald King_____, Trustee, has reduced the property and effects of the estate to cash; that the Trustee has made distribution thereof and has rendered a full and complete account thereof, and that said Trustee has performed all other and further duties required in the administration of said estate; and upon Application of the said Trustee, and the review by the United States Trustee, and it further appearing to the Court that nothing further remains to be done in this matter

It is ORDERED that the said estate be and it hereby is closed; that the Trustee be and hereby is discharged and relieved of the trust.

                                                    WILLIAM C. REDDEN
                                                    CLERK OF COURT

Date: _January 28, 2015_____                      By: _/s/ Sherri Stewart_____
                                                            Deputy Clerk

                                                    NOTICE OF JUDGMENT ORDER
                                                    ENTERED ON DOCKET:
                                                    _January 28, 2015_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Youri Beitdashtoo | ) | |
| | ) | Case No. 11-16702-BFK |
| Debtor. | ) | Chapter 7 |
| | ) | |

## MOTION TO REOPEN AND FOR SANCTIONS FOR CONTEMPT AGAINST NATIONWIDE REGISTRY & SECURITY LTD. FOR VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. §§ 105 AND 524

NOW COMES the Debtor, Youri Beitdashtoo, by counsel, and hereby moves this Honorable Court to reopen Debtor's chapter 7 bankruptcy case and to hold Nationwide Registry & Security, Ltd. ("NRS") in contempt, enjoin it from proceeding further to violate the Debtor's discharge, and to award sanctions against it  pursuant to Sections 105 and 524 of the Bankruptcy Code, 11 U.S.C. §§ 105 and 524, by reason of its violations of the discharge injunction.

In support of this motion, Debtor states the following:

JURISDICTION

1. This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A) and (O).

2. Venue is proper in this District under 28 U.S.C. § 1409(a).

3. Pursuant to local rule or other order of the District Court, all bankruptcy cases and all proceedings that arise under Title 11 have been referred, as permitted by 28 U.S.C. § 157, to the United States Bankruptcy Court for the Eastern District of Virginia.

```
Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Debtor
```

66

THE DEBTOR

4. Debtor, Youri Beitdashtoo ("Debtor") filed the subject bankruptcy case pursuant to Chapter 13 of the Bankruptcy Code on September 13, 2011. The case was converted to one under Chapter 7 on March 27, 2012.

5. The Court entered an Order on August 15, 2012, discharging Debtor's Chapter 7 bankruptcy case.

6. The bankruptcy case was closed by the Court on January 28, 2015.

THE DISCHARGE VIOLATION

7. Nationwide Registry & Security, Ltd. ("NRS") has violated the discharge injunction by attempting to collect on a discharged debt.

8. Debtor scheduled counsel for NRS as a creditor in Schedule D of his bankruptcy petition, and NRS actively participated in the bankruptcy case, filing a Motion for Relief from Stay only 3 days after the case was filed.

9. On December 18, 2014, the Court entered an order of discharge in Debtor's bankruptcy case.

10. On August 18, 2012, a "BNC Certificate of Mailing of Discharge of Debtor(s)" was filed, confirming that the discharge was sent to NRS.

11. Prior to this case, on October 22, 2010, NRS, which maintains that it has a claim against Debtor's wife, had filed an action against Debtor asserting that he was the recipient of a fraudulent transfer of an interest in his residence on September 11, 2005.   (Exhibit A).

12.     On September 13, 2011, well after the alleged transfer, and after the fraudulent transfer action was commenced, Debtor filed the instant bankruptcy case.

13.     Accordingly, NRS's claim for avoidance and recovery of the allegedly fraudulent transfer was discharged in that bankruptcy case.   *See In re Rountree*, 448 BR 389 (Bankr. E.D. Va. 2011).

14.     Prior to filing this case, Debtor and his wife had conveyed a lien on their home to

Plaintiff as part of a settlement of the fraudulent transfer case, which settlement agreement NRS maintained was breached.  On October 31, 2012, Debtor filed a second Chapter 13 case in the U.S. Bankruptcy Court for the District of Columbia.  NRS also received notice and actively participated in that case, in which case Debtor paid Plaintiff's claim in full, with interest, through that plan.   Plaintiff originally filed a claim for $258,115.61, but then amended it down to $91,000, the amount of the deed of trust.   The plan was confirmed and completed, and the deed of trust was released.

15.     After Debtor completed his Chapter 13 case in the District of Columbia, on or about August 8, 2017, NRS filed in the fraudulent conveyance case a "Motion to Reinstate this Matter on the Active Docket of this Court and Schedule Trial Date on Pending Action."  (Exhibit B). Debtor advised counsel for NRS and the Fairfax County Circuit Court that the matter was discharged (Exhibit C), but (without a ruling on the discharge issue) NRS proceeded to have the motion granted and a trial date set.

16. Debtor has been required to hire an attorney to pursue this matter, and will thus incur additional attorneys' fees and expense.

17. Debtors' attorney has demanded in writing that NRS dismiss the fraudulent transfer case. NRS, through counsel, refused.

18. Debtor has experienced stress, frustration, and aggravation as a result of NRS's actions.

19. Debtor has further suffered actual damages, as he has been required to take time off work and incur costs and fees related to the Lawsuit.

REOPENING

20. Pursuant to Section 350(b) of the Bankruptcy Code, 11 U.S.C. § 350(b), a case may be reopened "to accord relief to the debtor."

21 "Because of the central role played by the discharge, reopening a closed case to redress a claimed violation of the discharge injunction is almost routinely granted." *In re Henneghan*, 03-11853-SSM, at Docket 168 (Bankr. E.D. Va. Aug. 24, 2005).

22. Relief can be accorded to Debtor and cause exists to reopen the bankruptcy case.

68

Case 1:18-cv-01022-BKS-MAS   Document 121   Filed 04/05/18   Page 26 of 97   PageID #: 8
Case 1:18-cv-01022-BKS-MAS   Document 121   Filed 04/05/18   Page 26 of 97   PageID #: 8
Document      Page 4 of 6

23. Pursuant to Rule 5010 of the Federal Rules of Bankruptcy Procedure, when the case is reopened pursuant to Section 350(b) of the Bankruptcy Code, a trustee shall not be appointed unless the court determines that a trustee is necessary to protect the interests of creditors and Debtor or to insure efficient administration of the case. Debtor does not believe that a trustee is necessary to protect his interests, and there are no additional assets to administer.

24. No fee for reopening a case is required to file an action related to Debtor's discharge.

CONTEMPT AND SANCTIONS

25. Section 524(a)(2) of the Bankruptcy Code provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of process, or an act, to collect, recover or offset any . . . debt as a personal liability of the debtor . . . [.]" 11 U.S.C. § 524(a)(2).

26. Section 105 of the Bankruptcy Code authorizes the court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105.

27. In order to state a claim for a violation of the discharge injunction, "a debtor must show [by clear and convincing evidence] that a creditor's actions constitute [] an act . . . to collect . . . [a debt] as a personal liability of the debtor." *In re Tucker*, Case No. 12-71910, slip op. at 6 (Bankr. W.D. Va. Feb. 27, 2015), citing *Harlan v. Rosenberg & Assocs., LLC & EMC Mortg. Corp. (In re Harlan)*, 402 B.R. 703, 715 (Bankr. W.D. Va. 2009) (internal quotation marks omitted). It is clear that "a violation [of Section 524(a)(2)] occurs when the debtor is exposed to personal liability." *Bradley v. Fina (In re Fina)*, 550 F. App'x 150, 154 (4th Cir. 2014).   Certainly, under *In re Rountree*, 448 BR 389 (Bankr. E.D. Va. 2011), NRS's actions are a discharge violation.  *See also In re DRI Companies,* 552 B.R. 195 (Bankr. C.D. Cal. 2016) (fraudulent transfer action is in personam); *In re Handy*, 624 F. 3d 19 (1st Circuit 2010) (discharge bars fraudulent transfer proceeding).

28. Further, in order to violate the discharge injunction, the act must be willful, which "requires only that the acts taken in violation of the injunction be intentional. In other words, a good faith mistake is generally not a valid defense." *Id*. (citations omitted). "[T]o constitute a willful act, the

4

69

creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *Cherry v. Arendall (In re Cherry),* 247 B.R. 176, 188 (Bankr. E.D. Va. 2000) (explaining that "the standard used for determining whether a stay violation was willful pursuant to § 362 may be used to determine whether a violation of the discharge [injunction] was willful"). In addition, "[i]n a civil contempt proceeding, the state of mind with which the contemnor violated a court order is irrelevant and therefore good faith, or the absence of an intent to violate the order, is no defense." *Id.; see also Fina,* 550 F. App'x at 154.   Given the notice that NRS had, it is beyond question that its actions were and continue to be willful.

29. By reason of the foregoing, Debtor seeks recovery of attorneys' fees, actual damages and punitive damages in such amount as might be allowed by this Court by reason of NRS's violation of the discharge injunction, and an order specifically directing NRS to dismiss the fraudulent conveyance proceeding against Debtor.


Accordingly, Debtor requests that his case be reopened, that NRS be found in contempt of the discharge injunction, that Debtor be awarded his attorney's fees and damages, including punitive damages, and an order specifically directing NRS to dismiss the fraudulent conveyance proceeding against Debtor.

Dated: December 12, 2017.

                        Respectfully submitted,


                        __/s/Daniel M. Press____
                        Daniel M. Press, VSB# 37123
                        CHUNG & PRESS, P.C.
                        6718 Whittier Avenue, Suite 200
                        McLean, Virginia 22101
                        (703) 734-3800
                        dpress@chung-press.com

70

<u>CERTIFICATE OF SERVICE</u>

       This is to certify that on this 12th day of December, 2017, I caused the foregoing motion to be served on the U.S. Trustee, former Chapter 7 Trustee, and Robert Vaughn, counsel for Respondent, and all other persons requesting notice, by CM/ECF, and by first class mail, postage prepaid, upon:

     Allyn Erlich, President
     502 Park Avenue, 4th Floor
     New York, NY 10022


                          /s/ Daniel M. Press_____
                         Daniel M. Press

71

**VIRGINIA:**

FILED
CIVIL INTAKE

2018 OCT 22 AM 11: 28

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

**IN THE CIRCUIT COURT OF THE COUNTY OF FAIRFAX**

NATIONWIDE REGISTRY & SECURITY, *
LTD.
                                    *
            Plaintiff
                                    *
v.                                  *       **2 0 1 0 ‐ 1 5 6 0 1**
                                    *       Case No. _____
NAHID AHMADPOUR
Serve:   4054 - 41ST Street, North    *
         McLean, VA 22101
                                    *
and
                                    *
YOURI BEITDASHTOO
Serve:   4054 - 41ST Street, North    *
         McLean, VA 22101
                                    *
and
                                    *
WELLS FARGO BANK, N.A.              *
Serve:
                                    *
and
                                    *
COMMONWEALTH TRUSTEES
Serve: Mike Amos                    *
        8601 Westwood Center Drive
        Suite 255                   *
        Vienna, Virginia 22182
                                    *
and
                                    *
SUNTRUST BANK
Serve: Dana S. Bruce                *
        919 E. Main Street, 13th Floor
        Richmond, Virginia 23219    *
                                    *
and
                                    *
CECIL STONE, TRUSTEE               *
Serve: 1001 Semmes Avenue
        Richmond, Virginia 23224    *

72

| and | * |
| **SHELIA THOMPSON, TRUSTEE** | * |
| Serve: **1001 Semmes Avenue** | |
| **Richmond, Virginia 23224** | * |
| | |
| **Defendants** | * |

## COMPLAINT

COMES NOW the Plaintiff, Nationwide Registry & Security, Ltd. ("NRS"), by counsel, and represents unto This Honorable Court as follows:

1.      Defendant, Nahid Ahmadpour ("Ahmadpour") is an individual and resident of the County of Fairfax, Commonwealth of Virginia, residing at 4054 - 41st Street, North, McLean, Virginia 22101 (the "Property").

2.      Defendant, Youri Beitdashtoo ("Beitdashtoo") is an individual and resident of the County of Fairfax, Commonwealth of Virginia, and resides in the Property.

3.      Defendant World Savings Bank, FSB ("World Savings") was the secured party and beneficiary under a Deed of Trust relating to the Property in the maximum aggregate principal amount of $937,500, dated September 12, 2005, and recorded among the land records of Fairfax County, Virginia in Deed Book 17782 at Page 2083 (the "First Trust"). Upon information and belief, Wells Fargo Bank, N.A.("Wells Fargo") is the successor in interest of World Savings and current holder of said loan. Wells Fargo is a national banking association.

4.      Defendant, Commonwealth Trustees, a Virginia limited liability company, is the Trustee of the aforesaid First Trust.

5.      Defendant SunTrust Bank ("SunTrust") was the secured party and beneficiary under a Deed of Trust relating to the Property in the maximum aggregate principal amount of $40,000

-2-

73

dated November 13, 2006 and recorded among the land records of Fairfax County, Virginia in Deed Book 18982 at Page 1634 (the "Second Trust")

6.    Defendants, Cecil Stone, Trustee and Shelia Thompson, Trustee, ("Trustees"), are the Trustees of aforesaid Second Trust.

7.    Ahmadpour and Beitdashtoo are husband and wife, and will hereinafter be collectively referred to as the "Ahmadpours."

8.    On January 17, 2008, NRS obtained a judgment in this Court against Ahmadpour, in the principal sum of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000. Said judgment was based upon a series of ten (10) drafts written by Ahmadpour on her Chevy Chase Bank account between October 8 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank.

9.    On or about November 16, 2001, while married to Beitdashtoo, Ahmadpour acquired the aforesaid real Property as "her sole and separate equitable estate" for the sum of $720,000. A copy of the Deed whereby the Property was conveyed to Ahmadpour is attached hereto as Exhibit A.

10.    By Deed dated September 11, 2005, immediately prior to the aforesaid drafts being written, and for no consideration, Ahmadpour transferred the Property into the name of herself and her husband, said Deed being recorded among the land records of Fairfax County, Virginia, in Deed Book 17782 at Page 2081. Said Deed falsely asserts that the conveyance was for consideration. At the time of the transfer, the property had been appraised as having a value of $1,075,000. A true and accurate copy of said Deed is attached hereto as Exhibit B.

11.    After the aforesaid transfer, and continuing up to this date and time, Ahmadpour has continued to reside in the Property, and has had full use and access thereto.

-3-

74

12.    On or about October 15, 2005, approximately thirty (30) days after the transfer of the Property by Ahmadpour to Beithdashtoo, Beithdashtoo obtained a loan from World Savings Bank in the aggregate principal balance of $937,500 using the Property as security therefor. In November 2006, Beithdashtoo again further encumbered the property with a $40,000 second trust. Copies of said Deeds of Trust are attached hereto as Exhibits C and D respectively.

13.    The allegations of paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

14.    The foregoing transfer of the Property was made with the intent to hinder, delay and defraud Ahmadpour's creditors, including NRS.

WHEREFORE, Nationwide Registry & Security, Ltd., requests that this Court declare the transfer as void pursuant to Va. Code § 55-80, and order that the Defendants return title to the Property to Ahmadpour.  In the alternative, Nationwide Registry & Security, Ltd. prays for a judgment against the Defendants, jointly and severally, in the amount of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $31,000.  Nationwide Registry & Security, Ltd. further prays for an award of attorney's fees and costs herein pursuant to Va. Code § 55-82.1.

                                             Nationwide Registry & Security, Ltd.
                                             By Counsel

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By _____
        Robert L. Vaughn, Jr.
        VSB No. 20633
        *Counsel for Plaintiff*

CONSIDERATION:
17th,000.00
7pt US, gass e ga-0000
Grantee Address

Prepared by & Return to
Howard M. Buchanan, LL
1790 WHLE Square Blvd
McLean, VA 22101

#01134

### D E E D   O F   C O N V E Y A N C E

THIS DEED, made this 16th day of November, 2001, by and between Mary K. WAKEFIELD and Charles E. CHRISTIANSON, wife and husband, joint tenants with the full common law right of survivorship, parties of the first part, also referred to herein as Grantors, and Nahid AHMADPOUR, married, as and for her sole and separate equitable estate, party of the second part, also referred to herein as Grantee;

### W I T N E S S E T H:

That for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars, cash in hand paid and other good and valuable consideration, receipt of which is hereby acknowledged, the parties of the first part do hereby grant and convey, in fee simple, with General Warranty and English Covenants of title, unto the party of the second part, as her sole and separate equitable estate, all that certain lot or parcel of land together with improvements thereon lying and being situate in the County of Fairfax, State of Virginia, and more particularly described as follows:

LOT SIXTY SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is duly dedicated, platted and recorded in Deed Book 3489 at Page 584, among the land records of Fairfax County, Virginia.

AND BEING the same property conveyed to the Grantors by Deed dated, December 12, 1996, recorded December 13, 1996, in Deed Book 9878, at Page 1941, among the land records of Fairfax County, Virginia.

Property Address: 4054 41st Street, North, McLean, VA 22101

TO HAVE AND TO HOLD THE SAID property by the Grantee as and for her sole and separate equitable estate, free from any rights whatsoever and from debts of and claims against any present or future husband of the said Grantee, and free from any curtesy rights or inchoate curtesy rights of said present or future husband of the Grantee, and with full and complete authority to alien, convey and encumber or otherwise deal with and dispose of the same without the necessity of joinder by or with any present or future husband.

Consideration: 720,000.00
Recording Fee: 20.00
Grantor's Tax: 720.00
State Tax: 1,080.00
County Tax: 610.00
                1,180.00

Grantee Address: 4054 41st Street, North McLean, VA 22101

—1—



PLAINTIFF'S EXHIBIT

A

ALL-STATE LEGAL

76

This conveyance is made subject to the easements, right of way, restrictions and conditions contained in the deeds forming the chain of title to this property.

The Grantors covenant that they have the right to convey the aforesaid property unto the Grantee; that the Grantee shall have quiet possession thereof; that the said Grantors have done no act to encumber said land and that they will execute such further assurances of the land as may be requisite.

WITNESS the following signatures and seals:

_Mary K. Wakefield_
Mary K. WAKEFIELD

_C. E. Christianson_
Charles E. CHRISTIANSON

STATE OF VIRGINIA        )
                                          )   to wit:
COUNTY OF ARLINGTON )

I, the undersigned Notary Public in and for the State and County aforesaid, do hereby certify that Mary K. WAKEFIELD and Charles E. CHRISTIANSON, whose names is/are signed to the foregoing Deed, dated the 16th day of November, 2001, acknowledged the same before me in my State and County aforesaid.

Given under my hand and seal this 16th day of November, 2001

_Notary signature_
                                                       Notary Public

My commission expires: 6/30/05

-2-

02/01/2002

77

Case 11-16702-BFK   Doc 172-1   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) A: Complaint   Page 7 of 37

2005039553.021      BK 17     2081     09/26/2005 14:59:40

Web Cover Sheet Version 1.0                                        Page 1 of 1

# Fairfax County Land Records
## Cover Sheet

**Instruments**
DEED

**Grantor(s)**
AHMADPOR, NAHID _J_N

**Grantee(s)**
AHMADPOR, NAHID _J_T , BEITASHTOO, YOURI _I_T

| Consideration | 0 | | Consideration % | 100 |
|---|---|---|---|---|
| Tax Exemption | | | Amount Not Taxed | |
| DEM Number | | | Tax Map Number | |
| Original Book | | | Original Page | |
| Title Company | CAP TITLE LLC | | Title Case | |
| Property Descr. | | | | |
| Certified | No | Copies | 0 | Page Range | |



[ Print Cover Sheet ]



78

## DEED

This Deed, MADE THIS 11th day of September, 2005, by and between Nahid Ahmadpour, Sole Owner, party(ies) of the first part, Grantor(s); and Nahid Ahmadpour and Youri Beitashtoo, Wife and Husband, Joint Tenants by the Entirety, party(ies) of the second part, Grantee(s); and whereas the Grantee(s) are husband and wife and the only parties to this Deed and this Deed is exempt from recordation tax pursuant to § 58.1-810(3) of the Code of Virginia; therefore

## Witnesseth

The Grantors for and in consideration of the sum of Ten and 00/100 Dollars ($10.00), grants, conveys, releases, assigns and quitclaims to the Grantee, her personal representatives, heirs and assigns, all of the Grantors' right, title, interest and estate in all that lot of ground situate in Fairfax County, Virginia and described as follows, that is to say

LOT SIXTY SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is duly dedicated, platted and recorded in deed book 3489 at page 564 among the Land Records of Fairfax County, Virginia

Tax ID 031-4-24-0066

Grantees:
Address: 4054 41st Street North, McClean, Virginia 22101

Together with all improvements thereupon, and the rights, alleys, ways, waters, easements, privileges, appurtenances and advantages belonging or appertaining thereto

As Witness the hand and seal of said Grantors, the day and year first above written.

WITNESS: _____   _____

N. _____   _____   _____   _____   {Seal}
Nahid Ahmadpour, Grantor


STATE OF VIRGINIA _____, to wit:

I HEREBY CERTIFY, That on this 11th day of September, 2005, before me, the subscriber, a Notary Public of the State and County aforesaid, personally appeared the Grantor(s) Nahid Ahmadpour, herein, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged the same for the purposes therein contained, and further acknowledged the foregoing Deed to be his/her/their act, and in my presence signed and sealed the same, giving oath under penalties of perjury that the consideration recited herein is correct.

IN WITNESS WHEREOF, I hereunto set my hand and official seal

My commission expires: _____   _____ Notary Public _____

AFTER RECORDING, PLEASE RETURN TO:
CAP Title, LLC
401 N. Washington Street, Suite 525
Rockville, Maryland 20850

09/26/2005

AFTER RECORDING RETURN TO:

CAP TITLE LLC
01 N. WASHINGTON STREET SUITE #525
ROCKVILLE, MD 20850
01-838-0500

CHICAGO TITLE INSURANCE CO

TAX ID # 031-4-24-0066

LOAN NUMBER:   0029780491

NOTE AMOUNT: $750,000.00

FOR RECORDER'S USE ONLY

## DEED OF TRUST

THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED.

THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS $937,500.00 * WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.

EXEMPT FROM GRANTOR'S TAX
UNDER VA CODE § 58.1-811 C(1)

I.   DEFINITIONS OF WORDS USED IN THIS DEED OF TRUST

(A)   Security Instrument. This Deed of Trust, which is dated SEPTEMBER 12, 2005, will be called the "Security Instrument."

(B)   Borrower. YOURI BEITDASHTOO, A MARRIED MAN

Nahid Ahmadpour

sometimes will be called "Borrower" and sometimes simply "I" or "me."

(C)   Lender. WORLD SAVINGS BANK, FSB, * * * * * * * * * * * * * * * * * * * * * * * * * ITS SUCCESSORS AND/OR ASSIGNEES, will be called "Lender." Lender is A FEDERAL SAVINGS BANK * * * * * * * * which is organized and exists under the laws of the United States. Lender's address is 1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612.

(D)   Note. The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U.S. $750,000.00 * * ("Note Amount"), plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay this debt in monthly payments and to pay the debt in full by OCTOBER 15, 2035.

(E)   Property. The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

(F)   Sums Secured. The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

(G)   Person. Any person, organization, governmental authority or other party will be called "Person."

(H)   Trustor, Beneficiary, Trustee. Borrower is the "Trustor." Lender is the "Beneficiary" and COMMONWEALTH TRUSTEES, A VIRGINIA LIMITED LIABILITY COMPANY, 809 PARK AVENUE, FALLS CHURCH, VIRGINIA 22046 * * * * * * * * * is the "Trustee."

PLAINTIFF'S
EXHIBIT
C
ALL-STATE LEGAL®

SD0864I (04.34.96/1-99) A06A          Page 1          VA
DEFERRED INTEREST          DEED OF TRUST-ADJUSTABLE
REV (08.01 05/11/05)

0029780491

## II. BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY

I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to:

(i)   pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender;

(ii)   pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property; and

(iii)   keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender.

## III. DESCRIPTION OF THE PROPERTY

I give Trustee rights in the Property described below.

(i)   The property which is located at 4054     41ST .  STREET  N, MC LEAN, VA   22101. * * * * * * * * * * * * * *.   The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument. This Property is called the "Described Property."

(ii)   All buildings and other improvements that are located on the Described Property;

(iii)   All rights in other property that I have as owner of the Described Property. These rights are known as easements, rights and appurtenances attached to the Property;

(iv)   All rents or royalties and other income from the Described Property;

(v)   All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property;

(vi)   All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property;

(vii)   All fixtures that are now or in the future will be on the Described Property or on the property described in subsection (ii) of this Section;

(viii)   All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future;

(ix)   All replacements of or additions to the property described in subsections (ii) through (viii) of this Section; and

(x)   All of the amounts that I pay to Lender under Paragraph 2 below.

## IV. BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that (i) I lawfully own the Property; (ii) I have the right to grant and convey the Property to Trustee; and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself and Trustee has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

0029780491

## COVENANTS

I promise and I agree with Lender as follows:

1.   **BORROWER'S PROMISE TO PAY**

I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes

2.   **PAYMENTS FOR TAXES AND INSURANCE**

(A)   **Borrower's Obligations**

I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any)

(B)   **Escrow Accounts**

Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; and (e) yearly mortgage insurance premiums, if any These items are called "Escrow Items" Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 USC § 2601 et seq ("RESPA"), unless another law that applies to the Funds sets a lesser amount If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge. However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds. Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage. I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender if, under paragraph 28, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument

82

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 82 of 187 PageID# 112

Case 11-16702-BFK   Doc 172-1   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) A: Complaint   Page 12 of 37

0029780491

3.   APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay prepayment charges due under the Secured Notes;

Second, to pay any advances due to Lender under this Security Instrument;

Third, to pay the amounts due to Lender under Paragraph 2 above;

Fourth, to pay interest due under the Secured Notes;

Fifth, to pay deferred interest due under the Secured Notes;

Sixth, to pay principal due under the Secured Notes;

Last, to pay late charges due under the Secured Notes.

4.   BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument.

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a lien. I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien. I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5.   BORROWER'S OBLIGATION TO MAINTAIN INSURANCE

At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of these insurance policies and renewals of the policies must include what is known as a Standard Mortgagee Clause to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds.

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "Proceeds." Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows: (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the

SD0660 (05.20.99/1-99) A06E          DEED OF TRUST-ADJUSTABLE          VA
REV. (11.20.0017-04)                 Page 4

83

0029780491

payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given

If any Proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my monthly payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes

If Lender acquires the Property under Paragraph 28 below, all of my rights in the insurance policies will belong to Lender Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law

6.    BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS
I will keep the Property in good repair including, but not limited to, keeping the Property free from debris, mold, termites, dry rot and other damaging pests and infestations I will not destroy or substantially change the Property and I will not allow the Property to deteriorate. I will keep and maintain the Property in compliance with any state or federal health and safety laws, and hazardous materials and hazardous waste laws I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of mold, termites, dry rot, other damaging pests and infestations and hazardous waste or any other hazardous materials claim If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing

7.    LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY
If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Paragraph 5 above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest at the interest rate in effect under the Secured Notes which have not been paid. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so Interest on each amount will begin to accrue on the date that the amount is advanced by Lender However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest

8.    LENDER'S RIGHT TO INSPECT THE PROPERTY
Lender, and others authorized by Lender, may enter upon and inspect the Property. They must do so in a reasonable manner and at reasonable times Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection

SD900E (06.30.99/1-99) A06P
REV. (08.01.03/1-01)

DEED OF TRUST-ADJUSTABLE
Page 5

VA

0029780401

9.   AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY
        I assign to Lender all my rights: (A) to proceeds of all awards or claims for
damages resulting from condemnation, eminent domain or other governmental taking of all
or any part of the Property; and (B) to proceeds from a sale of all or any part of
the Property that is made to avoid condemnation, eminent domain or other government
taking of the property All of those proceeds will be paid to Lender.

        If all of the Property is taken, the proceeds will be used to reduce the Sums
Secured. If any of the proceeds remain after the amount that I owe to Lender has been
paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise
in writing, if only a part of the Property is taken, the amount that I owe to Lender will be
reduced only by the amount of proceeds multiplied by the following fraction (A) the total
amount of the Sums Secured immediately before the taking, divided by (B) the fair market
value of the Property immediately before the taking The remainder of the proceeds will be
paid to me

        If I abandon the Property or if I do not answer, within 30 days, a notice from
Lender stating that a governmental authority has offered to make a payment or to settle a
claim for damages, Lender has the authority to collect the proceeds. Lender may then use
the proceeds to repair or restore the Property or to reduce the Sums Secured. The
30-day period will begin when the notice is given

        If any proceeds are used to reduce the amount of principal which I owe to Lender
under the Secured Notes, that use will not delay the due date or change the amount of any
of my monthly payments under the Secured Notes and under Paragraphs 1 and 2 above.
However, Lender and I may agree in writing to delays or changes

10.   CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS
        (A)   Borrower's Obligations
                Lender may allow a Person who takes over my rights and obligations subject
to this Security Instrument to delay or to change the amount of the monthly payments of
principal and interest due under the Secured Notes or under this Security Instrument Even
if Lender does this, however, that Person and I will both still be fully obligated under the
Secured Notes and under this Security Instrument

                Lender may allow those delays or changes for a Person who takes over my
rights and obligations, even if Lender is requested not to do so Lender will not be
required to bring a lawsuit against such a Person for not fulfilling obligations under the
Secured Notes or under this Security Instrument even if Lender is requested to do so

        (B)   Lender's Rights
                Even if Lender does not exercise or enforce any of its rights under this
Security Instrument or under the law, Lender will still have all of those rights and may
exercise and enforce them in the future Even if Lender obtains insurance, pays taxes, or
pays other claims, charges or liens against the Property, Lender will have the right under
Paragraph 28 below to demand that I make immediate payment in full of the amounts that I
owe to Lender under the Secured Notes and under this Security Instrument.

11.   OBLIGATIONS OF BORROWER, CO-SIGNORS AND OF PERSONS TAKING OVER
        BORROWER'S RIGHTS OR OBLIGATIONS
        Except as provided below, if more than one Person signs this Security Instrument, as
Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations
contained in this Security Instrument Lender may enforce Lender's rights under this Security
Instrument against each of us individually or against all of us together. This means that any
one of us may be required to pay all of the Sums Secured.

        Any Borrower who co-signs this Security Instrument but does not execute the Note
(a "co-signor") (a) is co-signing this Security Instrument only to mortgage, grant and convey
the co-signor's interest in the Property under the terms of this Security Instrument, (b) is
not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees
that Lender and any other Borrower can agree to extend, modify, forbear or make any
accommodations with regard to the terms of this Security Instrument or the Note without
the co-signor's consent

        Any Person who takes over my rights or obligations under this Security Instrument
will have all of my rights and will be obligated to keep all of my promises and agreements
made in this Security Instrument Similarly, any Person who takes over Lender's rights or
obligations under this Security Instrument will have all of Lender's rights and will be
obligated to keep all of Lender's agreements made in this Security Instrument

12.   MAXIMUM LOAN CHARGES
        If the loan secured by this Security Instrument is subject to a law which sets
maximum loan charges, and that law is finally interpreted so that the interest or other loan
charges collected or to be collected in connection with the loan exceed permitted limits,

SD006F IOC 30.99/1 991 AO5G                    DEED OF TRUST-ADJUSTABLE                    VA
REV 108 01.03/1-032                                     Page 6

85

0029780491

then (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Secured Notes or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes.

13.   LEGISLATION AFFECTING LENDER'S RIGHTS
    If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument.

14.   NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT
    Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at 4054      41ST    STREET   N, MC LEAN, VA   22101 .
A notice will be given to me at an alternative address if I give Lender notice of my alternative address. I may give notice to Lender of my alternative address in writing or by calling Lender's customer service telephone number provided or my billing statement. I may designate only one mailing address at a time for notification purposes. Except as permitted above for changes of address, any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I. (C) above entitled, "Definitions of Words Used in this Deed of Trust," unless Lender gives me notice of a different address. Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

15.   GOVERNING LAW; SEVERABILITY
    This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

16.   BORROWER'S COPY
    I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument.

17.   LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY
    If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter upon and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change rental agreements and leases. If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so.

    If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that (A) my right to occupy the Property ceases at the time the Property is sold, (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property; and (C) my wrongful and unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction. All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds.

18.   INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS
    An assignment is a transfer of rights to another. I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument. These rights to bring legal action may include an action for breach of contract, fraud, concealment of a material fact or for intentional or negligent acts. I assign these rights, and any proceeds arising from these rights, as

SD00AG 106.30.93/1-95. AO9M                    DEED OF TRUST-ADJUSTABLE                       VA
REV. 108.01 93/1-93I                                    Page 7

86

0029780491

permitted by applicable law, to Lender. Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to any amount that I may owe to Lender under the Note and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights. At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment.

### 19.    CLERICAL ERRORS
In the event Lender at any time discovers that this Security Instrument, the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error or similar error, I agree, upon notice from Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error.

### 20.    LOST, STOLEN OR MUTILATED DOCUMENTS
If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

### 21.    WAIVER OF STATUTE OF LIMITATIONS
I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes.

### 22.    CAPTIONS
The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument.

### 23.    MODIFICATION
This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

### 24.    CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS
If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that:

(A)   If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest.

(B)   The following are called the "Constituent Documents:" (i) The declaration or any other document which created the Project; (ii) By-laws of the Owners Association; (iii) Code of regulations for the Project; (iv) Articles of incorporation, trust instrument or equivalent document which creates the Owners Association; (v) The Project's covenants, conditions and restrictions; (vi) Other equivalent documents.

I shall perform all of my obligations under the Constituent Documents, including my obligation to pay, when due, all dues and assessments. If I do not pay the dues and assessments when due, Lender may, at its option, pay them. I will pay to Lender any amounts which Lender advances under this Paragraph 24 according to the terms described in Paragraph 7 above.

(C)   If the Owners Association maintains, with an insurance company reasonably acceptable to Lender, a master or blanket policy on the Project which is satisfactory to Lender and which provides insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," and Lender is provided with evidence of such master or blanket policy, then (i) Lender waives the provision in Paragraph 2(B) above for the monthly payment to Lender of the estimated yearly premium installments for hazard insurance on the Property; and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be satisfied to the extent that the required coverage is provided by the Owners Association policy. I shall give Lender prompt notice of any lapse in the required hazard insurance coverage. I shall provide a copy of such master or blanket policy to Lender annually.

SD0D9H (06.30.79/1-98) AD6I
REV. (58.91.03:1-03)

DEED OF TRUST-ADJUSTABLE
Page 8

VA

87

00297804981

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums Secured by this Security Instrument with any excess paid to me

I shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage.

(D)  I shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of condemnation, eminent domain or other governmental taking; (ii) any amendment to any provision of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally, (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the master or blanket hazard insurance policy and/or the public liability insurance coverage maintained by the Owners Association unacceptable to Lender

25.   FUTURE ADVANCES
At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to Borrower. Such future advances, with interest will then be additional Sums Secured under this Security Instrument.

26.   AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD
       OR TRANSFERRED
Acceleration of Payment of Sums Secured. Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

Exception to Acceleration of Payment of Sums Secured. If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if

       (i)     Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender,

       (ii)    Lender approves the creditworthiness of the transferee in writing,

       (iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards,

       (iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender, and

       (v)     the transferee executes an assumption agreement which is satisfactory to Lender.

The loan may be assumed under its then existing terms and conditions with one exception, the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

SD3061 (24.30.99/3-99) A96J                    DEED OF TRUST ADJUSTABLE                    VA
RFV (08.07.03/1-03)                                      Page 9

88

0029780491

**27.   SUBSTITUTION OF TRUSTEE**
I agree that (1) Lender may at any time appoint a successor trustee and (2) that Person shall become the Trustee under this Security Instrument as if originally named as Trustee.

**28.   RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY**
It will be called a "Breach of Duty" if (i) I do not pay the full amount of each monthly payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading. If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured.

If there is a Breach of Duty by me, Lender may take action to have the Property sold under any applicable Federal Law, rule or regulation and, where Federal Law is not applicable, under the law of the state where the Property is located, which will be called the "Applicable Law".

Lender does not have to give me notice of a Breach of Duty unless notice is required by Applicable Law. If Lender does not make a demand for full payment upon a Breach of Duty, Lender may make a demand for full payment upon any other Breach of Duty.

If there is a Breach of Duty, Lender may also take action to have a receiver appointed under the Applicable Law to collect rents from any tenants on the Property and to manage the Property. The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property.

Trustee shall give public notice of sale by advertising, in accordance with applicable law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located, and by such additional or any different form of advertisement Trustee deems advisable. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale.

The sale of the Property may be postponed by or at the direction of Lender except as limited or prohibited by the Applicable Law. If the Property is sold under the Applicable Law, I agree that it may be sold in one or more parcels. I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property, except to the extent that the Applicable Law limits or prohibits any such charges.

Lender will apply the proceeds from the sale of the Property in the following order: (A) to all fees, expenses and costs incurred in connection with the sale, including trustees' fees of five percent (5%) of the gross sale price and attorneys' fees, if any; (B) to all Sums Secured by this Security Instrument, and (C) any excess to the Person or Persons legally entitled to it.

**29.   RELEASE OF THIS SECURITY INSTRUMENT**
When Lender has been paid all of the amounts due under the Secured Notes and under this Security Instrument, Lender will authorize Trustee to release this Security Instrument and the Secured Notes. Borrower will pay all costs incurred by Lender or Trustee relating to the delivery of the Secured Notes and this Security Instrument, the release and its recordation to the extent allowed by law, plus a Trustee's fee in the amount as Trustee then charges by custom.

**30.   STATEMENT OF OBLIGATION**
To the extent allowed by law, I will give Lender a fee for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes.

DEED OF TRUST-ADJUSTABLE
Page 10

89

0029780049

**31.   WAIVER OF REDEMPTION**
My right of redemption is waived to the extent allowed by applicable law

**32.   RIDERS TO THIS SECURITY INSTRUMENT**
If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were part of this Security Instrument

**33.   QUICK QUALIFYING LOAN PROGRAM**
I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly This loan is called a "Quick Qualifying Loan" I have stated and I confirm that (A) I do not have any other Quick Qualifying Loans with Lender (B) I have agreed to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument, and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes

**34.   OWNER OCCUPANCY**
Lender has relied upon statements of fact which I have made to qualify for this loan I have stated and confirm that (A) the Property is my personal and primary residence, (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded, and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes

THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.

SD006K) 106.30 99/1+931 A08L                    DEED OF TRUST-ADJUSTABLE
                                                        Page 11

0029780491

NOTICE:   THE DEBT SECURED BY THIS SECURITY INSTRUMENT IS SUBJECT TO CALL
IN FULL OR THE TERMS MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE
PROPERTY BEING CONVEYED.

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in this
Security Instrument and in any rider(s) signed by me and recorded in proper official
records

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)
YOURT BETTDASHTOO

_____ (Seal)
Nahид  Ahmad pouv

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

ATTACH INDIVIDUAL   NOTARY ACKNOWLEDGEMENT

SI00061 (C8 20 09/1-99) ACSP          DEED OF TRUST-ADJUSTABLE
                                       Page 12 of 12

91

NOTARY ACKNOWLEDGEMENT

STATE OF Maryland

to wit:

COUNTY OF Montgomery

I HEREBY CERTIFY, That on this _12th_ day of _September_, 2005,
before me, the subscriber, a Notary Public of the State of Maryland and the
aforesaid county, personally appeared

_Youri Beitashtoo and Nahid Ahmadpour_

the Grantor herein, known to me (or satisfactorily proven) to be the person(s)
whose name(s) is/are subscribed to the within instrument, and acknowledged the
same for the purposes therein contained, and in my presence signed and sealed
the same, giving oath under penalties of perjury that the consideration recited
herein is correct.

        IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires                    Notary Public,

Exhibit A

LOT SIXTY SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is
duly dedicated, platted and recorded in deed book 3489 at page 564 among the Land
Records of Fairfax County, Virginia.

Tax ID:031-4-24-0066

Address: 4054 41st Street North, McClean, Virginia 22101

14

09/26/2005

WHEN RECORDED MAIL TO:

WHEN RECORDED RETURN TO:
FISERV LENDING SOLUTIONS
600-A N JOHN RODES BLVD
MELBOURNE, FL 32934
1-800-939-8258

Tax Map Reference No(s): 031-4-24-0066
Parcel ID No(s): 031-4-24-0066                                    **FOR RECORDER'S USE ONLY**

This Deed of Trust prepared by:   Diana Bass / 20062781206160 / ILS, Loan Document Specialist,
SunTrust Bank

**SUNTRUST™**

* +0002005278120616ODOT*

## DEED OF TRUST

### THIS IS A CREDIT LINE DEED OF TRUST

Maximum aggregate amount of principal
to be secured hereby at any one time: $40,000.00

### Name and address of Noteholder secured hereby:

**SunTrust Bank
CLSC - Richmond
1001 Semmes Ave
Richmond, VA 23224**

THIS DEED OF TRUST is dated November 13, 2006, among NAHID AHMADPOUR, whose address is
4054 41ST ST N, MC LEAN, VA 22101, AND; YOURI BEITDASHTOO, whose address is 4054 41ST
ST N, MC LEAN, VA 22101, ("Grantor"); SunTrust Bank, whose address is CLSC - Richmond, 1001
Semmes Ave, Richmond, VA 23224 (referred to below sometimes as "Lender" and sometimes as
"Beneficiary"); and CECIL STONE, a resident of Virginia, whose address is 1001 Semmes Avenue,
Richmond, VA 23224 and SHELIA THOMPSON, a resident of Virginia, whose address "is 1001
Semmes Avenue, Richmond, VA 23224 ("Grantee," also referred to below as "Trustee"), either of
whom may act.

CONVEYANCE AND GRANT. For valuable consideration, Grantor conveys, transfers, encumbers and
pledges and assigns to Trustee for the benefit of Lender as Beneficiary, all of Grantor's present and
future right, title, and interest in and to the following described real property, together with all existing
or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way,
and appurtenances; and all rights, royalties, and profits relating to the real property, including without
limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in
(County/City of) FAIRFAX, Commonwealth of Virginia:

LOT SIXTY SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, AS THE SAME IS DULY
DEDICATED, PLATTED AND RECORDED IN DEED BOOK 3489 AT PAGE 564 AMONG THE LAND
RECORDS OF FAIRFAX COUNTY, VIRGINIA.



## DEED OF TRUST
### (Continued)

Page 2

The Real Property or its address is commonly known as 4054 41ST ST N, MC LEAN, VA 22101. The Real Property Tax Map Reference No(s) is/are 031-4-24-0066.

**REVOLVING LINE OF CREDIT.** This Deed of Trust secures the indebtedness including, without limitation, a revolving line of credit, which obligates Lender to make advances to Borrower so long as Borrower complies with all the terms of the Credit Agreement. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Deed of Trust secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in the Credit Agreement and any intermediate balance.

**FUTURE ADVANCES.** In addition to the amounts specified in the Credit Agreement, this Deed of Trust also secures future advances.

Grantor presently, absolutely, and irrevocably assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE   (A)   PAYMENT OF THE INDEBTEDNESS   AND   (B)   PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) Grantor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (b) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court decree or order applicable to Grantor; (c) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (d) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Credit Agreement, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

> **Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) acting as Lender's agent, collect the Rents from the Property

> **Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

> **Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility

95

**DEED OF TRUST**
**(Continued)**

or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnity, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

Without otherwise limiting Grantor's covenants as provided herein, Grantor shall not without Lender's prior written consent, remove or permit the removal of sand, gravel or topsoil, or engage in borrow pit operations, or use or permit the use of the Property as a land fill or dump, or store, burn or bury or permit the storage, burning or burying of any material or product which may result in contamination of the Property or the groundwater or which may require the issuance of a permit by the Environmental Protection Agency or any state or local government agency governing the issuance of hazardous or toxic waste permits, or request or permit a change in zoning or land use classification, or cut or remove or suffer the cutting or removal of any trees or timber from the Property.

At its sole cost and expense, Grantor shall comply with and shall cause all occupants of the Property to comply with all Environmental Laws with respect to the disposal of industrial refuse or waste, and/or the discharge, processing, manufacture, generation, treatment, removal, transportation, storage and handling of Hazardous Substances, and pay immediately when due the cost of removal of any such wastes or substances from, and keep the Property free of any lien imposed pursuant to such laws, rules, regulations and orders.

Grantor shall not install or permit to be installed in or on the Property, friable asbestos or any substance containing asbestos and deemed hazardous by federal, state or local laws, rules, regulations or orders respecting such material. Grantor shall further not install or permit the installation of any machinery, equipment or fixtures containing polychlorinated biphemyls (PCBs) on or in the Property. With respect to any such material or materials currently present in or on the Property, Grantor shall promptly comply with all applicable Environmental Laws regarding the safe removal thereof, at Grantor's expense.

Grantor shall indemnify Lender and hold Lender harmless from and against all loss, cost, damage and expense (including, without limitation, attorneys' fees and costs incurred in the investigation, defense and settlement of claims) that Lender may incur as a result of or in connection with the assertion against Lender of any claim relating to the presence or removal of any Hazardous Substance, or compliance with any Environmental Law. No notice from any governmental body has ever been served upon Grantor or, to Grantor's knowledge after due inquiry, upon any prior owner of the Property, claiming a violation of or under any Environmental Law or concerning the environmental state, condition or quality of the Property, or the use thereof, or requiring or calling attention to the need for any work, repairs, construction, removal, cleanup, alterations, demolition, renovation or installation on, or in connection with, the Property in order to comply with any Environmental Law; and upon receipt of any such notice, Grantor shall take any and all steps, and shall perform any and all actions necessary or appropriate to comply with the same, at Grantor's expense. In the event Grantor fails to do so, Lender may declare this Deed of Trust to be in default.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Deed of Trust.

DEED OF TRUST
(Continued)

Page 4

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED. Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Virginia law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due, except for the Existing Indebtedness referred to below, and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may require. Policies shall be written in form, amounts, coverages and basis acceptable to Lender and issued by a company or companies acceptable to Lender. All policies shall provide that the policies shall not be invalidated by any waiver of the right of subrogation by any insured and shall provide that the carrier shall have no

DEED OF TRUST
(Continued)

right to be subrogated to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the maximum amount of your credit line and the full unpaid principal balance of any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

Application of Proceeds. Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear

Unexpired Insurance at Sale. Any unexpired insurance shall inure to the benefit of, and pass to, the purchaser of the Property covered by this Deed of Trust at any trustee's sale or other sale held under the provisions of this Deed of Trust, or at any foreclosure sale of such Property.

Compliance with Existing Indebtedness. During the period in which any Existing Indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such Existing Indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the Existing Indebtedness.

LENDER'S EXPENDITURES. If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, (C) to make repairs to the Property or to comply with any obligation to maintain Existing Indebtedness in good standing as required below, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Credit Agreement from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Credit Agreement and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Credit Agreement; or (C) be treated as a balloon payment which will be due and payable at the Credit Agreement's maturity. The Deed of Trust also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

WARRANTY; DEFENSE OF TITLE. The following provisions relating to ownership of the Property are a part of this Deed of Trust:

Title. Grantor warrants generally that: (a) Grantor holds good and marketable title to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

## DEED OF TRUST
### (Continued)

*Defense of Title.* Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

*Compliance With Laws.* Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

*Survival of Promises.* All promises, agreements, and statements Grantor has made in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's Indebtedness is paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning Existing Indebtedness are a part of this Deed of Trust:

*Existing Lien.* The lien of this Deed of Trust securing the Indebtedness may be secondary and inferior to the lien securing payment of an existing obligation. The existing obligation has a current principal balance of approximately $750000.00. Grantor expressly covenants and agrees to pay, or see to the payment of, the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

*No Modification.* Grantor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Grantor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

*Notice of Proceedings.* Grantor shall immediately notify Lender in writing should all or any part of the Property become subject to any condemnation or expropriation proceedings or other similar proceedings, including without limitation, any condemnation, confiscation, eminent domain, inverse condemnation or temporary requisition or taking of the mortgaged Property, or any part or parts of the Property. Grantor further agrees to promptly take such steps as may be necessary and proper within Lender's sole judgment and at Grantor's expense, to defend any such condemnation or expropriation proceedings and obtain the proceeds derived from such proceedings. Grantor shall not agree to any settlement or compromise of any condemnation or expropriation claim without Lender's prior written consent.

*Lender's Participation.* Lender may, at Lender's sole option, elect to participate in any such condemnation or expropriation proceedings and be represented by counsel of Lender's choice. Grantor agrees to provide Lender with such documentation as Lender may request to permit Lender to so participate and to reimburse Lender for Lender's costs associated with Lender's participation, including Lender's reasonable attorneys' fees.

*Conduct of Proceedings.* If Grantor fails to defend any such condemnation or expropriation proceedings to Lender's satisfaction, Lender may undertake the defense of such a proceeding for and on behalf of Grantor. To this end, Grantor irrevocably appoints Lender as Grantor's agent and attorney-in-fact, such agency being coupled with an interest, to bring, defend, adjudicate, settle, or otherwise compromise such condemnation or expropriation claims; it being understood, however, that, unless one or more Events of Default (other than the condemnation or expropriation of the Property) then exists under this Deed of Trust, Lender will not agree to any final settlement or compromise of any such condemnation or expropriation claim without Grantor's prior approval, which approval shall not be unreasonably withheld.

*Application of Net Proceeds.* Lender shall have the right to receive all proceeds derived or to be derived from the condemnation, expropriation, confiscation, eminent domain, inverse condemnation, or any permanent or temporary requisition or taking of the Property, or any part or parts of the Property ("condemnation proceeds"). In the event that Grantor should receive any such condemnation proceeds, Grantor agrees to immediately turn over and to pay such proceeds to Lender. All condemnation proceeds, which are received by, or which are payable to either Grantor or Lender, shall be applied, at Lender's sole option and discretion, and in such manner as Lender may determine (after payment of all reasonable costs, expenses and attorneys' fees necessarily paid or incurred by Grantor and/or Lender), for the purpose of: (a) replacing or restoring the condemned,

## DEED OF TRUST
### (Continued)

expropriated, confiscated, or taken Property; or  (b) reducing the then outstanding balance of the Indebtedness, together with interest thereon, with such payments being applied in the manner provided in this Deed of Trust. Lender's receipt of such condemnation proceeds and the application of such proceeds as provided in this Deed of Trust shall not affect the lien of this Deed of Trust.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES. The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:**

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1)  a specific tax upon this type of Deed of Trust or upon all or any part of the  Indebtedness secured by this Deed of Trust;  (2)  a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust;  (3)  a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Credit Agreement; and  (4)  a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place convenient to Lender and make it available to Lender promptly following Lender's request to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve  (1)   Borrower's and Grantor's obligations under the Credit Agreement, this Deed of Trust, and the Related Documents; and  (2)   the liens and security interests created by this Deed of Trust on the Property, whether now owned or hereafter acquired by Grantor  Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes,

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 100 of 187 PageID# 130

Case 11-16702-BFK    Doc 172-1    Filed 12/12/17    Entered 12/12/17 20:32:09    Desc.
(Exhibit(s) A: Complaint    Page 30 of 37)

### DEED OF TRUST
### (Continued)

Page 8

Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower pays all the Indebtedness when due, terminates the credit line account, and otherwise performs all the obligations imposed upon Grantor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property  Any reconveyance fee required by law shall be paid by Grantor, if permitted by applicable law.

**EVENTS OF DEFAULT.** Grantor will be in default under this Deed of Trust if any of the following happen:  (A)  Grantor commits fraud or makes a material misrepresentation at any time in connection with the Credit Agreement  This can include, for example, a false statement about Borrower's or Grantor's income, assets, liabilities, or any other aspects of Borrower's or Grantor's financial condition. (B)  Borrower does not meet the repayment terms of the Credit Agreement. (C)  Grantor's action or inaction adversely affects the collateral or Lender's rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of title or sale of the dwelling, creation of a senior lien on the dwelling without Lender's permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Deed of Trust, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Grantor to declare the entire Indebtedness immediately due and payable.  This right is in addition to all other rights given to holders of promissory notes under Title 55 of the Code of Virginia.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law. Grantor expressly waives and releases any requirement or obligation that Lender or Trustee present evidence or otherwise proceed before any court or other judicial or quasi-judicial body as a precondition to or otherwise incident to the exercise of the powers of sale authorized by this Credit Line Deed of Trust.  The proceeds of sale shall be applied by Trustee as follows:  (a) first, to pay all proper advertising expenses, auctioneer's allowance, the expenses, if any, required to correct any irregularity in the title, premium for Trustee's bond, auditor's fee, attorneys' fees, and all other expenses of sale incurred in or about the protection and execution of this Deed of Trust, and all moneys advanced for taxes, assessments, insurance, and with interest thereon at the rate provided in the Credit Agreement, and all taxes and assessments due upon the Property at time of sale, and to retain as compensation a reasonable Trustee's commission;  (b) second, to pay the whole amount then remaining unpaid on the Indebtedness;  (c) third, to pay liens of record against the Property according to their priority of lien and to the extent that funds remaining in Trustee's hands are available; and (d) last, to pay the remainder of the proceeds, if any, to Grantor, Grantor's heirs, personal representatives, successors or assigns upon the delivery and surrender to the purchaser of possession of the Property, less costs and expenses of obtaining possession.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness.  In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender  If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds  Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed.  Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**DEED OF TRUST**
**(Continued)**

Page 9

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Credit Agreement or by law.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least fourteen (14) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Grantor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees equal to 25.000% of the principal balance due on the Indebtedness at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Credit Agreement rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees equal to 25.000% of the principal balance due on the Indebtedness and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees equal to 25.000% of the principal balance due on the Indebtedness and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, a reasonable Trustee's commission and reasonable attorney fees incurred by the Trustee in performing its duties under the Deed of Trust, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee (and each of them if more than one) shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

## DEED OF TRUST
### (Continued)

Page 10

**Successor Trustee.** Lender, at Lender's option, at any time hereafter and without prior notice and without specifying any reason, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office in the jurisdiction where this Deed of Trust has been recorded. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Grantor, the book and page where this Deed of Trust is recorded, and the name of the successor trustee and the county, city or town in which he or she resides, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Power to Act Separately.** If more than one Trustee is named in this Deed of Trust, any Trustee may act alone, without the joinder of any other Trustee, to exercise any or all the powers given to the Trustees collectively in this Deed of Trust or by applicable law.

NOTICES. Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, if hand delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any person may change his or her address for notices under this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

LOSS OF PRIORITY AS TO FUTURE ADVANCES. If you request a modification of the Security Instrument or if a judgment lien or other lien is placed against the Property with the result in either case that our security interest in the Property loses priority as to future advances over subsequently recorded deeds of trust, or other liens, we shall have the right to suspend additional extensions of credit or reduce your credit limit as well as the right to exercise our other rights under this agreement.

MATURITY DATE. The maturity date of the obligations secured by this Security Instrument is 20 years from the date of this Security Instrument, as first stated above.

ARBITRATION CLAUSE. READ THIS PROVISION CAREFULLY; IT WILL HAVE A SUBSTANTIAL IMPACT ON HOW LEGAL CLAIMS WE HAVE AGAINST EACH OTHER ARE RESOLVED. For a Claim subject to arbitration, neither you nor we will have the right to: (1) have a court or a jury decide the Claim; (2) engage in information-gathering (discovery) to the same extent as in court; (3) participate in a class action in court or in arbitration; or (4) join or consolidate your Claim(s) with claims of any other person. The right to appeal is more limited in arbitration than in court and other rights in court may be unavailable or limited in arbitration.

1.   DEFINITIONS. As used in this Provision:

"You" and "your" means the persons obligated to repay the Credit.

"We", "us" and "our" means: (1) SunTrust Bank; (2) any person(s) to whom the Credit is transferred or assigned; (3) any Covered Provider; (4) the parents, subsidiaries and affiliates of the companies in (1)-(3) above; (5) the successors and predecessors of the companies in (1)-(4) above; and (6) the officers, directors and employees of the companies in (1)-(5) above.

"Covered Provider" means any third party that provides any product or service in connection with the Credit if (and only if) such third party is named as a co-party with us in a Claim asserted by you.

"Credit" means the loan or other credit extension you are receiving under this agreement or note and any prior loan or credit extension you have received from us.

"Claim" means any claim, dispute or controversy between you and us, other than any Excluded Claim or Proceeding, arising from or relating in any way to the Credit. The term "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature. "Claims" can seek relief of any type. A party does not waive the right to require arbitration of a new Claim by bringing a Claim in a lawsuit or failing to require arbitration of another Claim. Notwithstanding the broad definition of "Claim" set forth above, a "Claim" shall not include any self-help or non-judicial remedy, including but not limited to acceleration of the Credit, non-judicial foreclosure, self help repossession and/or set-off; and shall not include any individual judicial action by a party that is limited to preventing the other party from using a self-help or non-judicial remedy and that does not involve a request for damages or monetary relief of any kind.

"Excluded Claim or Proceeding" means any of the following claims or proceedings, which will not

## DEED OF TRUST
### (Continued)

Page 11

be subject to this Arbitration Provision: (1) any individual action brought by you in small claims court of your state's equivalent court, unless such action is transferred, removed, or appealed to a different court; (2) any action to effect a judicial or quasi-judicial foreclosure; (3) any eviction or other summary proceeding to secure possession of real property securing a Credit; (4) any action to assert, collect, protect, realize upon or obtain possession of the collateral for a Credit in any bankruptcy proceeding; (5) any action to quiet title; (6) any action to the extent that it seeks provisional or ancillary remedies in connection with any of the foregoing; and (7) any individual action to prohibit any of the foregoing so long as it does not involve a request for damages or monetary relief of any kind.

"Administrator" means the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371; or the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, as selected in accordance with this Provision. However, if both the NAF and AAA are unable to serve, the parties may agree upon another Administrator or, if they are unable to agree, a court shall determine the Administrator. No company may serve as Administrator, without the consent of all parties, if it adopts or has in place any formal or informal policy that is inconsistent with and purports to override the terms of this Provision.

"Notice Address" means the address that must be used for giving all notices under this Provision (other than notices given in lawsuits, which may be given in accordance with the rules of the court). The initial Notice Address for you is the latest address we have in our files. The initial Notice Address for us is : SUNTRUST BANK, 3600 SunTrust Plaza, 303 Peachtree Street N.E., Atlanta, Georgia 30308, attn: Ray Fortin, General Counsel, although we may give you notice at any time that we have changed our Notice Address.

2.    STARTING AN ARBITRATION. To start an arbitration, you or we must give written notice of an election to arbitrate, which notice may be given after a lawsuit has been filed and/or in papers filed in the lawsuit. If such a notice is given, the Claim(s) described in the notice shall be resolved by arbitration under this Provision and, to the extent consistent with this Provision, the applicable rules of the Administrator then in effect. If you elect to arbitrate a Claim, you can choose the Administrator in your notice. If we elect to arbitrate a Claim, you can choose the Administrator by giving us written notice of your selection within 20 days after the date of our notice; and we shall choose the Administrator if you do not timely do so. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be an attorney with at least ten years of experience or a retired judge unless the parties agree otherwise. Any party who wrongfully fails to comply with this Provision shall be liable to the other party for all reasonable costs, including attorneys' fees, incurred in enforcing this Provision.

3.    LOCATION AND COSTS. Any arbitration hearing that you attend will take place in a location that is reasonably convenient for you. So long as you act in good faith, we will bear any arbitration filing, administrative, hearing and similar fees which you are required to pay to pursue a Claim (whether the fees are incurred in the initial arbitration proceeding or in an appeal to a panel of arbitrators), to the extent that you would not be required to bear such fees in an appropriate court of law. Subject to the last sentence of Section 2 hereof, each party must pay for its own attorneys, experts and witnesses, regardless of who wins the arbitration, except where applicable law and/or the Administrator's rules provide otherwise.

4.    GOVERNING LAW; OBTAINING INFORMATION (DISCOVERY). This Provision involves interstate commerce and is governed by the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. (the "FAA"), and not federal or state rules of civil procedure or evidence or any state laws that pertain specifically to arbitration. However, the laws of the state of "Governing Law" or similar terminology in your loan documents shall apply to the extent, and only to the extent, that state law is applicable under, and not preempted by, the FAA. The arbitrator shall be obligated to follow applicable substantive laws, statutes of limitation and privilege rules related to any Claim. The arbitrator shall award the remedies, if any, that would be available in an individual court proceeding if arbitration had not been elected. This includes, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings); declaratory, injunctive and other equitable relief; and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the grounds for his or her decision.

5.    NO CLASS ACTIONS, ETC. Notwithstanding any other provision in this Provision to the contrary, if you or we elect to arbitrate a Claim, neither you nor we will have the right; (a) to participate in a class action in court or in arbitration, either as a class representative, class member or class opponent; or (b) to join or consolidate Claims with claims of any person other than you. No arbitrator shall have authority to conduct any arbitration in violation of this provision.

6.    EFFECT OF ARBITRATION AWARD. Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the FAA; and (2) Claims involving more than $50,000, in which event any party may appeal the award (regardless of the amount) to a three-arbitrator panel appointed by the Administrator, which will

Case 1:18-cv-00183-LMB-MSN  Document 3-1  Filed 04/05/18  Page 104 of 187 PageID# 134

Case 11-16702-BFK  Doc 172-1  Filed 12/12/17  Entered 12/12/17 20:32:09  Desc.
Exhibit(s) A: Complaint  Page 34 of 37

**DEED OF TRUST**
**(Continued)**

reconsider *de novo* any aspect of the initial award that is appealed, and whose decision will be final and binding except for any appeal right under the FAA.

7.   **CONTINUED EFFECT OF ARBITRATION PROVISION; SEVERABILITY; CONFLICTS.**   This Provision shall survive (1) any modification, extension or forbearance of or under the Credit documents; (2) your full repayment of the Credit; (3) any sale or transfer of the Credit; (4) any foreclosure or other legal proceeding by us to collect a debt owed by you; (5) the transfer of any property securing the Credit; (6) any bankruptcy (except where prohibited by bankruptcy law); and (7) any rescission by you or attempt by you to rescind the Credit pursuant to any applicable law.  If any portion of this Provision (other than Section 5(a)) cannot be enforced, the rest of this Provision will continue to apply. However, if Section 5(a) is held invalid in a proceeding in which you and we are involved, subject to the right to appeal such holding, the entire Provision (except this sentence) shall be null and void with respect to such proceeding.

**MISCELLANEOUS PROVISIONS.**  The following miscellaneous provisions are a part of this Deed of Trust:

   **Amendments.**  What is written in this Deed of Trust and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Deed of Trust.  To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

   **Caption Headings.**  Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

   **Merger.**  There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

   **Governing Law.**  This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Commonwealth of Virginia without regard to its conflicts of law provisions.   This Deed of Trust has been accepted by Lender in the Commonwealth of Virginia.

   **Joint and Several Liability.**  All obligations of Borrower and Grantor under this Deed of Trust shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower.  This means that each Borrower and Grantor signing below is responsible for all obligations in this Deed of Trust.

   **No Waiver by Lender.**  Grantor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing.  The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right.  If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Deed of Trust.  Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get Lender's consent again if the situation happens again.  Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests.   Grantor waives presentment, demand for payment, protest, and notice of dishonor.

   **Severability.**  If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced.  Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or unenforceable.

   **Non-Liability of Lender.**  The relationship between Borrower and Grantor and Lender created by this Deed of Trust is strictly a debtor and creditor relationship and not fiduciary in nature, nor is the relationship to be construed as creating any partnership or joint venture between Lender and Borrower and Grantor.  Borrower and Grantor are exercising Borrower's and Grantor's own judgement with respect to Borrower's and Grantor's business.  All information supplied to Lender is for Lender's protection only and no other party is entitled to rely on such information.  There is no duty for Lender to review, inspect, supervise or inform Borrower and Grantor of any matter with respect to Borrower's and Grantor's business.  Lender and Borrower and Grantor intend that Lender may reasonably rely on all information supplied by Borrower and Grantor to Lender, together with all representations and warranties given by Borrower and Grantor to Lender, without investigation or confirmation by Lender and that any investigation or failure to investigate will not diminish Lender's right to so rely.

   **Successors and Assigns.**  Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties,

**DEED OF TRUST**
**(Continued)**

their heirs, personal representatives, successors and assigns.   If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.**  Time is of the essence in the performance of this Deed of Trust.

**Waiver of Homestead Exemption.**  Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the Commonwealth of Virginia as to all Indebtedness secured by this Deed of Trust.

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED**

**DEFINITIONS.**  The following words shall have the following meanings when used in this Deed of Trust:

**Beneficiary.**  The word "Beneficiary" means SunTrust Bank, and its successors and assigns.

**Borrower.**  The word "Borrower" means YOURI BEITDASHTOO and includes all co-signers and co-makers signing the Credit Agreement and all their successors and assigns.

**Credit Agreement.**  The words "Credit Agreement" mean the credit agreement dated November 13, 2006, with credit limit of $40,000.00 from Borrower to Lender, together with all modifications of and renewals, replacements, and substitutions for the promissory note or agreement. **NOTICE TO GRANTOR: THE CREDIT AGREEMENT CONTAINS A VARIABLE INTEREST RATE.**

**Deed of Trust.**  The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee.

**Environmental Laws.**  The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.**  The words "Event of Default" mean individually, collectively, and interchangeably any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Existing Indebtedness.**  The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Deed of Trust.

**Grantor.**  The word "Grantor" means NAHID AHMADPOUR and YOURI BEITDASHTOO.

**Hazardous Substances.**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled.  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws.   The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.**  The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.**  The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Credit Agreement or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Credit Agreement or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.**  The word "Lender" means SunTrust Bank, its successors and assigns.  The words "successors or assigns" mean any person or company that acquires any interest in the Credit Agreement.

## DEED OF TRUST
### (Continued)

Page 14

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Trustee.** The word "Trustee" means Cecil STONE, whose address is 1001 Semmes Avenue, Richmond, VA 23224 and Shelia THOMPSON, whose address is 1001 Semmes Avenue, Richmond, VA 23224 and any substitute or successor trustees. If more than one person is named as trustee, the word "Trustee" means each such person.

EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH GRANTOR AGREES TO ITS TERMS.

THIS DEED OF TRUST IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS DEED OF TRUST IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

GRANTOR:

X _____ (Seal)
NAHID AHMADPOUR

X _____ (Seal)
YOURI BEITDASHTOO

---

### INDIVIDUAL ACKNOWLEDGMENT

STATE OF __Virginia__ )
                                                      ) SS
COUNTY OF __Fairfax__ )

On this day before me, the undersigned Notary Public, personally appeared NAHID AHMADPOUR, to me known to be the individual described in and who executed the Deed of Trust, and acknowledged that he or she signed the Deed of Trust as his or her free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this __13th__ day of __November__ 20__06__.

By _____          Residing at __Alexandria, VA 22315__

Notary Public in and for __VIRGINIA__          My commission expires __12/31/2008__

James R. Skalicky, Notary Public
Commonwealth of Virginia, City of Alexandria
My Commission Expires: December 31, 2008

DEED OF TRUST
(Continued)

Page 15

INDIVIDUAL ACKNOWLEDGMENT

STATE OF __Virginia__ _ _ _ _ _ }
                                 } SS
COUNTY OF __Fairfax__ _ _ _ _ _ }

On this day before me, the undersigned Notary Public, personally appeared YOURI BEITDASHTOO, to me known to be the individual described in and who executed the Deed of Trust, and acknowledged that he or she signed the Deed of Trust as his or her free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this _ _ _15_ _ _ day of _November_ _ _, 2006.

By _____   Residing at _Alexandria, VA 22315_

Notary Public in and for _Virginia_ _ _   My commission expires _12/31/2008_

James R. Skalicky, Notary Public
Commonwealth of Virginia, City of Alexandria
My Commission Expires December 31, 2008

108

VIRGINIA:

### IN THE CIRCUIT COURT OF THE COUNTY OF FAIRFAX

NATIONWIDE REGISTRY & SECURITY, *
LTD.

          Plaintiff

                        *

v.

                        *        **Case No. 2010-15001**

NAHID AHMADPOUR, et al.

                        *

          Defendants

### MOTION TO REINSTATE THIS MATTER ON THE ACTIVE DOCKET OF THIS COURT AND SCHEDULE TRIAL DATE ON PENDING ACTION

COMES NOW the Plaintiff, Nationwide Registry & Security, Ltd., ("NRS"), by counsel, and moves this Court to reinstate this matter on the active docket of this Court and for the scheduling of a trial date herein, and in support thereof states as follows:

1. On January 17, 2008, NRS obtained a judgment in this Court (Case No. 2007-14478) against the Defendant, Nahid Ahmadpour, in the principal sum of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000. The judgment was based upon a series of ten (10) drafts written by Ahmadpour on her Chevy Chase Bank account between October 8, 2005 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank. Ahmadpour was subsequently criminally prosecuted for her actions and plead guilty to the charges.

2. During the course of the collection proceedings, NRS discovered that Ahmadpour had transferred her interest in her solely owned business, HEMETAF, Inc., and her solely owned real estate, into the name of her husband, Defendant Youri Beitdashtoo, for the purpose of avoiding collection.

3. As a result of the foregoing, NRS was forced to file an action seeking to set aside the aforesaid transfers. On October 8, 2011, in Case No. 2009-17377, this Court entered an Order setting aside the transfer of the stock in HEMETAF, Inc. as fraudulent in nature.

4. The instant action was filed to set aside the transfer by Ahmadpour of her interest in the real property known as 4054–41st Street, North, McLean, Virginia (the "Property") to Beitdashtoo and herself as tenants by the entirety.

5. The parties entered into a Settlement Agreement ("Agreement") dated July 27, 2011, which NRS hoped and believed would result in the satisfaction of the judgment and negate the necessity of pursing this action.

6. Consistent with said Agreement, on September 16, 2011, an Order was entered in this matter removing this case from the active docket with leave to reinstate the same upon the failure of the Defendants to comply with the terms of an Agreement entered into between the parties.

7. The Defendants failed to comply with the terms of the Agreement, and thereafter attempted to avoid their obligations thereunder by multiple bankruptcy filings.

8. Defendant Ahmadpour's first Chapter 13 bankruptcy case, Case No. 11-17929 was dismissed on March 19, 2012 as a bad faith filing, a copy of the Order dismissing the same being attached hereto as **Exhibit A**.

9. Defendant Beitdashtoo's Chapter 13 bankruptcy case, Case No. 11-16702 was converted to a Chapter 7 proceeding, with the Court ultimately entering an order on June 23, 2012 modifying the automatic stay expressly providing that these proceedings could go forward as to Beitdashtoo; as copy of the aforesaid Order is attached hereto as **Exhibit B**.

11. Thereafter, the matter was reinstated on the active docket of this Court and scheduled

-2-

for trial on August 27, 2012.

11. In yet another effort to avoid payment of the subject judgment and the trial in this case, Defendant Ahmadpour filed yet another Chapter 13 bankruptcy proceeding on August 16, 2012, Case No. 2012-15026. Because of the previous filings, the stay was only in effect for 30 days unless extended by the court upon motion of the debtor. Ahmadpour filed such a motion, but the request was denied, the bankruptcy court finding that the filing was in "bad faith." A copy of the Order reflecting the Court's ruling and which terminated the automatic stay as to Ahmadpour was entered on September 23, 2012, is attached hereto as **Exhibit C**. The underlying bankruptcy case was dismissed by Order entered June 6, 2013 (**Exhibit D**).

12. In a further effort to avoid a trial in this matter, on October 31, 2012, Defendant Beitdashtoo filed yet another bankruptcy proceedings, this time in the U. S. Bankruptcy Court for the District of Columbia, Case No. 12-00722—the filing in that jurisdiction being for the express purpose of avoiding counsel for NRS knowing that counsel for NRS was not licensed in D.C., and because the Defendants had meet with no success in their serial filings in the Eastern District of Virginia. Defendant Beitdashtoo used the location of his Wife's business in D.C. as the purported basis for his filing in that jurisdiction.

13. As a result of the aforesaid filing, on January 22, 2013, this Court entered an Order staying this matter.

14. By Order entered in Beitdashtoo's D. C. Chapter 13 case on January 16, 2013, he was denied a discharge because of the previous filings in Virginia. (**Exhibit E**).

15. Pursuant to 11 U.S.C. Section 362(c)(2)(C), the automatic stay terminates as of the date and time the case Beitdahstoo was denied a discharge.

16. The end result is that all of the stays resulting from six (6) different bankruptcy

-3-

111

filings and seven (7) different bankruptcy proceedings filed by the Ahmadpour and Beitdashtoo have been lifted and/or terminated so that this matter can now finally proceed to trial.

WHEREFORE, the Plaintiff, Nationwide Registry & Security, prays that this action be reinstated on the active docket of this Court, that it be set down for trial at the first available date, and for such other and further relief as to this Court seems just and proper.

**Nationwide Registry & Security, Ltd.**
*By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile
rvaughn@oconnorandvaughn.com

By _____
     Robert L. Vaughn, Jr.
     VSB No. 20633
     *Counsel for Plaintiff*

**Certificate of Service**

The undersigned does hereby certify that a copy of the foregoing Motion to Reinstate was served this _____ day of August, 2017, upon the following who were counsel for record for the parties as of the date and time of the last stay entered in this matter:

**Daniel M. Press**
Chung & Press P.C.,
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
via facsimile 703-734-0590 and email to dpress@chung-press.com
Counsel for Defendants, Nahid Ahmadpour and Youri Beitdashtoo

**S. Moysin Reza, Esq.**
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182, VA 22102
Via facsimile 703-734-4340 and email to: mohsin.reza@troutmansanders.com
*Counsel for Wells Fargo Bank, N.A.*

112

**Mark D. Meyer, Esq.**
ROSENBERG & ASSOCIATES, LLC
7910 Woodmont Avenue, Suite 750
Bethesda, Maryland 20814
Via facsimile 301-907-8101 and email to: mmeyer@rosenberg-assoc.com
*Counsel for Commonwealth Trustees*

**Christopher M. Malone**
Thompson McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Via facsimile 804-780-1813 and email to: cmalone@t-mlaw.com
*Counsel for Suntrust Bank, Cecil Stone and Sheila Thompson, Trustees*

Robert L. Vaughn, Jr.

-5-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                          )
                                )
    NAHID AHMADPOUR             )        Case No. 11-17929-BFK
                                )        Chapter 13
                Debtor          )

### ORDER DENYING CONFIRMATION AND DISMISSING CASE

A hearing was held March 14, 2012, on the Objection (Docket No. 44) to Confirmation filed by Nationwide Registry & Security, Ltd. ("NRS"). The Debtor did not appear at the hearing, but was present by counsel. NRS was also present by counsel. The Chapter 13 Trustee, Thomas P. Gorman, Esquire, was also present at the hearing.

The burden is on the Debtor to demonstrate that all of the requirements for confirmation of a Chapter 13 plan have been satisfied. *See, e.g., Tillman v. Lombard*, 156 B.R. 156, 158 (E.D. Va. 1993) (holding that "the debtor bears the burden of demonstrating that a proposed Chapter 13 plan meets the requirements of 11 U.S.C. § 1325, including the good faith requirement of subsection (a)(3)"); *In re Allen*, No. 7-98-01521-WSR-13, 1999 Bankr. LEXIS 1766, at *30 (Bankr. W.D. Va. Sept. 9, 1999) (holding that the debtor "has the obligation to propose a plan which can be confirmed by the Court under the requirements of the Bankruptcy Code"). This the Debtor has failed to do. Further, upon consideration of the representations made by the parties at the hearing, and the arguments of counsel, the Court finds that the Debtor is not proceeding with the present case in good faith, in violation of 11 U.S.C. §§ 1325(a)(3) and (a)(7). Specifically, the Court finds that, instead of using her disposable income for the purpose of repaying her creditors in a Chapter 13 plan, the Debtor has spent inordinately large sums of money at various

Page 1 of 2



EXHIBIT
A

casinos during the course of this case. Accordingly, for the reasons stated on the record, it is

**ORDERED:**

1. Confirmation of the Debtor's Plan is denied without leave to amend.

2. The case is dismissed.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the

parties listed below.

Date: Mar 19 2012                                   /s/ Brian F. Kenney
                                                    Brian F. Kenney
Alexandria, Virginia                                United States Bankruptcy Judge


Copies to:
                                                    Entered on Docket: March 19, 2012
Nahid Ahmadpour
4054 41 Street, N.
Mc Lean, VA 22101
Debtor

Nathan A. Fisher, Esquire
3977 Chain Bridge Road, #2
Fairfax, VA 22030
Counsel for the Debtor

Robert L. Vaughn, Esquire
O'Connor & Vaughn LLC
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
Counsel for Nationwide Registry & Security, Ltd.

Thomas P. Gorman, Esquire
300 N. Washington St. Ste. 400
Alexandria, VA 22314
Chapter 13 Trustee

115

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
)
YOURI BEITDASHTOO )
) Case No. 11-16702-BFK
) Chapter 7 (Converted Chapter 13)
)
_____ )
)
NATIONWIDE REGISTRY & )
SECURITY LTD. )
)
    Plaintiff )
)
vs. )
)
YOURI BEITDASHTOO )
)
and )
)
DONALD F. KING, TRUSTEE )
)
    Defendants )
_____ )

## ORDER GRANTING RELIEF FROM THE STAY

Upon consideration of the Motion of Nationwide Registry & Security, Ltd, ("NRS"), to lift the automatic stay; it is, therefore

**ORDERED** that the automatic stay imposed by 11 U.S.C. § 362 is modified to permit NRS to enforce its rights under that certain Deed of Trust against the property known as Lot Sixty-six (66), Section Four (4), Chain Bridge Forest, also known as 4054 - 41st Street, North, McLean, Virginia 22101 (the "Property") dated August 2, 2011, and recorded as Instrument No. 2011-029643.001 in Deed Book 21787 at Page 1887 in the Clerk's Office of the Circuit Court of the County of Fairfax,("NRS Trust"); and it is further,

*Robert L. Vaughn, Jr., VSB 20633*
*11490 Commerce Park Drive, Suite 510*
*Reston, VA 20191*
*(703) 689-2100*

**ORDERED** that the automatic stay imposed by 11 U.S.C. § 362 is modified to permit NRS

116



Case 1:13-cv-00023-EJM3-MSN Document 13-12 Filed 04/40/2020 Page 117 of 12:09 Page 146 / 14
Exhibit(s) B: Motion to Reinstate    Page 9 of 15
Case 11-16702-BFK    Doc 131    Filed 07/12/12    Entered 07/12/12 14:39:12    Desc Main
Document    Page 2 of 2

to pursue its pending action against the Debtor and his wife, Nahid Ahmadpour in the Circuit Court

of Fairfax County, Virginia, Case No. Case No. 2010-15001.

Dated: **Jul 12 2012** , 2012.

**/s/ Brian F. Kenney**

BRIAN F. KENNEY
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 7/12/2012 sas

I ASK FOR THIS:

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By    /s/ Robert L. Vaughn, Jr.
      Robert L. Vaughn, Jr., VSB # 20633
      *Counsel for NRS*

__/s/ Nathan A. Fisher__    *[with permission via email of 7/7/12 to Robert L. Vaughn]*
Nathan A. Fisher, Esq.
8977 Chain Bridge Road, #2
Fairfax, Virginia 22030
*Counsel for Debtor*

**ODIN FELDMAN & PITTLEMAN, P.C.**
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22030
(703) 218-2134 Telephone
(703) 218-2160 Facsimile

By    /s/ James W. Reynolds *[via email dated 6/29/2012]*
      James W. Reynolds, VSB #33226
      *Counsel for Donald F. King, Chap. 7 Trustee*

117

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
NAHID AHMADPOUR                           )      Case No. 12-15026-BFK
                                          )      Chapter 13

## ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY

This matter having come before this Court on September 19, 2012, upon the Debtor's

Motion to Extend Automatic Stay, and the Objection thereto of Nationwide Registry & Security,

Ltd., ("NRS"); and,

The Court hearing the evidence presented by the Debtor and the argument of counsel, for

the reasons stated on the record, which reasons are incorporated herein as though fully set forth,

finds that pursuant to 11 U.S.C. §362 (c)(3)(C), the subject bankruptcy action is presumptively

filed in bad faith which may be rebutted only by clear and convincing evidence to the contrary, but

that even if a preponderance of the evidence standard applies, the Debtor has failed to demonstrate

a substantial change in her financial or personal affairs since dismissal of her prior Chapter 13

proceeding, Case No. 11-17929-BFK, which case was dismissed by Order entered March 19, 2012,

and that the Debtor has otherwise failed to carry her burden of proof; it is

**ORDERED:**

1. The Debtor's Motion to Extend the Automatic Stay is denied.

2. The automatic stay as to Debtor Nahid Ahmadpour is no longer in effect as of
September 20, 2012.

3. The Clerk shall mail a copy of this order, or give electronic notice of its entry, to the
parties listed below.

Sep 23 2012                              /s/ Brian F. Kenney

Date: _____                   _____

                                         Brian F. Kenney
                                         United States Bankruptcy Judge

                                         Entered on Docket: September 24, 2012

EXHIBIT
C

118

**I ASK FOR THIS:**

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile
By ___/s/ Robert L. Vaughn, Jr.___
Robert L. Vaughn, Jr., VSB # 20633
*Counsel for NRS*

**SEEN AND OBJECTED TO:**

**CHUNG & PRESS, P.C.**
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800 Telephone
(703) 734-0590 Facsimile

By ___/s/ Daniel M. Press per email authority___
Daniel M. Press, VSB # 37123
*Counsel for Debtor*

<u>Local Rule 9022-1(C) Certification</u>

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

___/s/ Robert L. Vaughn, Jr.___

Copies to:

Nahid Ahmadpour
4054 41st Street, North
McLean, Virginia 22101

Daniel M. Press, Esq.
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
*Counsel for Debtor*

Robert L. Vaughn, Jr., Esq.
O'CONNOR & VAUGHN LLC
11490 Commerce Park Drive, Suite 510

Reston, Virginia 20191
*Counsel for NRS*

Thomas P. Gorman, Esq.
300 N. Washington, Street, Suite 400
Alexandria, Virginia 22314
Chapter 13 Trustee

Billy B. Ruhling, II, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA 22102
*Counsel for Well Fargo Bank, N.A.*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

_____ Alexandria _____ **Division**

In re  Nahid Ahmadpour

Case No.  12-15026-BFK

Debtor(s)                        Chapter      13

## ORDER OF DISMISSAL
## UPON DENIAL OF CONFIRMATION

On _____ May 14, 2013 _____, the Court entered an Order Denying Confirmation and providing that the debtor's case would be dismissed unless, within 21 days, the debtor(s) took action under Local Bankruptcy Rule 3015-2;

___X___  It appears that the debtor(s) has not taken such action within the time given,

_____  The debtor(s) having requested and received an extension of time within which to take action under Local Bankruptcy Rule 3015-2. It appears that the debtor(s) has not taken such action within the time given,

It is, therefore,

**ORDERED**, pursuant to Local Bankruptcy Rule 3015-2, that the above case be dismissed; and it is further

*[If appropriate]* **ORDERED** that the debtor(s) pay the balance of the filing fee in the amount of  $ _____ 0.00 _____ to the Clerk of Court within 14 days of the date of this order; and it is further

**ORDERED** that dismissal of this case revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case. The trustee need not file a final report in this case unless property or money was administered.

WILLIAM C. REDDEN
Clerk of Court

Date:  June 06, 2013 _____

By /s/ Elizabeth Voehl _____
                        Deputy Clerk

NOTICE OF JUDGMENT OR ORDER
ENTERED ON DOCKET:

June 06, 2013 _____

[odisdnco ver. 12/09]

EXHIBIT
D

121

Case 13-11-00703-BFB-MSN Doc 1 Document-3 12/ Filed 04 Entered Page 2 121 of 32 09 pages # 151 / 14
Exhibit(s) B: Motion to Reinstate    Page 14 of 15
Case 12-00722  Doc 35  Filed 01/16/13    Entered 01/16/13 09:32:08    Desc Main
Document    Page 1 of 1

The order below is hereby signed.

Signed: January 16 2013



_S/Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

IN RE                                                          :
YOURI BEITDASHTOO                                  : Chapter 13 Case No. 12-00722
Debtor                                                        :

ORDER THAT NO DISCHARGE SHALL BE GRANTED PURSUANT TO 11 U.S.C. §1328(f)(1)

Upon consideration of the Trustee's Amended Motion objecting to the debtor's discharge pursuant to 11 U.S.C. §1328(f)(1), and the court record herein, and in prior case 11-16702-BFK (E.D. Va), it is,

ORDERED, that pursuant to 11 U.S.C. §1328(f)(1) the debtor shall not be granted a discharge in this case.

cc:    Youri Beitdashtoo
       4054 41st Street N
       McLean, VA 22101

       Daniel M. Press
       6718 Whittier Avenue #200
       McLean, VA 22101

       Joseph A. Guzinski
       U.S. Trustee's Office
       115 South Union Street #210 Plaza Level
       Alexandria, VA  22314

       Cynthia A. Niklas
       Chapter 13 Trustee
       4545 42nd ST NW #211
       Washington, DC  20016-4623

122



EXHIBIT
E

08-08-17;12:56 ;From: To:17037340590 ;7034716496 # 1/ 1

Case 8:11-cv-01623-EMB-MSN Doc. Filed 3-12/Filed 04/09/Entered 04/12/20:38:09 Page# 152
Exhibit(s) B: Motion to Reinstate Page 15 of 15

# VIRGINIA: IN THE CIRCUIT COURT OF FAIRFAX COUNTY

NATIONWIDE REGISTRY & SECURITY, LTD.

Plaintiff

vs.

Civil Action No. CL 2010-15001

NAHID AHMADPOUR, et. al.

Previous Chancery No. CH _____

Defendant

SERVE:

## FRIDAY MOTIONS DAY – PRAECIPE/NOTICE

Moving Party:  ☒ Plaintiff  ____ Defendant  ____ Other

Title of Motion: Motion to Reinstate This Matter on the Active Docket & Schedule Trial Date   ☒ Attached  ____ Previously Filed

DATE TO BE HEARD: 08/25/17 _____ Time Estimate (combined no more than 30 minutes): _____

Time to be Heard: ____ 9:00 a.m. with a Judge ____ 9:00 a.m. without a Judge

____ ☒ 10:00 a.m. (Civil Action Cases) Does this motion require 2 weeks notice? ____ Yes ☒ No

____ 11:30 a.m. (DOMESTIC/Family Law Cases) Does this motion require 2 weeks notice? ____ Yes ____ No

Case continued from: _____ continued to: _____
(Date)                              (Date)

Moving party will use *Court Call* telephonic appearance: ____ Yes ☒ No

Judge _____ must hear this motion because (check one reason below):
The matter is on the docket for presentation of an order reflecting a specific ruling previously made by that Judge.
This Judge has been assigned to this entire case by the Chief Judge; or,
The Judge has advised counsel that all future motions, or this specific motion, should be placed on this Judge's docket

PRAECIPE by: Robert L. Vaughn, Jr.                    O'Connor & Vaughn LLC
Printed Attorney Name/ Moving Party Name            Firm Name

11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191
Address

(703) 689-2100       (703) 471-6496       20633       rvaughn@oconnorandvaughn.com
Tel. No.                Fax No.              VSB No.      E-Mail Address (optional)

### CERTIFICATIONS

☒ I certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the subject of the motion without Court action, pursuant to Rule 4:15(b) of the Rules of the Supreme Court of Virginia; and,
☒ I have read, and complied with, each of the Instructions for Moving Party on the reverse side of this form.

_____
Moving Party/Counsel of Record

### CERTIFICATE OF SERVICE

I certify on the 8th day of August _____, 2017 ____, a true copy of the foregoing Praecipe was

☒ mailed ☐ faxed ☐ delivered to all counsel of record pursuant to the provisions of Rule 4:15(e) of the Rules of the Supreme Court of Virginia.

_____
Moving Party/Counsel of Record

CCR-E-10 (May 26, 2006 version)

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 123 of 187 PageID# 153

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 1 of 26

**V I R G I N I A :**      **IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

Nationwide Registry & Security Ltd. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

            **Plaintiff**                                  Civil Action No.  **CL 2010-1500**▓▓▓

            **vs.**

Nahid Ahmadpour et al.▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓    Previous Chancery No.  CH▓▓▓▓▓▓▓

            **Defendant**

### FRIDAY MOTIONS DAY - RESPONSE/OPPOSITION TO MOTION

**Title of Motion(s) to which Response is filed:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Responding Party:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**DATE TO BE HEARD:** ▓▓▓▓▓▓▓▓

**Time Estimate** (combined, no more than 30 minutes): ▓▓▓▓▓▓▓

**Responding Party will use** *Court Call* **telephonic appearance:**  ☒ Yes  ☑ No

**RESPONSE by:** ▓▓▓▓▓▓▓▓▓▓    ▓▓▓▓▓▓▓▓▓▓

             Printed Attorney Name/ Responding Party Name             Firm Name

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

                                  Address

▓▓▓▓▓▓▓▓▓    ▓▓▓▓▓▓▓    ▓▓▓▓▓    ▓▓▓▓▓▓▓▓

    Tel. No.                 Fax No.            VSB No.            E-Mail Address

### CERTIFICATIONS

☑ I certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the subject of the motion without Court action; and,

☑ I have read, and complied with, each of the Instructions for Responding Party on the reverse side of this form.

                                     Responding Party/Counsel of Record

### CERTIFICATE OF SERVICE

I certify on the ▓18th▓ day of ▓August▓▓▓▓▓▓, 20▓▓▓, a true copy of the foregoing Response was
☐ mailed  ☑ faxed  ☒ delivered to all counsel of record pursuant to the provisions of Rule 4:15(e) of the Rules of the Supreme Court of Virginia.

                                     Responding Party/Counsel of Record

CCR-E-20 (Revised – Jan 2013)

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 124 of 187 PageID# 154

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 2 of 26

## INSTRUCTIONS FOR RESPONDING PARTY

**PARTIES/MOTION PAPERS**: If you receive notice of a motion set for the Two Week Docket, you must file a memorandum of points and authorities of five (5) pages or less in response. Such memorandum or any other pleading in opposition to a Two Week Motion, accompanied by the Court's green colored Response/Opposition to Motion – Friday Motions Day form, must be received by the Clerk of the Court no later than 4:00 p.m. on the Friday preceding the date of the hearing, or the Court may treat the matter as uncontested. If either party believes it necessary to file a memorandum exceeding five double-spaced pages, then the parties must utilize the Briefing Schedule procedure: contact opposing counsel or the opposing party and by agreement conduct a telephone conference call with the Calendar Control Judge, (703) 246-2221; or, if agreement is not possible, give advance notice of an appearance before the Calendar Control Judge to establish a Briefing Schedule.

As files for One Week Motions are normally received by the Judges on Thursday afternoon, any written response filed to a One Week Motion, without the Court's prior approval, may not be received by the Judge prior to the hearing. Where the responding party to a One Week Motion wishes to file a response, and further wants to assure that it will be timely received by the Judge, the parties should continue the motion, by agreement, to a Two Week Docket or, absent agreement, contact the Calendar Control Judge.

**Each side should bring a draft proposed order to Court on the day of the hearing, as the ruling must be reduced to an order that day, absent leave of Court.** Cases may only be removed from the docket by the Court or by counsel for the moving party or the moving party. One Week Motions may be removed from the docket up until 4:00 p.m. on the Thursday preceding the hearing date, by contacting the Motions Clerk: (703) 246-4355. Two Week Motions may not be continued or removed from the docket after 4:00 p.m. on the Friday preceding the hearing date, without leave granted by the Judge assigned to hear the motion, for good cause shown.

If a hearing on any motion must take longer than thirty (30) minutes, the moving and responding parties, or their counsel, should appear before the Calendar Control Judge to request a hearing for a day other than a Friday. See, "Motions Requiring More than 30 Minutes" in "Friday Motions Docket Procedures" on the Court's website at http://www.fairfaxcounty.gov/courts/circuit/CCR-E-60-70.htm

**CERTIFICATE OF SERVICE**: Pursuant to Rule 4:15(e), a motions pleading shall be deemed served when it is actually received by, or in the office of, counsel of record through delivery, mailing, or facsimile transmission; not when it is mailed or sent.

### INFORMATION FOR RESPONDING PARTY

**COURTCALL TELEPHONIC APPEARANCE**: In most cases, Virginia attorneys may appear by phone in lieu of appearing in Court for the hearing. To set up a telephonic appearance, you must call (888) 882-6878. For information, please visit the Court's website at http://www.fairfaxcounty.gov/courts/circuit/CCR-E.htm  The Clerk's Office prefers that you notify it that you have set up a telephonic appearance by calling (703) 246-2880 no later than 4:00 p.m. on Thursday prior to the hearing date. *The Court encourages use of this procedure, and either party may appear by phone.* **NOTE:** Telephonic appearance is for Virginia Attorneys only.

**CONCILIATION PROGRAM**: The Fairfax Circuit Court strongly encourages use of conciliation procedures to resolve motions. The Fairfax Bar Association's Conciliation Program conducts conciliation without charge by experienced litigators, who meet in person or by telephone with all interested parties. To request conciliation, fax a Request for Conciliation form to the Fax Hotline, (703) 273-1274; e-mail a request for conciliation to: ffxconciliation@aol.com; or leave a voice mail message at (703) 627-1228. You will be contacted before the hearing date by a representative of the Conciliation Program.

CCR-F-20 (Revised – Jan 2013)

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 125 of 187 PageID# 155

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 3 of 26

V I R G I N I A:

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

NATIONWIDE REGISTRY & SECURITY LTD.   )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Law No. CL 2010-15001
                                       )
NAHID AHMADPOUR, et al.                )
                                       )
        Defendants.                    )
                                       )

## RESPONSE TO MOTION TO REINSTATE THIS MATTER ON THE ACTIVE DOCKET OF THIS COURT AND SCHEDULE TRIAL DATE ON PENDING ACTION

COME NOW Defendants Nahid Ahmadpour and Youri Beitdashtoo, by and through counsel, and in response to Plaintiff's motion state as follows.[1]

This is an *action seeking to avoid and set aside an allegedly fraudulent transfer* from Defendant Ahmadpour to her husband, Youri Beitdashtoo.

On September 13, 2011, well after the alleged transfer, and after this action was commenced, Defendant Beitdashtoo filed Chapter 13 bankruptcy (Case 11–16702–BFK in the U.S. Bankruptcy Court for the Eastern District of Virginia), which was converted to Chapter 7 on March 22, 2012.  Defendant Beitdashtoo received his discharge on August 15, 2012 (Exhibit A). Plaintiff received notice of the bankruptcy case, and actively participated, but did not seek to except its claim from discharge.   Accordingly, Plaintiff's claim for avoidance and recovery of the allegedly fraudulent transfer was discharged in that bankruptcy case.   *See In re Rountree,* 448 BR 389 (Bankr. E.D. Va. 2011).

---

[1] Defendants dispute the scurrilous assertions in the Motion, but will not take the time here to address them, as they are not at all relevant to any matter before this Court.

1

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 126 of 187 PageID# 156

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 4 of 26

Further, Defendants Beitdashtoo and Ahmadpour had conveyed a lien on their home to Plaintiff as part of a settlement. On October 31, 2012, Mr. Beitdashtoo filed a Chapter 13 case in the U.S. Bankruptcy Court for the District of Columbia. Plaintiff also received notice and actively participated in that case, in which Mr. Beitdashtoo paid Plaintiff's claim in full, with interest, through that plan (Exhibit B). Plaintiff originally filed a claim for $258,115.61 (Exhibit C), but then amended it down to $91,000 (Exhibit D). The plan was confirmed and completed (Exhibits E-F).[2] Plaintiff cannot now come into this Court and assert that it still has a fraudulent transfer claim against Defendant Beitdashtoo after the proof of claim that it filed was paid in full. The proof of claim filed in the D.C. Bankruptcy Court, and the confirmation and completion of the plan, is res judicata as to the amount and nature of the Plaintiff's claim, and Plaintiff is judicially estopped from asserting an inconsistent position after filing a claim, confirmation and completion of the plan, and payment of its filed claim in full. *In re Male*, 362 BR 238, 241-42 (Bankr. E.D. N.C. 2007); *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enter., Inc.)*, 81 F.3d 1310, 1315 (4th Cir.1996); *Bill Greever Corp. v. Tazewell Nat. Bank*, 256 Va. 250, 504 SE 2d 854 (1998).

Whether or not Plaintiff has claims against Ms. Ahmadpour, the fact that there are no valid claims against Mr. Beitdashtoo means that this action may not proceed, in light of his bankruptcy discharge and the confirmed and completed Chapter 13 plan satisfying Plaintiff's secured claim. The relief sought is to divest him of his property or seek compensation from him – Plaintiff already has a judgment against Ms. Ahmadpour. So without a claim against Mr.

---

[2] Defendants also note that the Chapter 13 case has yet to be closed (and because it was filed less than 4 years after the Chapter 7 case will not be discharged). Accordingly, the property at issue in this case remains property of the bankruptcy estate under the terms of the confirmation order, and thus proceeding in this case at this time violates the automatic stay of 11 U.S.C. § 362(a).

127

Beitdashtoo. there is nothing that can be accomplished in this action.  Accordingly. the motion to

reinstate must be denied.


        WHEREFORE, Defendant respectfully requests that Plaintiff's motion be denied.

                                    Respectfully submitted,

                                    YOURI BEITDASHTOO
                                    NAHID AHMADPOUR
                                    By counsel:

Daniel M. Press, VSB #37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
(703) 734-0590 [facsimile]
dpress@chung-press.com


3

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 128 of 187 PageID# 158

Case 11-16702-BFK    Doc 172-3    Filed 12/12/17    Entered 12/12/17 20:32:09    Desc
Exhibit(s) C: Response to Motion to Reinstate    Page 6 of 26

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2017, I caused a true copy of the foregoing Response to be served upon counsel for Plaintiff by fax transmission as follows:

Robert L. Vaughn, Esq.
O'Connor & Vaughn, LLC
11490 Commerce Park Dr. Ste. 510
Reston VA 20191
     Fax 703-471-6496

S. Moysin Reza, Esq.
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
     Fax: 703-734-4340

Mark D. Meyer, Esq.
ROSENBERG & ASSOCIATES, LLC
7910 Woodmont Avenue, Suite 750
Bethesda, Maryland 20814
     Fax: 301-907-8101

Christopher M. Malone, Esq.
Thompson McMullan. P.C.
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219
     Fax: 804-780-1813

                                   Daniel M. Press

4

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 129 of 187 PageID# 159

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 7 of 26
Case 11-16702-BFK   Doc 138   Filed 08/17/12   Entered 08/18/12 00:39:00   Desc
Imaged Certificate of Notice   Page 1 of 5

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court
Eastern District of Virginia
200 South Washington Street
Alexandria, VA 22314

**Case Number** 11–16702–BFK
**Chapter** 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Youri Beitdashtoo
4054 41 Street, N.
Mc Lean, VA 22101

Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s).,(if any):
Debtor: xxx–xx–1899

Employer Tax–Identification (EIN) No(s).(if any):
Debtor: NA

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

Youri Beitdashtoo is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**FOR THE COURT**

Dated: August 15, 2012                    William C. Redden, CLERK

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

130

Exhibit A

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 130 of 187 PageID# 160

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 8 of 26
Case 11-16702-BFK   Doc 138   Filed 08/17/12   Entered 08/18/12 00:39:00   Desc
Imaged Certificate of Notice   Page 2 of 5

B18 (Official Form 18) (12/07) – Cont

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 9 of 26
Case 11-16702-BFK   Doc 138   Filed 08/17/12   Entered 08/18/12 00:39:00   Desc
Imaged Certificate of Notice   Page 3 of 5

United States Bankruptcy Court
Eastern District of Virginia

In re:                                                            Case No. 11-16702-BFK
Youri Beitdashtoo                                                 Chapter 7
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0422-9        User: stewarts        Page 1 of 3        Date Rcvd: Aug 15, 2012
                            Form ID: B18          Total Noticed: 43

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 17, 2012.
db          +Youri Beitdashtoo,    4054 41 Street, N.,   Mc Lean, VA 22101-5805
cr          +Nationwide Registry & Security Ltd.,    c/o Robert L. Vaughn, Jr.,    11490 Commerce Park Drive,
              Suite 510,    Reston, VA 20191-1574
cr          +Wells Fargo Bank, N.A.,   c/o Billy R. Ruhling, II,    Troutman Sanders LLP,
              1660 International Drive,    Suite 600,    McLean, VA 22102-4877
10857767    +Ally Financial Inc. F/K/A GMAC Inc.,    c/o Carl A. Eason, Esquire,    Convergence Center IV,
              301 Bendix Road, Suite 500,    Virginia Beach, VA 23452-1386
10885275   ++BMW FINANCIAL SERVICES,    CUSTOMER SERVICE CENTER,    PO BOX 3608,    DUBLIN OH 43016-0306
             (address filed with court: BMW Financial Services NA, LLC,     P.O. Box 3608,   Dublin, OH 43016)
10691388    +Bmw Financial Services,    Attn: Bankruptcy Department,    5550 Britton Parkway,
              Hilliard, OH 43026-7456
10691393    -First Data,   1307 Walt Whitman Rd,    Melville, NY 11747-4819
10916891    +HSBC Bank Nevada, N.A.,    by PRA Receivables Management, LLC,    PO Box 12907,
              Norfolk VA 23541-0907
10691395    +Long & Foster,   6862 Elm Street,    Mc Lean, VA 22101-3897
10691396     Nationwide Registry,    c/o 11490 Commerce Park Dr.,,    Suite 510,    Reston, VA 20191-0000
10691398    +O'Connor & Vaughn, LLC,    11490 Commerce Park Dr.,,    Suite 510,    Reston, VA 20191-1574
10691400    +Plains Commerce Bank,    Po Box 1059,   Aberdeen, SD 57402-1059
10691401    +Rosenberg & Associates,    Attn: Mark Meyer,    7910 Woodmont Ave., Ste. 750,
              Bethesda, MD 20814-7071
10691403    +Suntrust Bank,   Po Box 85526,    Richmond, VA 23285-5526
10919420    +The Duff Law Firm,    c/o John B Connor PLC,    1033 North Fairfax Street, Suite 310,
              Alexandria, VA 22314-1540
10691404    +The Duff Law Firm,    11320 Random Hills Road,    Suite 630,    Fairfax, VA 22030-6001
10691405    +Thompson McMullan,    100 Shockhope Slip. 3rd Floor,    Richmond, VA 23219-4100
10691406    +Wachovia,   Attn: Bankruptcy,    4101 Wiseman Blvd,    San Antonio, TX 78251-4200
10/17506     Wachovia Mortgage,    PO Box 659558,    San Antonio TX 78265-9558,    Attn: Bankruptcy

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr          +EDI: QDFKING.COM Aug 16 2012 01:58:00       Donald F. King,    9302 Lee Highway, Suite 1100,
              Fairfax, VA 22031-6054
cr          +E-mail/PDF: ebmnotices@ascensioncapitalgroup.com Aug 16 2012 03:41:30
              BMW Financial Services NA, LLC,    c/o Ascension Capital Group,    P.O. Box 201347,
              Arlington, TX 76006-1347
cr           +EDI: PRA.COM Aug 16 2012 01:58:00       PRA Receivables Management, LLC,    PO Box 41067,
              Norfolk, VA 23541-1067
10691384    +EDI: GMACFS.COM Aug 16 2012 01:58:00       Ally Financial,    200 Renaissance Ctr,
              Detroit, MI 48243-1300
10697061    +EDI: GMACFS.COM Aug 16 2012 01:58:00       Ally Financial Inc. f/k/a GMAC Inc.,    P O Box 130424,
              Roseville, MN 55113-0004
10691385    +EDI: AMEREXPR.COM Aug 16 2012 01:58:00       American Express,    American Express Special Research,
              Po Box 981540,   El Paso, TX 79998-1540
10837013    +EDI: OPHSUBSID.COM Aug 16 2012 01:58:00       BACK BOWL 1 LLC, SERIES B,
              C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
10691386    +EDI: TSYS2.COM Aug 16 2012 01:58:00       Barclays Bank Delaware,    Attention: Bankruptcy,
              Po Box 8801,   Wilmington, DE 19899-8801
10825990    +EDI: OPHSUBSID.COM Aug 16 2012 01:58:00       CANDICA, LLC,    C O WEINSTEIN AND RILEY, PS,
              2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
10691389    +EDI: CAPITALONE.COM Aug 16 2012 01:58:00       Capital One, N.a.,    Capital One Bank (USA) N.A.,
              Po Box 30285,   Salt Lake City, UT 84130-0285
10691390    +EDI: CHASE.COM Aug 16 2012 01:58:00       Chase,    201 N. Walnut St//De1-1027,
              Wilmington, DE 19801-2920
10771521     EDI: CHASE.COM Aug 16 2012 01:58:00       Chase Bank USA, N.A.,    PO Box 15145,
              Wilmington, DE 19850-5145
10691391    +EDI: CITICORP.COM Aug 16 2012 01:58:00       Citibank Sd, Na,    Attn: Centralized Bankruptcy,
              Po Box 20507,   Kansas City, MO 64195-0507
10708524    +EDI: TSYS2.COM Aug 16 2012 01:58:00       Department Stores National Bank/Macy's,
              Bankruptcy Processing,    PO Box 8053,    Mason, OH 45040-8053
10691392    +EDI: TSYS2.COM Aug 16 2012 01:58:00       Dsnb Macys,    9111 Duke Blvd,    Mason, OH 45040-8999
10691394    +EDI: HFC.COM Aug 16 2012 01:58:00       Hsbc Bank,    Attn: Bankruptcy,    Po Box 5213,
              Carol Stream, IL 60197-5213
10832634    +EDI: OPHSUBSID.COM Aug 16 2012 01:58:00       LINDIA, LLC,    C O WEINSTEIN AND RILEY, PS,
              2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
11269896     EDI: RESURGENT.COM Aug 16 2012 01:58:00       LVNV Funding, LLC its successors and assigns as,
              assignee of FNBM,    Resurgent Capital Services,    Po Box 10587,    Greenville, SC 29603-0587
10691397    +E-mail/Text: bnc@nordstrom.com Aug 16 2012 02:17:11      Nordstrom FSB,
              Recovery/ Bankruptcy Department,    Po Box 6566,    Englewood, CO 80155-6566
10696244    +E-mail/Text: bnc@nordstrom.com Aug 16 2012 02:17:11      Nordstrom fsb,    P.O. Box 6566,
              Englewood, CO 80155-6566
10691399    +E-mail/Text: ustpregion04.ax.ecf@usdoj.gov Aug 16 2012 02:46:39      Office of the U.S. Trustee,
              115 South Union St., Ste. 210,    Alexandria, VA 22314-3361
10882623    +EDI: PRA.COM Aug 16 2012 01:58:00       Portfolio Recovery Associates, LLC,    PO Box 41067,
              Norfolk VA 23541
10691402    +EDI: SEARS.COM Aug 16 2012 01:58:00       Sears/cbna,    Po Box 6189,    Sioux Falls, SD 57117-6189

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 10 of 26
Case 11-16702-BFK   Doc 138   Filed 08/17/12   Entered 08/18/12 00:39:00   Desc
Imaged Certificate of Notice   Page 4 of 5

District/off: 0422-9          User: stewarts          Page 2 of 5          Date Rcvd: Aug 15, 2012
                             Form ID: B18            Total Noticed: 43

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
10701117      +EDI: STFI.COM Aug 16 2012 01:58:00     SunTrust Bank,   Attn:Support Services,   PO BOX 85092,
               Richmond, VA 23285-5092
                                                                                        TOTAL: 24

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Ally Financial Inc. F/K/A GMAC Inc.
10691383       Ally
10691387       BMW
aty*          +Donald F. King,   9302 Lee Highway, Suite 1100,   Fairfax, VA 22031-6054
cr*           +SunTrust Bank,   Attn:  Support Services,   PO Box 85092,   Richmond, VA 23285-5092
                                                                       TOTALS: 3, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 17, 2012                    Signature:    _Joseph Speetjens_

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 11 of 26
Case 11-16702-BFK   Doc 138   Filed 08/17/12   Entered 08/18/12 00:39:00   Desc
Imaged Certificate of Notice   Page 5 of 5

District/off: 0422-6          User: stewarts          Page 5 of 5          Date Rcvd: Aug 15, 2012
                             Form ID: B18             Total Noticed: 43

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 15, 2012 at the address(es) listed below:
          Billy B. Ruhling    on behalf of Creditor  Wells Fargo Bank, N.A. bill.ruhling@troutmansanders.com,
           sharron.fay@troutmansanders.com
          Carl A. Eason     on behalf of Creditor  Ally Financial Inc. F/K/A GMAC Inc. bankruptcy@wolriv.com
          Donald F. King    Kingtrustee@ofplaw.com, val3@ecfcnis.com;dfking@ecf.epiqsystems.com
          James W. Reynolds    on behalf of Trustee Donald King jim.reynolds@ofplaw.com
          Nathan A. Fisher    on behalf of Debtor Youri Reitdashtco Fbarsad@cs.com,  barsad@aol.com
          Richard E. Hagerty    on behalf of Creditor  Wells Fargo Bank, N.A.
           richard.hagerty@troutmansanders.com,
           sharron.fay@troutmansanders.com;anne.clark@troutmansanders.com;chelsea.sherman@troutmansanders.co
           m
          Robert L. Vaughn    on behalf of Creditor  Nationwide Registry & Security Ltd.
           rvaughn@oconnorandvaughn.com,  vkaye@oconnorandvaughn.com
                                                                          TOTAL: 7

Revised 12/11

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: Youri Beitdashtoo                               Chapter 13 Case No.: 12-722

SSN(S): 1899                    (Last 4 Digits Only)      Confirmation Hearing: 2/22/13 9:30 am

## CHAPTER 13 PLAN - (100% + INTEREST) & NOTICE OF DEADLINE TO OBJECT TO CONFIRMATION

THE FUTURE EARNINGS/INCOME OF THE DEBTOR ARE HEREBY SUBMITTED TO THE SUPERVISION/CONTROL OF THE TRUSTEE, AND THE DEBTOR/EMPLOYER/INCOME SOURCE SHALL PAY TO THE TRUSTEE MINIMUM $ 2000          MONTHLY.

The debtor hereby authorizes and directs the employer/income source to comply with all Trustee's Directions by deducting and forwarding plan payments directly out of debtor's income source. The debtor shall commence proposed plan payments as required by 11 U.S.C. §1326(a)(1), **by money order, and** continuing **each month** until automatic payroll deductions begin.

**EACH HOLDER OF AN ALLOWED SECURED CLAIM SHALL RETAIN ITS LIEN AS REQUIRED BY 11 U.S.C. §1325(a)(5)(B)(i), AND FROM THE PAYMENTS RECEIVED, THE TRUSTEE SHALL MAKE DISBURSEMENTS AS FOLLOWS:**

A. **11 U.S.C. §507 PRIORITY CLAIMS:** FULL 100% PAYMENT WITH 6% POST-CONFIRMATION INTEREST PER ANNUM

B. **11 U.S.C. §1322(b)(5) CLAIMS** (FINAL PAYMENT UNDER THE PLAN BEING TREATED AS DUE 60 MONTHS FROM PETITION DATE): THE DEBTOR SHALL MAINTAIN POST-PETITION PAYMENTS DIRECTLY WHILE CASE IS PENDING AND THE TRUSTEE WILL CURE ALL PRE-PETITION ARREARS, COSTS, AND FEES OF THE FOLLOWING CLAIMS:
   - - WITH FULL **100%** PAYMENT:

   Wells Fargo

   - - WITH FULL **100%** PAYMENT PLUS **6%** POST-CONFIRMATION INTEREST PER ANNUM:


C. **DIRECT PAYMENTS:** THE DEBTOR SHALL PAY DIRECTLY THE FOLLOWING CLAIMS TO THE EXTENT THEY ARE **§1322(b)(2) CLAIMS** (SECURED ONLY BY SECURITY INTEREST IN DEBTOR'S PRINCIPAL RESIDENCE) OR **§1322(b)(5) CLAIMS** (FINAL PAYMENT UNDER THE PLAN BEING TREATED AS DUE 60 MONTHS FROM PETITION DATE) OR **ALLOWED SECURED CLAIMS** (SUBJECT TO THE PROVISIONS OF HANGING SENTENCE OF §1325(a)(5), IF APPLICABLE):

   Suntrust and Fairfax County

D. **ALL REMAINING CLAIMS:** FULL 100% PAYMENT PLUS 6% POST-CONFIRMATION INTEREST PER ANNUM

D-1. ALL EXECUTORY CONTRACTS ASSUMED. D-2. Allowed secured claim of NRS to be paid*

E. THE FOREGOING PAYMENTS ON ALLOWED SECURED CLAIMS SHALL BE PAID IN EQUAL MONTHLY PAYMENTS OVER 60 MONTHS BUT THE TRUSTEE MAY PAY ANY SUCH CLAIM A LARGER AMOUNT IN ANY MONTH.

2/14/13                                /s/ Daniel M. Press
_____                        _____
DATE                                   DEBTOR'S ATTORNEY (OR DEBTOR & JOINT DEBTOR IF NO ATTORNEY)

                                       NAME: Daniel M. Press                    BAR #: 419739

                                       ADDRESS: 6718 Whittier Ave. #200, McLean VA 22101

                                       TELEPHONE #.: 703-734-3800          FAX #.: 703-734-0590

**DEADLINE FOR CREDITORS TO FILE OBJECTIONS:** Objections to confirmation of the INITIAL PLAN must be filed and served on debtor and Trustee on the date that is 28 days after the filing date of the INITIAL PLAN. Objections to confirmation of an AMENDED PLAN must be filed and served on debtor and Trustee either on the date that is 21 days after the filing date of the AMENDED PLAN or, if later, on the date that is the deadline for objecting to the initial plan. **Absent timely objections, the Court may confirm the initial plan or amended plan without hearing.**

### Certificate of Service

I hereby certify that a copy of this Plan has been mailed, postage pre-paid, on the date that appears below to all scheduled creditors and to:
**Cynthia A. Niklas, Esq., Chapter 13 Trustee** 4545 42nd St. NW #211 WDC 20016-4623
**IRS Centralized Insolvency** POB 7346 Philadelphia, PA 19101-7346 & **IRS Chief Counsel** 455 Mass. Ave. NW #500 WDC 20001
**DC Tax & Revenue** 1101 4th St. SW 6th FL WDC 20024 & **Attorney General for DC** 441 4th St. NW WDC 20001-2714
**US Attorney DC Civil Division Financial Litigation** 555 4th St. NW WDC 20530
**Child Support Services Division Office of Attorney General** 441 4th St. NW 5th FL WDC 20001

2/14/13                                /s/ Daniel M. Press
_____                        _____
DATE OF SERVICE                        DEBTOR'S ATTORNEY (OR DEBTOR & JOINT DEBTOR IF NO ATTORNEY)

* at 4.25% post-confirmation interest per annum.

135

Exhibit B

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 135 of 187 PageID# 165

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 13 of 26

| UNITED STATES BANKRUPTCY COURT | District of Columbia | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: YOURI BEITDASHTOO | Case Number: 12-722 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**NATIONWIDE REGISTRY & SECURITY LTD**

COURT USE ONLY

Name and address where notices should be sent:
c/o Robert L. Vaughn, Jr., Esq.
11490 Commerce Park Dr., Suite 510
Reston, VA 20191

Telephone number: (703) 689-2100   email: rvaughn@oconnorandvaughn.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:   email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 258,115.61

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** judgment
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
1 8 9 9

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ _____

Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: 4054 - 41st Street, North, McLean, Virginia 22101

Basis for perfection: Deed of Trust

Value of Property: $ _____

Amount of Secured Claim: $ 91,000.00

Annual Interest Rate ____ % ☐ Fixed or ☐ Variable
(when case was filed)

Amount Unsecured: $ 167,115.61

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

136


Exhibit C

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 136 of 187 PageID# 166

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 14 of 26

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction 7, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain.

8. Signature: (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | | |
|---|---|---|
| Print Name: Robert L. Vaughn, Jr. | | |
| Title: Attorney | | |
| Company: O'Connor & Vaughn LLC | /s/ Robert L. Vaughn, Jr. | 11/20/2012 |
| Address and telephone number (if different from notice address above): | (Signature) | (Date) |
| 11490 Commerce Park Dr., #510 | | |
| Reston, VA 20191 | | |

Telephone number: (703) 689-2100   email: rvaughn@oconnorandvaughn.com

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. *Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.* If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 137 of 187 PageID# 167

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 15 of 26

| | |
|---|---|
| Principal | $80,000.00 |
| Interest as of 9/19/12 | $100,011.00 |
| Attorney's Fees per 1/7/08 Order | $16,000.00 |
| Attorney's Fees per 10/25/10 Order | $7,035.75 |
| | **$203,046.75** |

The Settlement Agreement of 7/27/11 also contained an attorney's fee provision in the event of a breach.

| | |
|---|---|
| Attorney's Fees 7/27/2011 thru 8/31/12 | $49,796.00 |
| Costs 7/27/11 thru 8/31/12 | $5,272.86 |
| | |
| TOTAL | **$258,115.61** |

C O R R E C T E D

| UNITED STATES BANKRUPTCY COURT   DISTRICT OF COLUMBIA | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number | |
|---|---|---|
| YOURI BEITDASHTOO | 12-722 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**NATIONWIDE REGISTRY & SECURITY LTD**

Name and address where notices should be sent:
c/o Robert L. Vaughn, Jr., Esq.
11490 Commerce Park Drive, Suite 510
Reston, VA 20191

Telephone number:  (703) 689-2100   email:  rvaughn@oconnorandvaughn.com

Name and address where payment should be sent (if different from above):


Telephone number:              email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
    (If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

---

**1. Amount of Claim as of Date Case Filed:**      $                   91,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Deed of Trust_____
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 1  8  9  9 | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:  4054 - 41st Street, North, McLean, VA 22101

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
                          $_____

Basis for perfection:  Deed of Trust_____

Amount of Secured Claim:   $ SEE ATTACHED.

Amount Unsecured:       $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

139

*Exhibit D*

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 139 of 187 PageID# 169

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 17 of 26

B 10 (Official Form 10) (12...

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (See instruction #7, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Robert L. Vaughn, Jr.
Title:  Attorney
Company:  O'Connor & Vaughn LLC                    /s/ Robert L. Vaughn, Jr.              12/18/2012
Address and telephone number (if different from notice address above):     (Signature)                              (Date)
11490 Commerce Park Drive, #510
Reston, VA 20191

Telephone number:(703) 689-2100     email: rvaughn@oconnorandvaughn.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 11 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 140 of 187 PageID# 170

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 18 of 26

<u>DEED OF TRUST</u>

This Deed of Trust made this ___2nd___ day of August, 2011, by and between YOURI BEITDASHTOO and NAHID AHMADPOUR, hereinafter collectively referred to as "Grantor", and Robert L. Vaughn, Jr., Trustee, whose business address is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, a resident of Fairfax County, Virginia, herein referred to as "Trustee."

## WITNESSETH:

That for and in consideration of Ten Dollars ($10.00), cash in hand paid to Grantor, and other good and valuable consideration, the receipt of which is hereby acknowledged, Grantor does hereby grant, bargain, sell and convey to the Trustee, with GENERAL WARRANTY and English Covenants of title, all that certain parcel or lot of land, together with all the buildings and improvements now or hereafter thereon, and all other rights or privileges and appurtenances belonging or in any way appertaining thereto, situate, lying and being in the County of FAIRFAX, Virginia, and more particularly described as follows (the "Property"):

All that certain tract or parcel of land with improvements thereon and appurtenances thereunto belonging, situate in Fairfax County, Virginia known as

LOT SIXTY-SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is duly dedicated, platted and recorded in Deed Book 3489 at page 564 among the land records of Fairfax County, Virginia.

Also known as 4054 - 41st Street, North, McLean, Virginia 22102.

IN TRUST NEVERTHELESS, to secure the payment of the sum of NINETY-ONE THOUSAND DOLLARS and 00/100ths ($91,000.00) payable to NATIONWIDE REGISTRY & SECURITY, LTD., Beneficiary hereunder, whose mailing address for notice purposes is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, pursuant to a separate Settlement Agreement ("Agreement") between the parties relating to the satisfaction of a judgment obtained by the Beneficiary against Nahid Ahmadpour in the Circuit Court of Fairfax County, Virginia, in Case No. 2007-14478 (hereinafter the "judgment").

This Deed of Trust, except to the extent inconsistent with the specific and express provisions contained herein, shall in all other respects be read and construed with, and to such extent be deemed to incorporate by reference, the provisions of Section 55-59 through 55-59.4 of the Code of Virginia of 1950, as in force and effect on the date of acknowledgment hereof, and shall include in short form as provided in Section 55-60 of said Code the following provisions:

> Deferred Purchase Money
> Exemptions waived
> Subject to all upon default
> Renewals and extensions permitted
> Rights of anticipation reserved
> Insurance required
> Substitution of Trustee permitted

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 141 of 187 PageID# 171

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 19 of 26

The parties hereto do further covenant and agree as follows

1.      Grantor hereby covenants that Grantor owns the Property in fee simple, subject to existing deeds of trusts thereon, and has the right to convey it; that Grantor will execute such further assurances of title as may be requisite; that Grantor will pay punctually and promptly all of the said indebtedness; and that no purchaser hereunder shall be required to look to the application of the purchase moneys except as otherwise provided by law.

2.      So long a any part of the indebtedness secured hereby remains unpaid, Grantor agrees (a) to pay all taxes, assessments, levies and charges upon the Property by the time they become due, and to deliver evidence of the payment of said taxes, assessments and levies to the holder of the Agreement within ten (10) days after their respective due dates, and (b) to keep the improvements on the Property constantly insured, by a reputable insurance company, acceptable to the holder of the judgment, in such amount as specified above, against loss by fire, or other hazards usually covered by an extended coverage policy, which loss payable clauses in favor of and in form acceptable to the holder of the Judgment, without contribution, and to deliver policies and all renewals thereof to the holder of the Agreement, and Grantor shall promptly furnish to the holder of the Judgment all renewal notices and all receipts of said premiums. Subject to the rights of parties secured by deeds of trust superior to this deed of trust if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insurance is held as hereinbefore provided, or shall suffer any other loss, the Grantor will immediately give notice by mail to the holder of the Judgment, who may make proof of loss if not made promptly by the Grantor and if restoration or repair of the Property damaged is economically feasible and the security of this deed of trust is not thereby impaired, the insurance proceeds shall be applied to such restoration and repair. If such restoration or repair is not economically feasible or if the security of this deed of trust would be impaired, the insurance proceeds shall be applied to the sums then remaining unpaid, secured by this deed of trust, with the excess, if any, paid to the Grantor. If Grantor fails to respond to the holder of the Judgment within thirty (30) days from the date notice is mailed by the holder of the Judgment to Grantor that the insurance carrier offers to settle a claim for insurance benefits, the holder of the Judgment is authorized to collect and apply the insurance proceeds at the holder of the Judgment's option either to restoration or repair of the Property or to the sums secured by this deed of trust.

3.      Grantor will not remove, demolish or alter the design or structural character of any building now or hereafter erected on the Property unless the holder of the judgment shall first consent thereto in writing; will maintain the property in good condition and repair; will not commit or suffer waste thereof; and will comply with all laws, ordinances, regulations, covenants, condition and restrictions affecting the Property.

4.      Grantor agrees to pay all expenses incurred in the collection of the indebtedness hereby secured, including reasonable attorneys' fees plus interest on principal amounts in default at the same rate as then being charged on the judgment hereby secured.

5.      In the event this deed of trust is inferior to any other deed of trust on the property, the Grantor covenants to pay the instrument secured thereby, and in default thereof, the holder of the judgment secured by this deed of trust may treat such default as a default under this trust and proceed

Page 2 of 6

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 142 of 187 PageID# 172

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 20 of 26

with foreclosure as herein set forth, and any sums of money paid by the judgment holder to prevent foreclosure on a prior deed of trust, shall be deemed to be fully secured by this instrument, plus interest at the rate provided for on the judgment secured hereby from this date of payment

6.      Grantor also hereby irrevocably assigns and conveys unto the Judgment holder, and grants the judgment holder a security interest in, all leases now or hereafter existing on the Property and any guaranties thereof and all rents from the Property to secure the payment of all obligations secured hereunder. Grantor hereby authorizes the judgment holder to collect said rents with or without suit and to apply the same, less expenses of collection, to any of the obligations secured hereunder in such manner as may be determined by the judgment holder, or at the option of the judgment holder, to hold the same as security for the payment of all obligations secured hereunder: provided however, that until there be a default under the terms of the Agreement or this Deed of Trust, Grantor may continue to collect and enjoy said rents without accountability to the judgment holder.

7.      Grantor agrees that if default shall be made: (a) in payment of the secured indebtedness when due, or (b) in the terms and conditions of the Agreement, or (c) under the terms of or in the payment of, any installment of principal or interest on any senior encumbrance, or (d) in the payment of taxes or assessments, or fire and other hazard insurance, all as hereinabove provided; or upon any default in payment on demand of any money advanced by a judgment or lien holder on account of any prior cost, charge, commission or expense in and about the same time, or on account of any tax or assessment or insurance, or expense of litigation, or attorneys' fees, with interest thereon at the rate set forth in the judgment secured hereby from date of such advance (it being hereby agreed that on default in the payment of any tax or assessments or insurance premium or any payment on account thereof, or in the payment of any said costs, expense of litigation, or attorneys' fees, or any amount of principal or interest falling due on any senior encumbrance, as aforesaid, judgment holder may pay the same, and all sums so advanced, with interest as aforesaid, shall immediately attach as a lien hereunder, and be payable upon demand), or upon failure or inability faithfully and fully to keep and perform any of the conditions or covenants herein provided, then upon each and every such default so made, it is expressly covenanted and agreed by Grantor that if fifteen (15) business days after the judgment holder gives notice of such default via email to the Grantor at the following email address DIHANYD@AOL·com, and Grantor has not cured said default and provided evidence of such cure to the judgment holder, it is expressly covenanted and agreed by Grantor that judgment holder may treat the whole principal debt hereby secured as thereupon immediately due and payable, and shall, in order to recover said principal debt or sum and interest thereon until paid, have the right then or thereafter at any time to sue thereon at law or in equity or to enforce payment thereof by means of any remedies or provisions in this instrument contained; and these rights shall exist notwithstanding that, by the terms of the Judgment or Agreement hereby secured, it may not on its face be due.

8.      In the event of default occurring as described in the preceding paragraph (including non-payment of the entire indebtedness when due or accelerated), then the Trustee, on being requested to do so by Judgment holder, shall sell for cash the property, after first advertising the time, terms, and place of sale once a week for four (4) consecutive weeks in some newspaper published in or having a general circulation in, the county, city, or town wherein the Property is located, or by any other method of advertisement that the Trustee may deem appropriate. The Trustee

Page 3 of 6

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 143 of 187 PageID# 173

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 21 of 26

or party secured shall give written notice of such proposed sale by personal delivery, or by certified or registered mail to the present owner of the Property at his last known address as set forth in the Agreement, mailing a copy of the advertisement or a notice containing the same information fourteen (14) days prior to such sale shall be a sufficient compliance with the requirement of notice, failure to comply with the foregoing notice requirements shall not affect the validity of the sale under this deed of trust, and purchaser shall be under no duty to ascertain whether such a notice was validly given. The Trustee shall apply the proceeds of said sale: first to discharge the expenses of executing the trust, including commission to the Trustee of five percent (5%) of the gross proceeds of sale; secondly to discharge all taxes, levies, assessments, with costs and interest, including the due pro rata thereof for the current year; thirdly, to discharge in the order of the priority, if any, remaining debts and obligations secured by this deed of trust, and any liens of record inferior to this deed of trust, with lawful interest; and fourthly, the residue of the proceeds shall be paid to the Grantor or his assigns, provided, however, that the Trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of or upon the Grantor's equity, without actual notice thereof prior to distribution.

9.    If at the time of the sale the said Trustee shall deem it best for any reason to postpone or continue said sale for one or more days, they or he may do so, in which event, notice of such postponement or continuance shall be made in such manner as the Trustee, or the one acting may deem sufficient. It is further agreed that if said Property shall be advertised for sale as herein provided and not sold, the Trustee, or the one acting, shall be computed on the amount of the principal then unpaid.

10.    The Trustee is authorized and directed to grant a deed of release for the Property upon payment to the judgment holder of the total principal amount of the indebtedness secured hereby and all other sums due hereunder, together with accrued interest due on such amount to the date of payment.

11.    The judgment holder, with or without cause, is hereby authorized and empowered to substitute and appoint, by an instrument recorded wherever this deed of trust is recorded, a Trustee in the place of any Trustee hereunder. All power and discretion vested in the Trustees by law or by this deed of trust may be exercised by the Trustee or any substitute Trustee, and, upon any sale hereunder, a conveyance by the Trustee so acting shall be sufficient to pass title to such property.

12.    Grantor further covenants that the Trustees may rely upon the written or oral representatives of the Judgment holder that this deed of trust or the Judgment or Agreement secured hereby is in default, and all action taken pursuant to notice of default and request for foreclosure shall be binding upon Grantor, the Trustee and those claiming through or under them.

13.    Until default in the payment of the indebtedness hereby secured, or the breach of one or more of the covenants of the Agreement, or of this deed of trust, or the happening of any event which would constitute a default under the terms hereof or such Agreement, Grantor shall remain in quiet use, possession and management of the Property and in the enjoyment of the income, revenue and profits therefrom.

14.    In the event that title to the Property or any interest therein, whether legal or equitable,

Page 4 of 6

Case 1:18-cv-00183-LMB-MSN  Document 3-1  Filed 04/05/18  Page 144 of 187 PageID# 174

Case 11-16702-BFK  Doc 172-3  Filed 12/12/17  Entered 12/12/17 20:32:09  Desc
Exhibit(s) C: Response to Motion to Reinstate  Page 22 of 26

becomes vested in anyone other than the Grantor, then the entire amount of the debt then become remaining unpaid, and all accrued interest thereon, shall become immediately due and payable at the option of the Judgment holder.

15.  The covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number of noun shall include the plural and the plural singular.

16.  This deed of trust is to be construed according to the laws of Virginia.

NOTICE:  **THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

WITNESS the following signatures and seals:

_____ (SEAL)
**YOURI BEITDASHTOO**

_____ (SEAL)
**NAHID AHMADPOUR**

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **YOURI BEITDASHTOO** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the _2nd_ day of July, 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this _2nd_ day of July, 2011.  August

_____
Notary Public, Reg. No. _723xxx72_

My commission expires: _09/31/13_.

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **NAHID AHMADPOUR** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the _2nd_ day of July, 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this _2nd_ day of July, 2011.  August

Page 5 of 6

145

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 145 of 187 PageID# 175

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C: Response to Motion to Reinstate   Page 23 of 26

Notary Public, Reg. No. 723-542

My commission expires  02 /21 / 2013

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235512
My Commission Expires May 21, 2013

Case 1:18-cv-00183-LMB-MSN  Document 3-1  Filed 04/05/18  Page 146 of 187 PageID# 176

Case 11-16702-BFK  Doc 172-3  Filed 12/12/17  Entered 12/12/17 20:32:09  Desc
Exhibit(s) C: Response to Motion to Reinstate  Page 24 of 26
Case 12-00722  Doc 64  Filed 02/25/13  Entered 02/25/13 07:48:51  Desc Main
Document  Page 1 of 2

The order below is hereby signed.

Signed: February 23 2013



*S. Martin Teel, Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE
YOURI BEITDASHTOO                                    : Chapter 13 Case No.  12-00722
Debtor

**ORDER CONFIRMING PLAN FILED FEBRUARY 14, 2013**

The debtor's plan filed herein on **February 14, 2013**, having been transmitted to all scheduled creditors;
It having been determined after notice and opportunity to object to confirmation with hearing on or after **February 22, 2013**;

1. That the debtor's plan filed herein on **February 14, 2013**, (hereinafter, the "Plan"), complies with the provisions of Chapter 13 of Title 11, U.S. Code, and with the other applicable provisions of Title 11;

2. That the fee, charge or amount required under Chapter 123 of Title 28, U.S. Code, or by the Plan, to be paid before confirmation, has been paid;

3. That the Plan has been proposed in good faith and not by any means forbidden by law;

4. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 on such date;

5. That each holder of an allowed secured claim provided for by the Plan has accepted the Plan; or that the Plan provides that each holder of an allowed secured claim shall retain its lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law; or discharge under §1328 and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim and if property to be distributed is in the form of periodic payments, such payments shall be in equal monthly amounts and if the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or the debtor surrenders the property securing such claims to each such holder;

6. That the debtor will be able to make all payments under the Plan and to comply with the Plan;

7. That the action of the debtor in filing the petition was in good faith;

8. That the debtor has paid all amounts that are required to be paid under a domestic support obligation.

9. That the debtor has filed all applicable Federal, State, and local tax returns as required by §1308.

147

*Exhibit E*

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 147 of 187 PageID# 177

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Exhibit(s) C - Response to Motion to Reinstate   Page 25 of 26
Case 12-00722   Doc 64   Filed 02/25/13   Entered 02/25/13 07:48:51   Desc Main
Document     Page 2 of 2

10. That the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount of such claim or that the debtor has committed the projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan and will be applied to make payments to unsecured creditors under the plan, and it is therefore,

ORDERED, that the debtor's plan is hereby CONFIRMED, and it is further,

ORDERED, that the debtor continue to turn over, either directly or through debtor's employer/income source, to the Trustee, Cynthia A. Niklas, Esquire, of 4545 42nd Street, NW, Suite 211, WDC 20016, the minimum sum of $2,000.00 per month, or until notice by the Trustee that the debtor's plan has been completed or until further order of this Court, and it is further,

ORDERED, that notwithstanding 11 USC §1327(b), confirmation of the plan shall not vest the property of the estate in the debtor(s) until the plan has been completed and the court has entered a discharge order (or if no discharge was obtained, until the court has entered an order closing the case or an order discharging the Trustee), and it is further,

ORDERED, that if the Trustee gives notice to the debtor and a creditor as to the Trustee's determination of whether the creditor's claim fits under paragraph B or C of the confirmed plan, and gives notice of a 21-day opportunity to object to that determination, and if no objection is filed within 21 days of the date of the Trustee's notice, then the Trustee's determination will be binding without the necessity of further order of the court, and it is further,

ORDERED, that notwithstanding 11 USC §1327(c), if a timely proof of claim has not been filed for a claim, the property vesting in the debtor under 11 USC §1327(b) shall remain subject to any lien securing the claim except to the extent that the claim would not be an allowed secured claim under 11 USC §506(a) and the claim is discharged under 11 USC §1328, and it is further,

ORDERED, that no party in interest having sought to bar confirmation of the debtor's plan by invoking §521(i)(1), and it appearing that the debtor complied with the requirements of §521(a)(1), it is,

ORDERED, that this case is not subject to automatic dismissal under §521(i)(1), and the debtor is not required to file any further document pursuant to §521(a)(1)(B) to avoid automatic dismissal of this case, without prejudice to the right of any party in interest to request by motion that the debtor be ordered to file further information described in §521(a)(1)(B), and without prejudice to the Trustee's right to obtain any information from the debtor by authorized means, and it is further,

ORDERED, that notwithstanding any provision of the Plan to the contrary, the Trustee's percentage fee shall be fixed and governed by 28 U.S.C. §586(e) and any Order of the Attorney General of the United States, and it is further,

ORDERED, that the debtor shall notify the Trustee and this Court in writing of any change in address and/or employment/income source within ten (10) days of the change.

cc:     Youri Beitdashtoo
        4054 41st Street N
        McLean, VA 22101

        Daniel M. Press
        6718 Whittier Avenue #200
        McLean, VA 22101

        Cynthia A. Niklas
        Chapter 13 Trustee
        4545 42nd ST NW #211
        Washington, DC 20016-4623

Page 2 of 2 Chapter 13 Case No. 12-00722

Case 1:18-cv-00183-LMB-MSN   Document 3-1   Filed 04/05/18   Page 148 of 187 PageID# 178

Case 11-16702-BFK   Doc 172-3   Filed 12/12/17   Entered 12/12/17 20:32:09   Desc
Case 12-00722   Doc 86   Filed 06/15/17   Entered 06/15/17 12:57:48   Desc Main
Exhibit(s) C: Response to Motion to Reinstate   Page 26 of 26
Document   Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

IN RE:

**YOURI BEITDASHTOO**

                  Case No. **12-00722-SMT**
                  Chapter 13

        Debtor

### NOTICE OF COMPLETION OF CHAPTER 13 PLAN

    Nancy L. Spencer Grigsby, Chapter 13 Trustee, advises the Court that the above-captioned Debtor has completed all payments required to be paid to the Trustee under the terms of the confirmed plan. The Debtor is not eligible for a discharge in this case, per document #35.

                  Respectfully submitted,

Date: June 15, 2017            **/s/ NANCY L. SPENCER GRIGSBY**
                          Chapter 13 Trustee
                          185 ADMIRAL COCHRANE DR.
                          SUITE 240
                          ANNAPOLIS, MD  21401
                          (301) 805-4700
                          NGRIGSBY@CH13MD.COM

### CERTIFICATE OF SERVICE

    I hereby certify that this Notice of Completion was served on this 15th day of June, 2017 electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

YOURI BEITDASHTOO                 DANIEL M PRESS
4054 41ST ST N                       6718 WHITTIER AVE
MCLEAN, VA  22101                SUITE #200
*(Debtor)*                             MCLEAN, VA  22101
                                  *(Attorney for the Debtor)*

                                  **/s/ NANCY L. SPENCER GRIGSBY**
                                  NANCY L. SPENCER GRIGSBY

149

Exhibit F

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:                                    )
                                          )
YOURI BEITDASHTOO,                        )    Case No. 11-16702-BFK
                                          )    Chapter 7
                        Debtor.           )
_____  )

**ORDER GRANTING**
**DEBTOR'S MOTION TO REOPEN CASE,**
**GRANTING IN PART AND DENYING IN PART DEBTOR'S**
**MOTION FOR SANCTIONS AND SETTING HEARING**

This matter is before the Court on the Debtor's Motion to Reopen this bankruptcy case and for sanctions against National Registry and Security, Ltd. ("NRS"). Docket No. 172. NRS has filed an Opposition to the Debtor's Motion. Docket No. 174. The Court heard the arguments of the parties on January 2, 2018. For the reasons stated below, the Court will grant the Debtor's Motion to Reopen. The Court will grant in part and will deny in part the Debtor's Motion for Sanctions and will set a hearing.

**Uncontested Facts**

Although the parties disagree on many facts, the procedural history of this matter is not genuinely disputed.

*A.  NRS's Judgment Against Ms. Ahmadpour and the Transfer of the Property.*

1.      On September 11, 2005, Ms. Nahid Ahmadpour transferred her interest in 4054 41 St. N., McLean, VA 22101 ("the Property"), from herself to herself and her husband, the Debtor, as tenants by the entirety.

1

150                                                                                    17

2.      In January 2008, NRS obtained a judgment in the Circuit Court of Fairfax County against the Debtor's wife, Ms. Ahmadpour, in the amount of $80,000.00, plus interest at 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000.00 ("the Judgment").

3.      The Judgment arose out of certain unpaid drafts for gambling debts in Las Vegas in October 2005. Ms. Ahmadpour pled guilty in Nevada to criminal charges related to the unpaid drafts.

*B.  NRS's Fraudulent Transfer Lawsuit and the Settlement Agreement.*

4.      On October 22, 2010, NRS filed a lawsuit against Ms. Ahmadpour and the Debtor in the Circuit Court of Fairfax County (Case No. 2010-15001). Motion, Ex. A.

5.      The lawsuit sought to avoid the transfer as a fraudulent transfer under Va. Code § 55-80. *Id.* at 4.

6.      The lawsuit sought in the alternative a money judgment against both of the Defendants in the amount of $80,000.00, plus interest at 18% per annum from October 10, 2005, until paid, attorney's fees of $31,000.00, and additional attorney's fees pursuant to Va. Code § 55-82.1. *Id.*

7.      In July 2011, the parties entered into a Settlement Agreement, under which a portion of the Judgment would be secured by a Deed of Trust against the Property.

*C.  Ms. Ahmadpour's First Bankruptcy Case (No. 11-17929-BFK).*

8.      On November 1, 2011, Ms. Ahmadpour filed a Voluntary Petition under Chapter 13 with this Court. Case No. 11-17929-BFK, Docket No. 1.

9.    After the Court denied confirmation of two plans (Docket Nos. 41 and 46), it dismissed Ms. Ahmadpour's bankruptcy case on March 19, 2012. *Id.*, Docket No. 46.[1]

*D. Mr. Beitdashtoo's First Bankruptcy Case (No. 11-16702-BFK).*

10.    Mr. Beitdashtoo, the Debtor in this case, filed a Voluntary Petition under Chapter 13 with this Court on September 13, 2011.

11.    After a number of denials of confirmation and the filing of Amended Plans (Docket Nos. 47, 72, 73, 80), the case was converted to Chapter 7 at the Debtor's request on March 27, 2012. Docket Nos. 82, 84.

12.    NRS filed a Motion to Dismiss the Chapter 7 case. Docket No. 91. The Court denied this Motion on May 22, 2012. Docket No. 122.

13.    On July 12, 2012, the Court granted relief from the automatic stay to NRS to pursue: (a) a foreclosure on its Deed of Trust against the Property; and (b) the fraudulent transfer lawsuit in Fairfax County (Case No. 2010-15001). Docket No. 131 ("the Relief from Stay Order").

14.    The Chapter 7 Trustee filed a Notice of Abandonment with respect to the Property. Docket No. 148. No party in interest objected to the Trustee's Notice of Abandonment. The Property, therefore, was deemed abandoned. *See* Bankruptcy Rule 6007 (requiring any objection to abandonment to be filed within 14 days of a notice of abandonment).

15.    The Debtor was granted a discharge under Chapter 7. Docket No. 137.

---

[1]  The Court found that Ms. Ahmadpour was not proceeding in good faith because "instead of using her disposable income for the purpose of repaying her creditors in a Chapter 13 Plan, the Debtor has spent inordinately large sums of money at various casinos during the course of the case." Case No. 11-17929-BFK, Docket No. 46, at 1-2.

3

152                                                                                          19

16.     The case was closed after approval of the Trustee's Final Report. Docket Nos. 169, 170.

E.  *Ms. Ahmadpour's Second Bankruptcy Case (No. 12-15026-BFK).*

17.     On August 16, 2012, Ms. Ahmadpour filed a second Voluntary Petition under Chapter 13 with this Court. Case No. 12-15026-BFK, Docket No. 1.

18.     Ms. Ahmadpour moved to extend the automatic stay pursuant to Bankruptcy Code Section 362(c)(3), as her prior case was dismissed within one year of her second bankruptcy filing. *Id.*, Docket No. 5.

19.     The Court denied Ms. Ahmadpour's Motion to Extend the Automatic Stay on September 24, 2012. *Id.*, Docket No. 31.

20.     After denying confirmation of a series of Chapter 13 plans (Docket Nos. 50, 66, 100), the Court dismissed the case on June 6, 2013. Docket No. 104.

F.  *Mr. Beitdashtoo's Second Bankruptcy Case (No. 12-00722).*

21.     After receiving his discharge from this Court, and shortly after the Court denied Ms. Ahmadpour's Motion to Extend the Automatic Stay on September 24, 2012, the Debtor filed a Voluntary Petition under Chapter 13 in the District of Columbia on October 31, 2012. Case No. 12-00722, Docket No. 1.

22.     The Bankruptcy Court in D.C. entered an Order stating that the Debtor was not eligible for a discharge because he had been discharged in his Virginia case within the previous four years, pursuant to Bankruptcy Code Section 1328(f). *Id.*, Docket No. 35.

4

23.     The Debtor obtained confirmation of a Chapter 13 plan, under which he paid approximately $90,000.00 to NRS, thereby satisfying NRS's secured Deed of Trust claim against the Property in full.

> *G. NRS's Motion to Reinstate its Lawsuit and the Debtor's Motion to Reopen and for Sanctions.*

24.     Ms. Ahmadpour continues to owe a substantial balance on the debt, owing to the 18% percent interest rate and the passage of time since the entry of the Judgment against her, plus attorney's fees.

25.     The Debtor, Mr. Beitdashtoo, is not personally obligated on the remaining balance of the debt.

26.     NRS filed a Motion to Reinstate the fraudulent transfer lawsuit in Fairfax County on August 8, 2017. Motion to Reopen, Ex. B.

27.     In its Motion to Reinstate the Fairfax action, NRS did not distinguish between the relief sought in its Complaint - avoidance of the alleged fraudulent transfer and the alternative relief of a money judgment against both Defendants - and sought to reinstate the lawsuit on all of its claims. *Id.* at 4.

28.     The Debtor filed an Opposition to the Motion to Reinstate in the Fairfax action, arguing that his discharge in this case bars any further relief. *Id.* Ex. C.

29.     The Debtor also filed his Motion to Reopen and for Sanctions with this Court on December 12, 2012. Docket No. 172.

30.     NRS filed an Objection to the Debtor's Motion to Reopen. Docket No. 174.

31.     The Court heard the arguments of the parties on January 2, 2018.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of

Reference entered by the U.S. District Court for this district on August 15, 1984. This is a core

proceeding under 28 U.S.C. § 157(b)(2) (matters concerning the administration of the estate).

**I.      Reopening a Closed Bankruptcy Case – Section 350(b).**

Bankruptcy Code Section 350(b) provides that a closed case may be reopened "to

administer assets, to accord relief to the debtor or for other cause." 11 U.S.C. § 350(b). A

decision whether or not to reopen a bankruptcy case is committed to the Court's discretion.

*Hawkins v. Landmark Fin. Co.,* 727 F.2d 324, 326 (4th Cir. 1984). The Court generally should

avoid ruling on the underlying merits of a dispute in connection with a motion to reopen. *In re*

*Conner,* 2014 WL 879639, at *1 (Bankr. W.D. Va. 2014); *In re Jones*, 367 B.R. 564, 567

(Bankr. E.D. Va. 2007). The reopening of a case does not afford the parties any substantive

relief; rather, reopening provides an opportunity for further relief. *Horizon Aviation of Virginia,*

*Inc. v. Alexander (In re Alexander),* 296 B.R. 380, 382 (E.D. Va. 2003); In re Clary, 440 B.R.

122, 123 (Bankr. E.D. Va. 2010) (quoting *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.

1962)). On the other hand, the Court should not reopen a case where no relief can be accorded to

the parties and reopening would be a futile act. *In re Conner,* 2014 WL 879639, at *1; *In re*

*Cutright,* 2012 WL 1945703, at *4 (Bankr. E.D. Va. 2012); *In re Potes,* 336 B.R. 731, 732

(Bankr. E.D. Va. 2005). If NRS's lawsuit is purely *in rem*, then its Motion to Reinstate would

not violate the discharge injunction and the case should not be reopened. If, on the other hand, at

least some element of NRS's lawsuit seeks an *in personam,* money judgment against the Debtor,

then the case should be reopened to accord relief to the Debtor.

6

The Court finds that NRS's lawsuit is primarily *in rem* in nature and that NRS's moving forward on the *in rem* component of its fraudulent transfer claim will not violate the discharge injunction. Proceeding on its claim for a money judgment against the Debtor, on the other hand, would violate the discharge injunction. The Court, therefore, will reopen the bankruptcy case to allow the Debtor to pursue relief related to the *in personam* claim.[2]

**II.     The Nature of NRS's Fraudulent Transfer Claim.**

Bankruptcy Code Sections 524(a)(1) states that a discharge operates to void any judgment "to the extent that such judgment is a determination of the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Section 524(a)(2) further provides that a discharge operates as an injunction against the commencement or continuation of any action "to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Pre-petition liens, on the other hand, survive the discharge of a debtor, unless avoided in connection with the case. *In re Hamlett,* 322 F.3d 342, 347 (4th Cir. 2003) ("More than a century ago, the Supreme Court held that a bankruptcy discharge of a secured creditor's claim does not affect the status of the creditor's underlying lien on the debtor's property.") (citing *Long v. Bullard,* 117 U.S. 617, 620-21 (1886)); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93-94 (4th Cir. 1995). Further, it is not a violation of the discharge injunction to pursue purely *in rem* claims against the Debtor, post-discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Hall*, 559 B.R. 456, 460 (Bankr. W.D. Va. 2016); *In re Rountree*, 448 B.R. 389, 401 (Bankr. E.D. Va. 2011). The

---

[2] The Debtor concedes that he has little in the way of damages other than his attorney's fees on this Motion. The Court, therefore, will set a hearing on the Debtor's Motion, at which: (a) the Court will assess whether NRS has respected the discharge injunction by dropping any claim for a money judgment against the Debtor in the Fairfax action; and (b) the Court will assess an appropriate amount of attorney's fees for NRS's violation of the discharge injunction with respect to its post-discharge request for a money judgment against the Debtor.

question, therefore, is whether NRS's fraudulent transfer claim, in which the Debtor is the transferee, is in the nature of an *in rem* or an *in personam* claim.[3]

      Virginia Code Section 55-82 provides as follows:

> A creditor before obtaining a judgment or decree for his claim may, whether such claim be due and payable or not, institute any suit which he might institute after obtaining such judgment or decree to avoid a gift, conveyance, assignment or transfer of, or charge upon, the estate of his debtor declared void by either § 55-80 or 55-81; and he may in such suit have all the relief in respect to such estate to which he would be entitled after obtaining a judgment or decree for the claim which he may be entitled to recover. *A creditor availing himself of this section shall have a lien from the time of bringing his suit on all the estate, real and personal, hereinbefore mentioned, and a petitioning creditor shall be entitled to a like lien from the time of filing his petition in the court or in the clerk's office of the court in which the suit is brought.* If the proceeds of sale be insufficient to satisfy the claims of all the creditors whose liens were acquired at the same time they shall be applied ratably to such claims and the court may make a personal decree against the debtor for any deficiency remaining on the claim of any creditor after applying thereto his share of the proceeds of sale, or, if any creditor be not entitled to share in such proceeds, may render a personal decree against the debtor for the full amount of the creditor's claim. This section is subject to the provisions of §§ 8.01-268 and 8.01-269.

Va. Code § 55-82 (emphasis added).

      NRS has had a Section 55-82 lien against the Property by operation of law from the time that it brought its fraudulent transfer lawsuit in October 22, 2010. Its lien was not avoided in the Debtor's bankruptcy case. The lien, therefore, survived the Debtor's discharge.[4]

      Whether NRS's fraudulent transfer claim is an *in rem* claim or an *in personam* claim is a matter of state law. *Butner v. U.S.*, 440 U.S. 48, 55 (1979). The Virginia Supreme Court has

---

[3] NRS argues that the Relief from Stay Order (Docket No. 131) in effect trumps the Debtor's discharge. There is no support in the case law for that proposition. A relief from stay order only remains in effect for the duration of the bankruptcy case, because the stay itself terminates when the case is closed or dismissed. 11 U.S.C. § 362(c)(2)(A) and (B). On the other hand, once the case is reopened, per the Court's Order below, the Relief from Stay Order previously entered remains in full force and effect in the reopened case. NRS, therefore, will be free to pursue its *in rem* fraudulent transfer claim against the Property, but it may not proceed with its request for an *in personam,* money judgment against the Debtor. The fourteen (14) day stay under Bankruptcy Rule 4001(a)(3) ran in July 2012.

[4] The statute does provide that "the court may make a personal decree against the debtor for any deficiency." In this case Ms. Ahmadpour, against whom NRS already has a judgment, is the debtor under Va. Code § 55-82. Mr. Beitdashtoo is the transferee, not the debtor, under the statute.

addressed the possibility of obtaining an *in personam* judgment against an alleged fraudulent transferee under Section 55-80 in two cases. First, in *Mills v. Miller Harness, Inc.,* the Court unequivocally held: "We find nothing in the statute authorizing a court to award an *in personam* judgment when a fraudulent conveyance is set aside." 326 S.E.2d 665, 667 (Va. 1985).

Later, in *Price v. Hawkins,* the Court allowed an *in personam* judgment where cash was the subject of the alleged fraudulent transfers. The Court specifically noted that "[t] his is not a situation where the property fraudulently conveyed is realty, when a declaration that the conveyance is void allows restoration of title in the name of the grantor to which the lien of the judgment could attach," nor "where the fraudulent grantor conveys personal property that requires title records for proof of ownership, like motor vehicles, and the property is still in existence and can be located for attachment or levy when the fraudulent transfer is declared void." 439 S.E.2d 382,385 (Va. 1994). In effect, the Court allowed an *in personam* judgment in *Price v. Hawkins* in order to avoid leaving the creditor with a right under Section 55-80 but no effective remedy.[5]

---

[5] One other case from the Virginia Supreme Court should be addressed here. In *Iron City Savings Bank v. Isaacson*, the Court held:

> A suit brought by a creditor to set aside a conveyance of real or tangible property, or the assignment and transfer of intangible personal property, by his debtor to a third person on the ground that it was fraudulent as to creditors is primarily a suit in personam. If the court secures jurisdiction of the person of both the grantor and grantee, it proceeds to its conclusion as essentially a suit in personam. But such a suit has this added incident. If the property (the res) conveyed or transferred is within the territorial jurisdiction of court and has been brought under the control of the court, the court, if authorized to do so by statute, may proceed to a judgment against the property as a res, even though it has not acquired such jurisdiction of the parties as is necessary for an adjudication in personam. Where, however, the court has not acquired jurisdiction of all the parties necessary to an adjudication in personam, the suit becomes in its essential nature a proceeding in rem; and the court cannot in such a case proceed unless it has acquired control of the res by actual or constructive seizure thereof, or is by law given control thereof by virtue of its location within the territorial limits to which its process may reach.

158 Va. 609, 627 (1932).

The Debtor relies on Judge St. John's opinion in *In re Rountree* for support. The Court, though, finds the *Rountree* opinion to be distinguishable for two reasons.

First, *Rountree* involved fraudulent transfer claims under the Uniform Fraudulent Transfer Act (UFTA) as enacted in North Carolina. Section 39-23.7 (Remedies of Creditors) of the North Carolina UFTA provides that, in addition to avoidance of the transfer, the plaintiff may obtain "[a]ny other relief the circumstances require," "[s]ubject to applicable principles of equity." N.C. Gen. St. § 39-23.7(a)(3)(c). Virginia has not enacted the UFTA and it does not appear that the UFTA, as enacted in North Carolina, would be subject to the same proscription on the entry of a personal judgment enunciated by the Virginia Supreme Court in *Mills*.

Second, Judge St. John noted that the creditor in *Rountree*, Nunnery, had "not obtained a lien, attachment, or other provisional remedy against [the] property of Rountree." *In re Rountree*, 448 B.R. at 403. In this case, as indicated above, NRS obtained a lien on the Property by virtue of Va. Code § 55-82.[6]

In the end, the Court simply cannot square the holding in *Mills* with the claim that a fraudulent transfer lawsuit constitutes an *in personam* proceeding as against the transferee. The Court holds that NRS's action in Fairfax is an *in rem* action to the extent that it seeks to avoid the transfer of the Property from Ms. Ahmadpour to herself and Mr. Beitdashtoo as tenants by the entirety as a fraudulent transfer under Va. Code § 55-80. NRS, therefore, is entitled to proceed on its *in rem* claim in state court.

---

The Court views the foregoing discussion to be clarified, if not overruled, by the decision in *Mills*. In *Mills*, there was no question that the courts had personal jurisdiction over the transferee and the Virginia Supreme Court held squarely that an *in personam* judgment was not available.

[6] Additionally, the creditor in *Rountree* (Nunnery) conceded that the North Carolina fraudulent transfer action was not an in rem claim. *Id.* at 402.

10

### III.    NRS's Claim for Alternative, In Personam Relief.

NRS's Motion to Reinstate, insofar as it includes its alternative request for an *in personam,* money judgment against the Debtor, on the other hand, clearly violates the discharge injunction. 11 U.S.C. § 524(a)(2). NRS's Motion to Reinstate the case in Fairfax did not distinguish between the *in rem* relief sought with respect to the Property and the alternative request for a money judgment (no doubt because NRS was proceeding on the mistaken belief that the Relief from Stay Order somehow trumped the Debtor's discharge).

The Debtor has obtained a discharge in this case. As noted above, the Relief from Stay Order does not trump the Debtor's discharge. NRS did not seek a declaration of non-dischargeability of any amounts owed to it under the Settlement Agreement. *See* 11 U.S.C. §§ 523(a)(2)(A) (debts non-dischargeable where incurred by false pretenses, a false representation or actual fraud), (c)(1) (debts discharged unless a complaint is timely filed to determine non-dischargeability), *and* Bankruptcy Rule 4007(c) (complaints for non-dischargeability must be filed not later than 60 days after the first date set for the meeting of creditors under Section 341(a)). Any *in personam* claim has been discharged.

Finally, in 2012 the Virginia legislature enacted Va. Code § 55-82.1, which allows for an award of sanctions including attorney's fees "[u]pon a finding of fraudulent conveyance pursuant to § 55-80," against any party "who, with the intent to defraud and having knowledge of the judgment, participated in the conveyance." Va. Code § 55-82.1. It is not clear to the Court whether this statute would apply to the transfer of the Property in this case, which occurred in 2005, or to NRS's lawsuit, which was filed in 2010. The Court does find, however, that any potential liability for sanctions under Section 55-82.1 is *in personam* in nature and is barred by

11

the Debtor's discharge. On the other hand, attorney's fees to be paid solely out of the proceeds of a sale of the Property under Va. Code § 55-82.1 ("Should there be a resulting judicial sale, any award of attorney fees shall be paid out of the proceeds of the sale") are *in rem* in nature and are not barred by the Debtor's discharge.

Although NRS may proceed on its *in rem* fraudulent transfer claim, it may not proceed on its claim in the alternative for a money judgment against Mr. Beitdashtoo. The Court will set a status hearing, below, to monitor NRS's compliance with the terms of this Order.

Conclusion

For the foregoing reasons, it is **ORDERED**:

A.     The case is reopened. No Trustee need be appointed as the relief sought is personal to the Debtor.

B.     NRS is permitted to pursue its fraudulent transfer claim against the Property, *in rem* (including any attorney's fees to be paid solely out of a sale of the Property), without violating the discharge injunction.

C.     NRS is not permitted to seek a money judgment against the Debtor (including any *in personam* claim for attorney's fees or sanctions under Section 55-82.1 in the fraudulent transfer action).

D.     The Court will hold a hearing in this matter on **March 27, 2018, at 9:30 a.m.,** at which it will: (a) determine whether NRS has complied with this Order; and (b) assess an appropriate amount of attorney's fees against NRS.

12

E.    Debtor's counsel shall file and serve his fee request with billing records by no
later than **March 6, 2018.** Any Objection to the fee request shall be filed by **March 20, 2018.** No
Reply Memorandum will be allowed.

F.    The Clerk will mail copies of this Order, or will provide cm-ecf notice of its
entry, to the parties below.

Date: Jan 24 2018                                /s/ Brian F. Kenney
                                                Brian F. Kenney
Alexandria, Virginia                            United States Bankruptcy Judge

                                       Entered on Docket:1/25/2018 sas

Copies to:

Youri Beitdashtoo
4054 41 Street, N.
McLean, VA 22101
*Chapter 7 Debtor*

Daniel M. Press
6718 Whittier Ave., Suite 200
McLean, VA 22101
*Counsel for Debtor*

Robert L. Vaughn, Jr.
11490 Commerce Park Dr., Suite 510
Reston, VA 20191
*Counsel for NRS*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Youri Beitdashtoo | ) | |
| | ) | Case No. 11-16702-BFK |
| Debtor. | ) | Chapter 7 |
| | ) | |

NOTICE OF APPEAL

**Youri Beitdashtoo**, the **Debtor** herein, hereby appeals under 28 U.S.C. § 158(a) from the

Order (Docket #176) finally denying injunctive and other relief and allowing Nationwide Registry &

Security, Ltd., to proceed in state court on its fraudulent transfer claim, which Order was entered by

U.S. Bankruptcy Judge Brian Kenney on January 25, 2018, a copy of which is attached.

The names of all parties to the judgment, order, or decree appealed from and the names,

addresses, and telephone numbers of their respective attorneys are as follows:

| | |
|---|---|
| Youri Beitdashtoo, Debtor: | Daniel M. Press, VSB 37123<br>CHUNG & PRESS, P.C.<br>6718 Whittier Avenue, Suite 200<br>McLean, Virginia 22101<br>(703) 734-3800 |
| Nationwide Registry & Security, Ltd. | Robert L. Vaughn, Esq.<br>O'Connor & Vaughn, LLC<br>11490 Commerce Park Dr. Ste. 510<br>Reston VA 20191<br>(703) 689-2100 |

```
Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Debtor
```

Dated: February 7, 2018.

Respectfully submitted,

___/s/ Daniel M. Press_____
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Debtor

CERTIFICATE OF SERVICE

    This is to certify that on this 7th day of February, 2018, I caused the foregoing Notice of Appeal to be served by CM/ECF upon counsel for all parties listed above, and all parties requesting notice.

___/s/ Daniel M. Press_____ ___
Daniel M. Press

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

In re:                                             )
                                                   )
YOURI BEITDASHTOO,                                 )        Case No. 11-16702-BFK
                                                   )        Chapter 7
                    Debtor.                         )
_____ )

**ORDER GRANTING
DEBTOR'S MOTION TO REOPEN CASE,
GRANTING IN PART AND DENYING IN PART DEBTOR'S
MOTION FOR SANCTIONS AND SETTING HEARING**

This matter is before the Court on the Debtor's Motion to Reopen this bankruptcy case
and for sanctions against National Registry and Security, Ltd. ("NRS"). Docket No. 172. NRS
has filed an Opposition to the Debtor's Motion. Docket No. 174. The Court heard the arguments
of the parties on January 2, 2018. For the reasons stated below, the Court will grant the Debtor's
Motion to Reopen. The Court will grant in part and will deny in part the Debtor's Motion for
Sanctions and will set a hearing.

**Uncontested Facts**

Although the parties disagree on many facts, the procedural history of this matter is not
genuinely disputed.

*A. NRS's Judgment Against Ms. Ahmadpour and the Transfer of the Property.*

1.      On September 11, 2005, Ms. Nahid Ahmadpour transferred her interest in 4054
41 St. N., McLean, VA 22101 ("the Property"), from herself to herself and her husband, the
Debtor, as tenants by the entirety.

1

165                                                                                          32

2.      In January 2008, NRS obtained a judgment in the Circuit Court of Fairfax County against the Debtor's wife, Ms. Ahmadpour, in the amount of $80,000.00, plus interest at 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000.00 ("the Judgment").

3.      The Judgment arose out of certain unpaid drafts for gambling debts in Las Vegas in October 2005. Ms. Ahmadpour pled guilty in Nevada to criminal charges related to the unpaid drafts.

*B.  NRS's Fraudulent Transfer Lawsuit and the Settlement Agreement.*

4.      On October 22, 2010, NRS filed a lawsuit against Ms. Ahmadpour and the Debtor in the Circuit Court of Fairfax County (Case No. 2010-15001). Motion, Ex. A.

5.      The lawsuit sought to avoid the transfer as a fraudulent transfer under Va. Code § 55-80. *Id.* at 4.

6.      The lawsuit sought in the alternative a money judgment against both of the Defendants in the amount of $80,000.00, plus interest at 18% per annum from October 10, 2005, until paid, attorney's fees of $31,000.00, and additional attorney's fees pursuant to Va. Code § 55-82.1. *Id.*

7.      In July 2011, the parties entered into a Settlement Agreement, under which a portion of the Judgment would be secured by a Deed of Trust against the Property.

*C.  Ms. Ahmadpour's First Bankruptcy Case (No. 11-17929-BFK).*

8.      On November 1, 2011, Ms. Ahmadpour filed a Voluntary Petition under Chapter 13 with this Court. Case No. 11-17929-BFK, Docket No. 1.

2

9.      After the Court denied confirmation of two plans (Docket Nos. 41 and 46), it dismissed Ms. Ahmadpour's bankruptcy case on March 19, 2012. *Id.*, Docket No. 46.[1]

*D.  Mr. Beitdashtoo's First Bankruptcy Case (No. 11-16702-BFK).*

10.     Mr. Beitdashtoo, the Debtor in this case, filed a Voluntary Petition under Chapter 13 with this Court on September 13, 2011.

11.     After a number of denials of confirmation and the filing of Amended Plans (Docket Nos. 47, 72, 73, 80), the case was converted to Chapter 7 at the Debtor's request on March 27, 2012. Docket Nos. 82, 84.

12.     NRS filed a Motion to Dismiss the Chapter 7 case. Docket No. 91. The Court denied this Motion on May 22, 2012. Docket No. 122.

13.     On July 12, 2012, the Court granted relief from the automatic stay to NRS to pursue: (a) a foreclosure on its Deed of Trust against the Property; and (b) the fraudulent transfer lawsuit in Fairfax County (Case No. 2010-15001). Docket No. 131 ("the Relief from Stay Order").

14.     The Chapter 7 Trustee filed a Notice of Abandonment with respect to the Property. Docket No. 148. No party in interest objected to the Trustee's Notice of Abandonment. The Property, therefore, was deemed abandoned. *See* Bankruptcy Rule 6007 (requiring any objection to abandonment to be filed within 14 days of a notice of abandonment).

15.     The Debtor was granted a discharge under Chapter 7. Docket No. 137.

---

[1]  The Court found that Ms. Ahmadpour was not proceeding in good faith because "instead of using her disposable income for the purpose of repaying her creditors in a Chapter 13 Plan, the Debtor has spent inordinately large sums of money at various casinos during the course of the case." Case No. 11-17929-BFK, Docket No. 46, at 1-2.

3

16.    The case was closed after approval of the Trustee's Final Report. Docket Nos.
169, 170.

E.  *Ms. Ahmadpour's Second Bankruptcy Case (No. 12-15026-BFK).*

17.    On August 16, 2012, Ms. Ahmadpour filed a second Voluntary Petition under
Chapter 13 with this Court. Case No. 12-15026-BFK, Docket No. 1.

18.    Ms. Ahmadpour moved to extend the automatic stay pursuant to Bankruptcy Code
Section 362(c)(3), as her prior case was dismissed within one year of her second bankruptcy
filing. *Id.*, Docket No. 5.

19.    The Court denied Ms. Ahmadpour's Motion to Extend the Automatic Stay on
September 24, 2012. *Id.*, Docket No. 31.

20.    After denying confirmation of a series of Chapter 13 plans (Docket Nos. 50, 66,
100), the Court dismissed the case on June 6, 2013. Docket No. 104.

F.  *Mr. Beitdashtoo's Second Bankruptcy Case (No. 12-00722).*

21.    After receiving his discharge from this Court, and shortly after the Court denied
Ms. Ahmadpour's Motion to Extend the Automatic Stay on September 24, 2012, the Debtor filed
a Voluntary Petition under Chapter 13 in the District of Columbia on October 31, 2012. Case No.
12-00722, Docket No. 1.

22.    The Bankruptcy Court in D.C. entered an Order stating that the Debtor was not
eligible for a discharge because he had been discharged in his Virginia case within the previous
four years, pursuant to Bankruptcy Code Section 1328(f). *Id.*, Docket No. 35.

4

23. The Debtor obtained confirmation of a Chapter 13 plan, under which he paid approximately $90,000.00 to NRS, thereby satisfying NRS's secured Deed of Trust claim against the Property in full.

### G. NRS's Motion to Reinstate its Lawsuit and the Debtor's Motion to Reopen and for Sanctions.

24. Ms. Ahmadpour continues to owe a substantial balance on the debt, owing to the 18% percent interest rate and the passage of time since the entry of the Judgment against her, plus attorney's fees.

25. The Debtor, Mr. Beitdashtoo, is not personally obligated on the remaining balance of the debt.

26. NRS filed a Motion to Reinstate the fraudulent transfer lawsuit in Fairfax County on August 8, 2017. Motion to Reopen, Ex. B.

27. In its Motion to Reinstate the Fairfax action, NRS did not distinguish between the relief sought in its Complaint - avoidance of the alleged fraudulent transfer and the alternative relief of a money judgment against both Defendants - and sought to reinstate the lawsuit on all of its claims. *Id.* at 4.

28. The Debtor filed an Opposition to the Motion to Reinstate in the Fairfax action, arguing that his discharge in this case bars any further relief. *Id.* Ex. C.

29. The Debtor also filed his Motion to Reopen and for Sanctions with this Court on December 12, 2012. Docket No. 172.

30. NRS filed an Objection to the Debtor's Motion to Reopen. Docket No. 174.

31. The Court heard the arguments of the parties on January 2, 2018.

5

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this district on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2) (matters concerning the administration of the estate).

### I.      Reopening a Closed Bankruptcy Case – Section 350(b).

Bankruptcy Code Section 350(b) provides that a closed case may be reopened "to administer assets, to accord relief to the debtor or for other cause." 11 U.S.C. § 350(b). A decision whether or not to reopen a bankruptcy case is committed to the Court's discretion. *Hawkins v. Landmark Fin. Co.,* 727 F.2d 324, 326 (4th Cir. 1984). The Court generally should avoid ruling on the underlying merits of a dispute in connection with a motion to reopen. *In re Conner,* 2014 WL 879639, at *1 (Bankr. W.D. Va. 2014); *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007). The reopening of a case does not afford the parties any substantive relief; rather, reopening provides an opportunity for further relief. *Horizon Aviation of Virginia, Inc. v. Alexander (In re Alexander),* 296 B.R. 380, 382 (E.D. Va. 2003); In re Clary, 440 B.R. 122, 123 (Bankr. E.D. Va. 2010) (quoting *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962)). On the other hand, the Court should not reopen a case where no relief can be accorded to the parties and reopening would be a futile act. *In re Conner,* 2014 WL 879639, at *1; *In re Cutright,* 2012 WL 1945703, at *4 (Bankr. E.D. Va. 2012); *In re Potes,* 336 B.R. 731, 732 (Bankr. E.D. Va. 2005). If NRS's lawsuit is purely *in rem*, then its Motion to Reinstate would not violate the discharge injunction and the case should not be reopened. If, on the other hand, at least some element of NRS's lawsuit seeks an *in personam,* money judgment against the Debtor, then the case should be reopened to accord relief to the Debtor.

6

The Court finds that NRS's lawsuit is primarily *in rem* in nature and that NRS's moving forward on the *in rem* component of its fraudulent transfer claim will not violate the discharge injunction. Proceeding on its claim for a money judgment against the Debtor, on the other hand, would violate the discharge injunction. The Court, therefore, will reopen the bankruptcy case to allow the Debtor to pursue relief related to the *in personam* claim.[2]

## II.     The Nature of NRS's Fraudulent Transfer Claim.

Bankruptcy Code Sections 524(a)(1) states that a discharge operates to void any judgment "to the extent that such judgment is a determination of the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Section 524(a)(2) further provides that a discharge operates as an injunction against the commencement or continuation of any action "to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Pre-petition liens, on the other hand, survive the discharge of a debtor, unless avoided in connection with the case. *In re Hamlett,* 322 F.3d 342, 347 (4th Cir. 2003) ("More than a century ago, the Supreme Court held that a bankruptcy discharge of a secured creditor's claim does not affect the status of the creditor's underlying lien on the debtor's property.") (citing *Long v. Bullard,* 117 U.S. 617, 620-21 (1886)); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93-94 (4th Cir. 1995). Further, it is not a violation of the discharge injunction to pursue purely *in rem* claims against the Debtor, post-discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Hall*, 559 B.R. 456, 460 (Bankr. W.D. Va. 2016); *In re Rountree*, 448 B.R. 389, 401 (Bankr. E.D. Va. 2011). The

---

[2]  The Debtor concedes that he has little in the way of damages other than his attorney's fees on this Motion. The Court, therefore, will set a hearing on the Debtor's Motion, at which: (a) the Court will assess whether NRS has respected the discharge injunction by dropping any claim for a money judgment against the Debtor in the Fairfax action; and (b) the Court will assess an appropriate amount of attorney's fees for NRS's violation of the discharge injunction with respect to its post-discharge request for a money judgment against the Debtor.

question, therefore, is whether NRS's fraudulent transfer claim, in which the Debtor is the

transferee, is in the nature of an *in rem* or an *in personam* claim.[3]

Virginia Code Section 55-82 provides as follows:

A creditor before obtaining a judgment or decree for his claim may, whether such claim be due and payable or not, institute any suit which he might institute after obtaining such judgment or decree to avoid a gift, conveyance, assignment or transfer of, or charge upon, the estate of his debtor declared void by either § 55-80 or 55-81; and he may in such suit have all the relief in respect to such estate to which he would be entitled after obtaining a judgment or decree for the claim which he may be entitled to recover. *A creditor availing himself of this section shall have a lien from the time of bringing his suit on all the estate, real and personal, hereinbefore mentioned, and a petitioning creditor shall be entitled to a like lien from the time of filing his petition in the court or in the clerk's office of the court in which the suit is brought.* If the proceeds of sale be insufficient to satisfy the claims of all the creditors whose liens were acquired at the same time they shall be applied ratably to such claims and the court may make a personal decree against the debtor for any deficiency remaining on the claim of any creditor after applying thereto his share of the proceeds of sale, or, if any creditor be not entitled to share in such proceeds, may render a personal decree against the debtor for the full amount of the creditor's claim. This section is subject to the provisions of §§ 8.01-268 and 8.01-269.

Va. Code § 55-82 (emphasis added).

NRS has had a Section 55-82 lien against the Property by operation of law from the time

that it brought its fraudulent transfer lawsuit in October 22, 2010. Its lien was not avoided in the

Debtor's bankruptcy case. The lien, therefore, survived the Debtor's discharge.[4]

Whether NRS's fraudulent transfer claim is an *in rem* claim or an *in personam* claim is a

matter of state law. *Butner v. U.S.*, 440 U.S. 48, 55 (1979). The Virginia Supreme Court has

---

[3] NRS argues that the Relief from Stay Order (Docket No. 131) in effect trumps the Debtor's discharge. There is no support in the case law for that proposition. A relief from stay order only remains in effect for the duration of the bankruptcy case, because the stay itself terminates when the case is closed or dismissed. 11 U.S.C. § 362(c)(2)(A) and (B). On the other hand, once the case is reopened, per the Court's Order below, the Relief from Stay Order previously entered remains in full force and effect in the reopened case. NRS, therefore, will be free to pursue its *in rem* fraudulent transfer claim against the Property, but it may not proceed with its request for an *in personam*, money judgment against the Debtor. The fourteen (14) day stay under Bankruptcy Rule 4001(a)(3) ran in July 2012.

[4] The statute does provide that "the court may make a personal decree against the debtor for any deficiency." In this case Ms. Ahmadpour, against whom NRS already has a judgment, is the debtor under Va. Code § 55-82. Mr. Beitdashtoo is the transferee, not the debtor, under the statute.

8

addressed the possibility of obtaining an *in personam* judgment against an alleged fraudulent

transferee under Section 55-80 in two cases. First, in *Mills v. Miller Harness, Inc.,* the Court

unequivocally held: "We find nothing in the statute authorizing a court to award an *in personam*

judgment when a fraudulent conveyance is set aside." 326 S.E.2d 665, 667 (Va. 1985).

Later, in *Price v. Hawkins,* the Court allowed an *in personam* judgment where cash was

the subject of the alleged fraudulent transfers. The Court specifically noted that "[t]his is not a

situation where the property fraudulently conveyed is realty, when a declaration that the

conveyance is void allows restoration of title in the name of the grantor to which the lien of the

judgment could attach," nor "where the fraudulent grantor conveys personal property that

requires title records for proof of ownership, like motor vehicles, and the property is still in

existence and can be located for attachment or levy when the fraudulent transfer is declared

void."  439 S.E.2d 382,385 (Va. 1994).  In effect, the Court allowed an *in personam* judgment in

*Price v. Hawkins* in order to avoid leaving the creditor with a right under Section 55-80 but no

effective remedy.[5]

---

[5]  One other case from the Virginia Supreme Court should be addressed here. In *Iron City Savings Bank v. Isaacson*, the Court held:

> A suit brought by a creditor to set aside a conveyance of real or tangible property, or the assignment and transfer of intangible personal property, by his debtor to a third person on the ground that it was fraudulent as to creditors is primarily a suit in personam. If the court secures jurisdiction of the person of both the grantor and grantee, it proceeds to its conclusion as essentially a suit in personam. But such a suit has this added incident. If the property (the res) conveyed or transferred is within the territorial jurisdiction of court and has been brought under the control of the court, the court, if authorized to do so by statute, may proceed to a judgment against the property as a res, even though it has not acquired such jurisdiction of the parties as is necessary for an adjudication in personam. Where, however, the court has not acquired jurisdiction of all the parties necessary to an adjudication in personam, the suit becomes in its essential nature a proceeding in rem; and the court cannot in such a case proceed unless it has acquired control of the res by actual or constructive seizure thereof, or is by law given control thereof by virtue of its location within the territorial limits to which its process may reach.

158 Va. 609, 627 (1932).

The Debtor relies on Judge St. John's opinion in *In re Rountree* for support. The Court, though, finds the *Rountree* opinion to be distinguishable for two reasons.

First, *Rountree* involved fraudulent transfer claims under the Uniform Fraudulent Transfer Act (UFTA) as enacted in North Carolina. Section 39-23.7 (Remedies of Creditors) of the North Carolina UFTA provides that, in addition to avoidance of the transfer, the plaintiff may obtain "[a]ny other relief the circumstances require," "[s]ubject to applicable principles of equity." N.C. Gen. St. § 39-23.7(a)(3)(c). Virginia has not enacted the UFTA and it does not appear that the UFTA, as enacted in North Carolina, would be subject to the same proscription on the entry of a personal judgment enunciated by the Virginia Supreme Court in *Mills*.

Second, Judge St. John noted that the creditor in *Rountree*, Nunnery, had "not obtained a lien, attachment, or other provisional remedy against [the] property of Rountree." *In re Rountree*, 448 B.R. at 403. In this case, as indicated above, NRS obtained a lien on the Property by virtue of Va. Code § 55-82.[6]

In the end, the Court simply cannot square the holding in *Mills* with the claim that a fraudulent transfer lawsuit constitutes an *in personam* proceeding as against the transferee. The Court holds that NRS's action in Fairfax is an *in rem* action to the extent that it seeks to avoid the transfer of the Property from Ms. Ahmadpour to herself and Mr. Beitdashtoo as tenants by the entirety as a fraudulent transfer under Va. Code § 55-80. NRS, therefore, is entitled to proceed on its *in rem* claim in state court.

---

The Court views the foregoing discussion to be clarified, if not overruled, by the decision in *Mills*. In *Mills*, there was no question that the courts had personal jurisdiction over the transferee and the Virginia Supreme Court held squarely that an *in personam* judgment was not available.

[6] Additionally, the creditor in *Rountree* (Nunnery) conceded that the North Carolina fraudulent transfer action was not an in rem claim. *Id.* at 402.

## III.     NRS's Claim for Alternative, In Personam Relief.

NRS's Motion to Reinstate, insofar as it includes its alternative request for an *in personam,* money judgment against the Debtor, on the other hand, clearly violates the discharge injunction. 11 U.S.C. § 524(a)(2). NRS's Motion to Reinstate the case in Fairfax did not distinguish between the *in rem* relief sought with respect to the Property and the alternative request for a money judgment (no doubt because NRS was proceeding on the mistaken belief that the Relief from Stay Order somehow trumped the Debtor's discharge).

The Debtor has obtained a discharge in this case. As noted above, the Relief from Stay Order does not trump the Debtor's discharge. NRS did not seek a declaration of non-dischargeability of any amounts owed to it under the Settlement Agreement. *See* 11 U.S.C. §§ 523(a)(2)(A) (debts non-dischargeable where incurred by false pretenses, a false representation or actual fraud), (c)(1) (debts discharged unless a complaint is timely filed to determine non-dischargeability), *and* Bankruptcy Rule 4007(c) (complaints for non-dischargeability must be filed not later than 60 days after the first date set for the meeting of creditors under Section 341(a)). Any *in personam* claim has been discharged.

Finally, in 2012 the Virginia legislature enacted Va. Code § 55-82.1, which allows for an award of sanctions including attorney's fees "[u]pon a finding of fraudulent conveyance pursuant to § 55-80," against any party "who, with the intent to defraud and having knowledge of the judgment, participated in the conveyance." Va. Code § 55-82.1. It is not clear to the Court whether this statute would apply to the transfer of the Property in this case, which occurred in 2005, or to NRS's lawsuit, which was filed in 2010. The Court does find, however, that any potential liability for sanctions under Section 55-82.1 is *in personam* in nature and is barred by

11

the Debtor's discharge. On the other hand, attorney's fees to be paid solely out of the proceeds of

a sale of the Property under Va. Code § 55-82.1 ("Should there be a resulting judicial sale, any

award of attorney fees shall be paid out of the proceeds of the sale") are *in rem* in nature and are

not barred by the Debtor's discharge.

Although NRS may proceed on its *in rem* fraudulent transfer claim, it may not proceed on

its claim in the alternative for a money judgment against Mr. Beitdashtoo. The Court will set a

status hearing, below, to monitor NRS's compliance with the terms of this Order.

**Conclusion**

For the foregoing reasons, it is **ORDERED**:

A.      The case is reopened. No Trustee need be appointed as the relief sought is

personal to the Debtor.

B.      NRS is permitted to pursue its fraudulent transfer claim against the Property, *in*

*rem* (including any attorney's fees to be paid solely out of a sale of the Property)*,* without

violating the discharge injunction.

C.      NRS is not permitted to seek a money judgment against the Debtor (including any

*in personam* claim for attorney's fees or sanctions under Section 55-82.1 in the fraudulent

transfer action).

D.      The Court will hold a hearing in this matter on **March 27, 2018, at 9:30 a.m.,** at

which it will: (a) determine whether NRS has complied with this Order; and (b) assess an

appropriate amount of attorney's fees against NRS.

12

E.      Debtor's counsel shall file and serve his fee request with billing records by no later than **March 6, 2018.** Any Objection to the fee request shall be filed by **March 20, 2018.** No Reply Memorandum will be allowed.

F.      The Clerk will mail copies of this Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Jan 24 2018                          /s/ Brian F. Kenney
                                            Brian F. Kenney
Alexandria, Virginia                        United States Bankruptcy Judge

                                    Entered on Docket:1/25/2018 sas

Copies to:

Youri Beitdashtoo
4054 41 Street, N.
McLean, VA 22101
*Chapter 7 Debtor*

Daniel M. Press
6718 Whittier Ave., Suite 200
McLean, VA 22101
*Counsel for Debtor*

Robert L. Vaughn, Jr.
11490 Commerce Park Dr., Suite 510
Reston, VA 20191
*Counsel for NRS*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In re                          )
                            )
Youri Beitdashtoo           )
                            )     Case No. 11-16702-BFK
            Debtor.         )     Chapter 7

DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF ISSUES

       Youri Beitdashtoo, the Debtor herein, pursuant to Bankr. Rule 8009(a), designates the

following items to be included in the record on appeal.

       1) docket entries kept by the bankruptcy clerk;

       2) the notice of appeal (Docket #179)

       3) Order Granting Motion to Reopen Case, Order Granting in Part and Denying in Part

Debtors Motion for Sanctions. (Docket #176)

       4)  Transcript of January 2, 2018 hearing (ordered)

       5) Petition (Docket #1)

       6) Schedules, Statements, Lists (Docket #20)

       7) Motion for Relief from Stay Re: 4054-41st, McLean, VA (Docket #6)

       8) Notice of Voluntary Conversion from Chapter 13 to Chapter 7 (Docket #82)

       9) Order Upon Conversion of Chapter 13 to Chapter 7 (Docket #84)

       10) Motion for Relief from Stay Re: 4054 41st Street, North, Mclean, VA (Docket #111)

```
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
Counsel for Debtor
```

11) Order Granting Motion for Relief from Stay (Docket #131)

12) Discharge/BNC Certificate of Mailing of Discharge of Debtor(s) (Docket #137-138)

13) ORDER DISCHARGING TRUSTEE AND CLOSING CASE (Docket #170)

14) Motion to Reopen Case, Motion for Sanctions for Violation of the Discharge

Injunction 11 USC 524(a), 11 USC 105 , Motion for Contempt (Docket #172)

15) Proof of Claim 8-1

16) Proof of Claim 21-1

**The question presented on appeal** is whether the Bankruptcy Court erred in denying

injunctive relief and finding that the fraudulent transfer claim of Nationwide Registry &

Security, Ltd. is an *in rem* claim not barred by Debtor's discharge.

Dated: February 21, 2018.

Respectfully submitted,

___/s/Daniel M. Press___
Daniel M. Press, VSB 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

This is to certify that on this 21st day of February, 2018, I caused the foregoing
Document to be served by CM/ECF upon counsel for the Appellee,  Robert Vaughn, Esq., and
all parties requesting notice.

___/s/Daniel M. Press___
Daniel M. Press

ALL DOCUMENTS MUST BE 8-1/2 X 11

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT   EASTERN   DISTRICT OF   VIRGINIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:   Youri Beitdashtoo | Case Number:   11-16702-RGM |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Nationwide Registry & Security, Ltd<br><br>Name and address where notices should be sent:<br>c/o Robert L. Vaughn, Jr.<br>11480 Commerce Park Drive, Suite 510<br>Reston, VA 20191<br><br>Telephone number:   (703) 689-2100 | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $  91,000(not full amt debt)<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**   Deed of Trust<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3.** Last four digits of any number by which creditor identifies debtor:_____<br><br>**3a.** Debtor may have scheduled account as:_____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  ☑ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:**$_____ **Annual Interest Rate**____ %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____ **Basis for perfection:**_____<br><br>Amount of Secured Claim: $_ See attached⊞ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| **Date:**<br>10/28/2011 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

180



**V I R G I N I A :**

## IN THE CIRCUIT COURT OF THE COUNTY OF FAIRFAX

NATIONWIDE REGISTRY & SECURITY, *
LTD.
                                        *

   **PLAINTIFF**   *

          *

**v.**          *   **Case No. 2007-14478**

**NAHID AHMADPOUR**   *

   **DEFENDANT**

### <u>DEFAULT JUDGMENT O R D E R</u>

   THIS MATTER came on for hearing upon the Motion of the Plaintiff, Nationwide registry & Security, Ltd., for default judgment against the Defendant, Nahid Ahmadpour; and

   IT APPEARING TO THE COURT that the Defendant, Nahid Ahmadpour, was properly served with the Complaint filed herein and is subject to personal jurisdiction of this Court; that more than twenty-one (21) days has elapsed since service of process upon the Defendant and more than ten (10) days has elapsed since notice was provided to her pursuant to Va. Code § 8.01-296(2)(b); that the Defendant has not filed any responsive pleadings or otherwise responded to said Complaint and is therefore in default; and that judgment by default should be entered herein on behalf of the Plaintiff; it is, therefore,

   ADJUDGED, ORDERED AND DECREED as follows:

   1. That the Defendant, Nahid Ahmadpour, was properly served with the Complaint filed herein and is subject to personal jurisdiction in this Court.

   2. That more than twenty-one (21) days has elapsed since service of process upon the Defendant, Nahid Ahmadpour, and more than ten (10) days has elapsed since notice was provided

to her pursuant to Va. Code § 8.01-296(2)(b), the Defendant having not filed any responsive pleadings or otherwise responded to said Complaint, and is in default.

3.   That the Defendant's actions herein constituted actual fraud.

4.   That the Plaintiff, Nationwide registry & Security, Ltd., be and hereby is, awarded judgment against the Defendant, Nahid Ahmadpour, in the amount of Eighty Thousand and No/100 Dollars ($80,000); punitive damages in the amount of $ _____∅_____ ; with interest on said sums at the rate of eighteen percent (18%) per annum from October 10, 2005, until paid in full; reasonable attorney's fees in the amount of $ _16,000.00_____ , and its costs in this behalf expended.

ENTERED THIS ___17th___ day of January, 2008.

JUDGE

I ASK FOR THIS:

O'CONNOR & VAUGHN LLC
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6296 Facsimile

By _____
        Robert L. Vaughn, Jr.
        VSB No. 20633
        *Counsel for Plaintiff*

A COPY TESTE:
JOHN T. FREY, CLERK

BY: _____
         Deputy Clerk
Date: ___1 13 108___
Original retained in the office of
the Clerk of the Circuit Court of
Fairfax County, Virginia

182

## DEED OF TRUST

This Deed of Trust made this _2nd_ day of August, 2011, by and between **YOURI BEITDASHTOO and NAHID AHMADPOUR**, hereinafter collectively referred to as "**Grantor**", and **Robert L. Vaughn, Jr.**, Trustee, whose business address is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, a resident of Fairfax County, Virginia, herein referred to as "Trustee."

## W I T N E S S E T H :

That for and in consideration of Ten Dollars ($10.00), cash in hand paid to Grantor, and other good and valuable consideration, the receipt of which is hereby acknowledged, Grantor does hereby grant, bargain, sell and convey to the Trustee, with GENERAL WARRANTY and English Covenants of title, all that certain parcel or lot of land, together with all the buildings and improvements now or hereafter thereon, and all other rights or privileges and appurtenances belonging or in any way appertaining thereto, situate, lying and being in the County of FAIRFAX, Virginia, and more particularly described as follows (the "Property"):

All that certain tract or parcel of land with improvements thereon and appurtenances thereunto belonging, situate in Fairfax County, Virginia known as

LOT SIXTY-SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is duly dedicated, platted and recorded in Deed Book 3489 at page 564 among the land records of Fairfax County, Virginia.

Also known as 4054 - 41st Street, North, McLean, Virginia 22102.

**IN TRUST NEVERTHELESS**, to secure the payment of the sum of NINETY-ONE THOUSAND DOLLARS and 00/100ths ($91,000.00) payable to **NATIONWIDE REGISTRY & SECURITY, LTD.**, Beneficiary hereunder, whose mailing address for notice purposes is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, pursuant to a separate Settlement Agreement ("Agreement") between the parties relating to the satisfaction of a judgment obtained by the Beneficiary against Nahid Ahmadpour in the Circuit Court of Fairfax County, Virginia, in Case No. 2007-14478 (hereinafter the "judgment").

This Deed of Trust, except to the extent inconsistent with the specific and express provisions contained herein, shall in all other respects be read and construed with, and to such extent be deemed to incorporate by reference, the provisions of Section 55-59 through 55-59.4 of the Code of Virginia of 1950, as in force and effect on the date of acknowledgment hereof, and shall include in short form as provided in Section 55-60 of said Code the following provisions:

> Deferred Purchase Money
> Exemptions waived
> Subject to all upon default
> Renewals and extensions permitted
> Rights of anticipation reserved
> Insurance required
> Substitution of Trustee permitted

The parties hereto do further covenant and agree as follows:

1.      Grantor hereby covenants that Grantor owns the Property in fee simple, subject to existing deeds of trusts thereon, and has the right to convey it; that Grantor will execute such further assurances of title as may be requisite; that Grantor will pay punctually and promptly all of the said indebtedness; and that no purchaser hereunder shall be required to look to the application of the purchase moneys except as otherwise provided by law.

2.      So long a any part of the indebtedness secured hereby remains unpaid, Grantor agrees (a) to pay all taxes, assessments, levies and charges upon the Property by the time they become due, and to deliver evidence of the payment of said taxes, assessments and levies to the holder of the Agreement within ten (10) days after their respective due dates, and (b) to keep the improvements on the Property constantly insured, by a reputable insurance company, acceptable to the holder of the judgment, in such amount as specified above, against loss by fire, or other hazards usually covered by an extended coverage policy, which loss payable clauses in favor of and in form acceptable to the holder of the Judgment, without contribution, and to deliver policies and all renewals thereof to the holder of the Agreement, and Grantor shall promptly furnish to the holder of the Judgment all renewal notices and all receipts of said premiums. Subject to the rights of parties secured by deeds of trust superior to this deed of trust if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insurance is held as hereinbefore provided, or shall suffer any other loss, the Grantor will immediately give notice by mail to the holder of the Judgment, who may make proof of loss if not made promptly by the Grantor and if restoration or repair of the Property damaged is economically feasible and the security of this deed of trust is not thereby impaired, the insurance proceeds shall be applied to such restoration and repair. If such restoration or repair is not economically feasible or if the security of this deed of trust would be impaired, the insurance proceeds shall be applied to the sums then remaining unpaid, secured by this deed of trust, with the excess, if any, paid to the Grantor. If Grantor fails to respond to the holder of the Judgment within thirty (30) days from the date notice is mailed by the holder of the Judgment to Grantor that the insurance carrier offers to settle a claim for insurance benefits, the holder of the Judgment is authorized to collect and apply the insurance proceeds at the holder of the Judgment's option either to restoration or repair of the Property or to the sums secured by this deed of trust.

3.      Grantor will not remove, demolish or alter the design or structural character of any building now or hereafter erected on the Property unless the holder of the judgment shall first consent thereto in writing; will maintain the property in good condition and repair; will not commit or suffer waste thereof; and will comply with all laws, ordinances, regulations, covenants, condition and restrictions affecting the Property.

4.      Grantor agrees to pay all expenses incurred in the collection of the indebtedness hereby secured, including reasonable attorneys' fees plus interest on principal amounts in default at the same rate as then being charged on the judgment hereby secured.

5.      In the event this deed of trust is inferior to any other deed of trust on the property, the Grantor covenants to pay the instrument secured thereby, and in default thereof, the holder of the judgment secured by this deed of trust may treat such default as a default under this trust and proceed

with foreclosure as herein set forth, and any sums of money paid by the judgment holder to prevent foreclosure on a prior deed of trust, shall be deemed to be fully secured by this instrument, plus interest at the rate provided for on the judgment secured hereby from this date of payment.

6.    Grantor also hereby irrevocably assigns and conveys unto the Judgment holder, and grants the judgment holder a security interest in, all leases now or hereafter existing on the Property and any guaranties thereof and all rents from the Property to secure the payment of all obligations secured hereunder. Grantor hereby authorizes the judgment holder to collect said rents with or without suit and to apply the same, less expenses of collection, to any of the obligations secured hereunder in such manner as may be determined by the judgment holder, or at the option of the judgment holder, to hold the same as security for the payment of all obligations secured hereunder: provided however, that until there be a default under the terms of the Agreement or this Deed of Trust, Grantor may continue to collect and enjoy said rents without accountability to the judgment holder.

7.    Grantor agrees that if default shall be made: (a) in payment of the secured indebtedness when due, or (b) in the terms and conditions of the Agreement, or (c) under the terms of or in the payment of, any installment of principal or interest on any senior encumbrance, or (d) in the payment of taxes or assessments, or fire and other hazard insurance, all as hereinabove provided; or upon any default in payment on demand of any money advanced by a judgment or lien holder on account of any prior cost, charge, commission or expense in and about the same time, or on account of any tax or assessment or insurance, or expense of litigation, or attorneys' fees, with interest thereon at the rate set forth in the judgment secured hereby from date of such advance (it being hereby agreed that on default in the payment of any tax or assessments or insurance premium or any payment on account thereof, or in the payment of any said costs, expense of litigation, or attorneys' fees, or any amount of principal or interest falling due on any senior encumbrance, as aforesaid, judgment holder may pay the same, and all sums so advanced, with interest as aforesaid, shall immediately attach as a lien hereunder, and be payable upon demand), or upon failure or inability faithfully and fully to keep and perform any of the conditions or covenants herein provided, then upon each and every such default so made, it is expressly covenanted and agreed by Grantor that if fifteen (15) business days after the judgment holder gives notice of such default via email to the Grantor at the following email address _DIHANYD@AOL.com_, and Grantor has not cured said default and provided evidence of such cure to the judgment holder, it is expressly covenanted and agreed by Grantor that judgment holder may treat the whole principal debt hereby secured as thereupon immediately due and payable, and shall, in order to recover said principal debt or sum and interest thereon until paid, have the right then or thereafter at any time to sue thereon at law or in equity or to enforce payment thereof by means of any remedies or provisions in this instrument contained; and these rights shall exist notwithstanding that, by the terms of the Judgment or Agreement hereby secured, it may not on its face be due.

8.    In the event of default occurring as described in the preceding paragraph (including non-payment of the entire indebtedness when due or accelerated), then the Trustee, on being requested to do so by Judgment holder, shall sell for cash the property, after first advertising the time, terms, and place of sale once a week for four (4) consecutive weeks in some newspaper published in or having a general circulation in, the county, city, or town wherein the Property is located, or by any other method of advertisement that the Trustee may deem appropriate. The Trustee

or party secured shall give written notice of such proposed sale by personal delivery, or by certified or registered mail to the present owner of the Property at his last known address as set forth in the Agreement, mailing a copy of the advertisement or a notice containing the same information fourteen (14) days prior to such sale shall be a sufficient compliance with the requirement of notice, failure to comply with the foregoing notice requirements shall not affect the validity of the sale under this deed of trust, and purchaser shall be under no duty to ascertain whether such a notice was validly given. The Trustee shall apply the proceeds of said sale: first to discharge the expenses of executing the trust, including commission to the Trustee of five percent (5%) of the gross proceeds of sale; secondly to discharge all taxes, levies, assessments, with costs and interest, including the due pro rata thereof for the current year; thirdly, to discharge in the order of the priority, if any, remaining debts and obligations secured by this deed of trust, and any liens of record inferior to this deed of trust, with lawful interest; and fourthly, the residue of the proceeds shall be paid to the Grantor or his assigns, provided, however, that the Trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of or upon the Grantor's equity, without actual notice thereof prior to distribution.

9.      If at the time of the sale the said Trustee shall deem it best for any reason to postpone or continue said sale for one or more days, they or he may do so, in which event, notice of such postponement or continuance shall be made in such manner as the Trustee, or the one acting may deem sufficient. It is further agreed that if said Property shall be advertised for sale as herein provided and not sold, the Trustee, or the one acting, shall be computed on the amount of the principal then unpaid.

10.      The Trustee is authorized and directed to grant a deed of release for the Property upon payment to the judgment holder of the total principal amount of the indebtedness secured hereby and all other sums due hereunder, together with accrued interest due on such amount to the date of payment.

11.      The judgment holder, with or without cause, is hereby authorized and empowered to substitute and appoint, by an instrument recorded wherever this deed of trust is recorded, a Trustee in the place of any Trustee hereunder. All power and discretion vested in the Trustees by law or by this deed of trust may be exercised by the Trustee or any substitute Trustee, and, upon any sale hereunder, a conveyance by the Trustee so acting shall be sufficient to pass title to such property.

12.      Grantor further covenants that the Trustees may rely upon the written or oral representatives of the Judgment holder that this deed of trust or the Judgment or Agreement secured hereby is in default, and all action taken pursuant to notice of default and request for foreclosure shall be binding upon Grantor, the Trustee and those claiming through or under them.

13.      Until default in the payment of the indebtedness hereby secured, or the breach of one or more of the covenants of the Agreement, or of this deed of trust, or the happening of any event which would constitute a default under the terms hereof or such Agreement, Grantor shall remain in quiet use, possession and management of the Property and in the enjoyment of the income, revenue and profits therefrom.

14.      In the event that title to the Property or any interest therein, whether legal or equitable,

becomes vested in anyone other than the Grantor, then the entire amount of the debt then become remaining unpaid, and all accrued interest thereon, shall become immediately due and payable at the option of the Judgment holder.

15.     The covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number of noun shall include the plural and the plural singular.

16.     This deed of trust is to be construed according to the laws of Virginia.

NOTICE:     **THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

**WITNESS** the following signatures and seals:

_____ (SEAL)
**YOURI BEITDASHTOO**

_____ (SEAL)
**NAHID AHMADPOUR**

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **YOURI BEITDASHTOO** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the __2nd__ day of ~~July,~~ 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this __2nd__ day of ~~July,~~ 2011. AUGUST

_____
Notary Public, Reg. No. 7235592

My commission expires: __05/31/13__ .

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **NAHID AHMADPOUR** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the __2nd__ day of ~~July,~~ 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this __2nd__ day of ~~July,~~ 2011. August

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235592
My Commission Expires May 31, 2013

187

My commission expires: 05/31/2013

Notary Public, Reg. No. 7235592

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235592
My Commission Expires May 31, 2013

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT   EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  YOURI BEITDASHTOO | Case Number:  11-16702-BFK |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

NATIONWIDE REGISTRY & SECURITY, LTD

Name and address where notices should be sent:
c/o Robert L. Vaughn, Jr.
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
Telephone number: 703-689-2100      email: rvaughn@oconnorandvaughn.com

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

_____

Telephone number: _____      email: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $ 91,000 (not full amt debt)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   Deed of Trust
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate _____ % ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: _____

Amount of Secured Claim:   $ See attached

Amount Unsecured:   $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use  11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.   (See instruction #6)

B 10 (Official Form 10) (12/11)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ■ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor
           (Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
                                                      (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Robert L. Vaughn, Jr.
Title:  Attorney for Nationwide Registry &  Security
Company:  O'Connor & Vaughn LLC
Address and telephone number (if different from notice address above):
 

 

Telephone number:               email:

(Signature)                         5.3.2012
                                                       (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
*The individual completing this proof of claim must sign and date it.* FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

VIRGINIA:

## IN THE CIRCUIT COURT OF THE COUNTY OF FAIRFAX

NATIONWIDE REGISTRY & SECURITY, *
LTD.
                                    *
            PLAINTIFF
                                    *
v.
                                    *        Case No. 2007-14478
NAHID AHMADPOUR
                                    *
            DEFENDANT
                                    *

### DEFAULT JUDGMENT O R D E R

THIS MATTER came on for hearing upon the Motion of the Plaintiff, Nationwide registry & Security, Ltd., for default judgment against the Defendant, Nahid Ahmadpour; and

IT APPEARING TO THE COURT that the Defendant, Nahid Ahmadpour, was properly served with the Complaint filed herein and is subject to personal jurisdiction of this Court; that more than twenty-one (21) days has elapsed since service of process upon the Defendant and more than ten (10) days has elapsed since notice was provided to her pursuant to Va. Code § 8.01-296(2)(b); that the Defendant has not filed any responsive pleadings or otherwise responded to said Complaint and is therefore in default; and that judgment by default should be entered herein on behalf of the Plaintiff; it is, therefore,

ADJUDGED, ORDERED AND DECREED as follows:

1. That the Defendant, Nahid Ahmadpour, was properly served with the Complaint filed herein and is subject to personal jurisdiction in this Court.

2. That more than twenty-one (21) days has elapsed since service of process upon the Defendant, Nahid Ahmadpour, and more than ten (10) days has elapsed since notice was provided

191

to her pursuant to Va. Code § 8.01-296(2)(b), the Defendant having not filed any responsive pleadings or otherwise responded to said Complaint, and is in default.

3. That the Defendant's actions herein constituted actual fraud.

4. That the Plaintiff, Nationwide registry & Security, Ltd., be and hereby is, awarded judgment against the Defendant, Nahid Ahmadpour, in the amount of Eighty Thousand and No/100 Dollars ($80,000); punitive damages in the amount of $___∅___; with interest on said sums at the rate of eighteen percent (18%) per annum from October 10, 2005, until paid in full; reasonable attorney's fees in the amount of $ 16,000.00 _____, and its costs in this behalf expended.

ENTERED THIS ___17th___ day of January, 2008.

_____
JUDGE

I ASK FOR THIS:

O'CONNOR & VAUGHN LLC
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6295 Facsimile

By _____
Robert L. Vaughn, Jr.
VSB No. 20633
*Counsel for Plaintiff*

A COPY TESTE:
JOHN T. FREY, CLERK

BY _____
Deputy Clerk
Date: ___1/3/08___
Original retained in the office of
the Clerk of the Circuit Court of
Fairfax County, Virginia

192

## DEED OF TRUST

This Deed of Trust made this _____2nd_____ day of August, 2011, by and between **YOURI BEITDASHTOO and NAHID AHMADPOUR**, hereinafter collectively referred to as "**Grantor**", and **Robert L. Vaughn, Jr.**, Trustee, whose business address is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, a resident of Fairfax County, Virginia, herein referred to as "Trustee."

### WITNESSETH:

That for and in consideration of Ten Dollars ($10.00), cash in hand paid to Grantor, and other good and valuable consideration, the receipt of which is hereby acknowledged, Grantor does hereby grant, bargain, sell and convey to the Trustee, with GENERAL WARRANTY and English Covenants of title, all that certain parcel or lot of land, together with all the buildings and improvements now or hereafter thereon, and all other rights or privileges and appurtenances belonging or in any way appertaining thereto, situate, lying and being in the County of FAIRFAX, Virginia, and more particularly described as follows (the "Property"):

All that certain tract or parcel of land with improvements thereon and appurtenances thereunto belonging, situate in Fairfax County, Virginia known as

LOT SIXTY-SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is duly dedicated, platted and recorded in Deed Book 3489 at page 564 among the land records of Fairfax County, Virginia.

Also known as 4054 - 41st Street, North, McLean, Virginia 22102.

**IN TRUST NEVERTHELESS**, to secure the payment of the sum of NINETY-ONE THOUSAND DOLLARS and 00/100ths ($91,000.00) payable to **NATIONWIDE REGISTRY & SECURITY, LTD.**, Beneficiary hereunder, whose mailing address for notice purposes is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, pursuant to a separate Settlement Agreement ("Agreement") between the parties relating to the satisfaction of a judgment obtained by the Beneficiary against Nahid Ahmadpour in the Circuit Court of Fairfax County, Virginia, in Case No. 2007-14478 (hereinafter the "judgment").

This Deed of Trust, except to the extent inconsistent with the specific and express provisions contained herein, shall in all other respects be read and construed with, and to such extent be deemed to incorporate by reference, the provisions of Section 55-59 through 55-59.4 of the Code of Virginia of 1950, as in force and effect on the date of acknowledgment hereof, and shall include in short form as provided in Section 55-60 of said Code the following provisions:

> Deferred Purchase Money
> Exemptions waived
> Subject to all upon default
> Renewals and extensions permitted
> Rights of anticipation reserved
> Insurance required
> Substitution of Trustee permitted

Page 1 of 4

The parties hereto do further covenant and agree as follows:

1.      Grantor hereby covenants that Grantor owns the Property in fee simple, subject to existing deeds of trusts thereon, and has the right to convey it; that Grantor will execute such further assurances of title as may be requisite; that Grantor will pay punctually and promptly all of the said indebtedness; and that no purchaser hereunder shall be required to look to the application of the purchase moneys except as otherwise provided by law

2.      So long a any part of the indebtedness secured hereby remains unpaid, Grantor agrees (a) to pay all taxes, assessments, levies and charges upon the Property by the time they become due, and to deliver evidence of the payment of said taxes, assessments and levies to the holder of the Agreement within ten (10) days after their respective due dates, and (b) to keep the improvements on the Property constantly insured, by a reputable insurance company, acceptable to the holder of the judgment, in such amount as specified above, against loss by fire, or other hazards usually covered by an extended coverage policy, which loss payable clauses in favor of and in form acceptable to the holder of the Judgment, without contribution, and to deliver policies and all renewals thereof to the holder of the Agreement, and Grantor shall promptly furnish to the holder of the Judgment all renewal notices and all receipts of said premiums. Subject to the rights of parties secured by deeds of trust superior to this deed of trust if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insurance is held as hereinbefore provided, or shall suffer any other loss, the Grantor will immediately give notice by mail to the holder of the Judgment, who may make proof of loss if not made promptly by the Grantor and if restoration or repair of the Property damaged is economically feasible and the security of this deed of trust is not thereby impaired, the insurance proceeds shall be applied to such restoration and repair. If such restoration or repair is not economically feasible or if the security of this deed of trust would be impaired, the insurance proceeds shall be applied to the sums then remaining unpaid, secured by this deed of trust, with the excess, if any, paid to the Grantor. If Grantor fails to respond to the holder of the Judgment within thirty (30) days from the date notice is mailed by the holder of the Judgment to Grantor that the insurance carrier offers to settle a claim for insurance benefits, the holder of the Judgment is authorized to collect and apply the insurance proceeds at the holder of the Judgment's option either to restoration or repair of the Property or to the sums secured by this deed of trust.

3.      Grantor will not remove, demolish or alter the design or structural character of any building now or hereafter erected on the Property unless the holder of the judgment shall first consent thereto in writing; will maintain the property in good condition and repair; will not commit or suffer waste thereof; and will comply with all laws, ordinances, regulations, covenants, condition and restrictions affecting the Property.

4.      Grantor agrees to pay all expenses incurred in the collection of the indebtedness hereby secured, including reasonable attorneys' fees plus interest on principal amounts in default at the same rate as then being charged on the judgment hereby secured.

5.      In the event this deed of trust is inferior to any other deed of trust on the property, the Grantor covenants to pay the instrument secured thereby, and in default thereof, the holder of the judgment secured by this deed of trust may treat such default as a default under this trust and proceed

with foreclosure as herein set forth, and any sums of money paid by the judgment holder to prevent foreclosure on a prior deed of trust, shall be deemed to be fully secured by this instrument, plus interest at the rate provided for on the judgment secured hereby from this date of payment

6.      Grantor also hereby irrevocably assigns and conveys unto the Judgment holder, and grants the judgment holder a security interest in, all leases now or hereafter existing on the Property and any guaranties thereof and all rents from the Property to secure the payment of all obligations secured hereunder. Grantor hereby authorizes the judgment holder to collect said rents with or without suit and to apply the same, less expenses of collection, to any of the obligations secured hereunder in such manner as may be determined by the judgment holder, or at the option of the judgment holder, to hold the same as security for the payment of all obligations secured hereunder. provided however, that until there be a default under the terms of the Agreement or this Deed of Trust, Grantor may continue to collect and enjoy said rents without accountability to the judgment holder.

7.      Grantor agrees that if default shall be made: (a) in payment of the secured indebtedness when due, or (b) in the terms and conditions of the Agreement, or (c) under the terms of or in the payment of, any installment of principal or interest on any senior encumbrance, or (d) in the payment of taxes or assessments, or fire and other hazard insurance, all as hereinabove provided; or upon any default in payment on demand of any money advanced by a judgment or lien holder on account of any prior cost, charge, commission or expense in and about the same time, or on account of any tax or assessment or insurance, or expense of litigation, or attorneys' fees, with interest thereon at the rate set forth in the judgment secured hereby from date of such advance (it being hereby agreed that on default in the payment of any tax or assessments or insurance premium or any payment on account thereof, or in the payment of any said costs, expense of litigation, or attorneys' fees, or any amount of principal or interest falling due on any senior encumbrance, as aforesaid, judgment holder may pay the same, and all sums so advanced, with interest as aforesaid, shall immediately attach as a lien hereunder, and be payable upon demand), or upon failure or inability faithfully and fully to keep and perform any of the conditions or covenants herein provided, then upon each and every such default so made, it is expressly covenanted and agreed by Grantor that if fifteen (15) business days after the judgment holder gives notice of such default via email to the Grantor at the following email address $DIHANYD@AOL.com$, and Grantor has not cured said default and provided evidence of such cure to the judgment holder, it is expressly covenanted and agreed by Grantor that judgment holder may treat the whole principal debt hereby secured as thereupon immediately due and payable, and shall, in order to recover said principal debt or sum and interest thereon until paid, have the right then or thereafter at any time to sue thereon at law or in equity or to enforce payment thereof by means of any remedies or provisions in this instrument contained; and these rights shall exist notwithstanding that, by the terms of the Judgment or Agreement hereby secured, it may not on its face be due.

8.      In the event of default occurring as described in the preceding paragraph (including non-payment of the entire indebtedness when due or accelerated), then the Trustee, on being requested to do so by Judgment holder, shall sell for cash the property, after first advertising the time, terms, and place of sale once a week for four (4) consecutive weeks in some newspaper published in or having a general circulation in, the county, city, or town wherein the Property is located, or by any other method of advertisement that the Trustee may deem appropriate. The Trustee

195

or party secured shall give written notice of such proposed sale by personal delivery, or by certified or registered mail to the present owner of the Property at his last known address as set forth in the Agreement, mailing a copy of the advertisement or a notice containing the same information fourteen (14) days prior to such sale shall be a sufficient compliance with the requirement of notice, failure to comply with the foregoing notice requirements shall not affect the validity of the sale under this deed of trust, and purchaser shall be under no duty to ascertain whether such a notice was validly given. The Trustee shall apply the proceeds of said sale: first to discharge the expenses of executing the trust, including commission to the Trustee of five percent (5%) of the gross proceeds of sale; secondly to discharge all taxes, levies, assessments, with costs and interest, including the due pro rata thereof for the current year; thirdly, to discharge in the order of the priority, if any, remaining debts and obligations secured by this deed of trust, and any liens of record inferior to this deed of trust, with lawful interest; and fourthly, the residue of the proceeds shall be paid to the Grantor or his assigns, provided, however, that the Trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of or upon the Grantor's equity, without actual notice thereof prior to distribution.

9.     If at the time of the sale the said Trustee shall deem it best for any reason to postpone or continue said sale for one or more days, they or he may do so, in which event, notice of such postponement or continuance shall be made in such manner as the Trustee, or the one acting may deem sufficient. It is further agreed that if said Property shall be advertised for sale as herein provided and not sold, the Trustee, or the one acting, shall be computed on the amount of the principal then unpaid.

10.    The Trustee is authorized and directed to grant a deed of release for the Property upon payment to the judgment holder of the total principal amount of the indebtedness secured hereby and all other sums due hereunder, together with accrued interest due on such amount to the date of payment.

11.    The judgment holder, with or without cause, is hereby authorized and empowered to substitute and appoint, by an instrument recorded wherever this deed of trust is recorded, a Trustee in the place of any Trustee hereunder. All power and discretion vested in the Trustees by law or by this deed of trust may be exercised by the Trustee or any substitute Trustee, and, upon any sale hereunder, a conveyance by the Trustee so acting shall be sufficient to pass title to such property.

12.    Grantor further covenants that the Trustees may rely upon the written or oral representatives of the Judgment holder that this deed of trust or the Judgment or Agreement secured hereby is in default, and all action taken pursuant to notice of default and request for foreclosure shall be binding upon Grantor, the Trustee and those claiming through or under them.

13.    Until default in the payment of the indebtedness hereby secured, or the breach of one or more of the covenants of the Agreement, or of this deed of trust, or the happening of any event which would constitute a default under the terms hereof or such Agreement, Grantor shall remain in quiet use, possession and management of the Property and in the enjoyment of the income, revenue and profits therefrom.

14.    In the event that title to the Property or any interest therein, whether legal or equitable,

Page 4 of 6

becomes vested in anyone other than the Grantor, then the entire amount of the debt then become remaining unpaid, and all accrued interest thereon, shall become immediately due and payable at the option of the Judgment holder.

15.    The covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number of noun shall include the plural and the plural singular.

16.    This deed of trust is to be construed according to the laws of Virginia.

NOTICE:    THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED

WITNESS the following signatures and seals:

_____ (SEAL)
YOURI BEITDASHTOO

_____ (SEAL)
NAHID AHMADPOUR

STATE OF VIRGINIA
COUNTY OF FAIRFAX, to-wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that YOURI BEITDASHTOO whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the __2nd__ day of ~~July,~~ 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this __2nd__ day of ~~July,~~ 2011. August

_____
Notary Public, Reg. No. 7236592

My commission expires: __09/31/13__

STATE OF VIRGINIA
COUNTY OF FAIRFAX, to-wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that NAHID AHMADPOUR whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the __2nd__ day of ~~July,~~ 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this __2nd__ day of ~~July,~~ 2011. August

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7236592
My Commission Expires 09/31/2013

Page 5 of 6

197

My commission expires: 05/31/2013

Notary Public, Reg. No. 7235592

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235592
My Commission Expires May 31, 2013

198

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Robert L. Vaughn, Esq.
> O'Connor & Vaughn, LLC
> 11490 Commerce Park Dr. Ste. 510
> Reston VA 20191

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

None.

/s/ Daniel M. Press
Daniel M. Press, VSB #37123
dpress@chung-press.com
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
(703) 734-0590 [facsimile]
Counsel for Debtor/Appellant

#